## VI. CLAIMS FOR RELIEF

### Count 1: Negligence

6.1  Plaintiff realleges and incorporates herein by reference each of the allegations set forth above.

6.2  The RIAA publicly claims to have special expertise in conducting investigations, influencing politicians, and suing thousands of private citizens.  In fact, the RIAA's president, Cary Sherman, is a 1971 graduate of Harvard Law School.  He was senior partner in one of this country's best known law firms.  The RIAA publicly proclaims that he is "one of the top copyright attorneys in the country."  The RIAA knows what is legal and what is malicious.

6.3  With its legal expertise, the RIAA has a heightened duty to act reasonably, responsibly, and legally to avoid foreseeable harm to others.

6.4  Despite its specialized knowledge, the RIAA acted negligently when it retained MediaSentry to conduct private investigation of Tanya Andersen's and other private citizens' personal information when it knew or should have known that MediaSentry was not licensed to conduct private investigations.

6.5  Despite its specialized knowledge, the RIAA acted negligently when it conspired and coordinated with MediaSentry to devise a scheme to conduct private investigations of Ms. Andersen and other private citizens that it knew or should have known was flawed in that it was prone to erroneously identify innocent private citizens.

6.6  Despite its specialized knowledge, the RIAA acted negligently when it conspired and coordinated with MediaSentry to devise a scheme to conduct private investigations of Ms. Andersen and other private citizens that it knew or should have known were flawed in that they could not identify the individuals who actually engaged in copyright infringement.

Complaint and Demand for Jury Trial - 14
andersen\pleadings05\complaint against RIAA et al.v7

Lybeck❖Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

Dockets.Justia.com

1    could not identify the individuals who actually engaged in copyright infringement.

2        6.7     Despite its specialized knowledge, the RIAA acted negligently when it

3    continued to use the illegal and flawed investigations in its enterprise of threat and litigation

4    even after repeated reports of its illegality and flaws arose in its member companies' cases

5    across the country.

6        6.8     Defendant MediaSentry held itself out as an expert in conducting secret internet-

7    based private investigations of private citizens' personal information. MediaSentry acted

8    negligently when it failed to comply with private investigation licensing laws in Oregon and

9    many other states.

10       6.9     MediaSentry acted negligently when it designed a private investigation scheme

11   that it knew or should have known was flawed and illegal.

12       6.10    MediaSentry acted negligently when it conspired and coordinated with the RIAA

13   to operate an illegal and flawed private investigation scheme in Oregon and many other states

14   across the country.

15       6.11    The defendant Record Companies acted negligently when they relied on

16   information collected and provided by defendants RIAA and MediaSentry to file and pursue

17   lawsuits against Ms. Andersen and other private citizens in Oregon and across the country.

18       6.13    Defendant Settlement Support Center negligently relied upon the MediaSentry

19   private investigation in its coercive communications to Ms. Andersen demanding payment,

20   when it knew or should have known that this investigation was illegal and flawed.

21       6.14.   Communications from the RIAA, the defendant Record Companies, and

22   Settlement Support Center negligently failed to disclose to Ms. Andersen the illegality of the

23   investigation, the possibility of misidentification, and the true nature of "evidence" against her

Complaint and Demand for Jury Trial - 15
andersen\pleadings05\complaint against RIAA et al.v7

Lybeck✦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

1 which had "already been secured".

2      6.15    Defendants negligently failed to properly investigate the true identity of

3 "gotenkito", both before first demanding payment from Ms. Andersen, and after information

4 suggesting his true identity was supplied to defendants by her.

5

6      6.16    Defendants' negligent conduct described above proximately caused direct and

7 consequential monetary, physical, and psychological harms to Ms. Andersen in an amount to be

8 proven at trial.

9 **Count 2: Fraud and Negligent Misrepresentation**

10      7.1    This claim was previously asserted as Count 5 of Ms. Andersen's counterclaims

11 in <u>Atlantic Recording Corp., et al v. Andersen</u>.

12

13      7.2    Plaintiff realleges and incorporates herein by reference each of the allegations set

14 forth above.

15      7.3    Defendants knowingly made materially false representations and omissions of

16 material facts to Ms. Andersen in an attempt to extort money from her.

17      7.4    On February 2, 2005, defendants' lawyers wrote a letter demanding that Ms.

18 Andersen contact Settlement Support Center. In an attempt to threaten, intimidate and scare

19 Ms. Andersen into paying thousands of dollars, the letter made the affirmative false statement

20 that "[t]he evidence necessary for the record companies to prevail in this action has already

21 been secured." Defendants knew that this statement was false because they knew that their

22 investigation could not identify who had committed any of the alleged acts of infringement;

23 they knew that that there was no evidence that the files allegedly detected were actual copies of

24 sound recordings for which they had copyrights; and knew that that the investigation protocol

25 they employed had led to multiple mistaken identifications in the past.

26

Lybeck✦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

1    7.5    Between February and March 2005, defendant Settlement Support Center falsely

2    claimed that defendants had proof that Ms. Andersen's IP address had been "viewed"

3    downloading and distributing over 1,000 audio files for which it sought to collect hundreds of

4    thousands of dollars. This statement was materially false. Ms. Andersen never downloaded or

5    distributed any audio files nor did the record companies or any of their agents ever observe any

6    such activity associated with her personal home computer. Defendants were at all relevant

7    times aware that no evidence existed supporting their claims.

8

9    7.6    Defendants' representatives knowingly and intentionally misrepresented that

10    defendants had actual evidence that Ms. Andersen had infringed the thousands of song titles

11    listed in the defendant Record Companies' complaint. Defendants used this list of titles as a

12    means to coerce and threaten Ms. Andersen with the prospect of being sued for hundreds of

13    thousands of dollars. Defendants knowingly and intentionally withheld the material fact that

14    they did not know who engaged in any infringing activities, and they did not know whether any

15    of the thousands of file names contained any copyrighted sound recordings whatsoever. The

16    reason defendants omitted this information was to intimidate Ms. Andersen into paying the

17    defendant Record Companies thousands of dollars.

18

19    7.7    Defendants failed to disclose to Ms. Andersen the fact that she had been

20    misidentified, and withheld from her the true nature of the "evidence" against her. Ms.

21    Andersen had no access to the information that the defendants falsely claimed to have received

22    from MediaSentry. Ms. Andersen had no way of knowing that defendants were withholding

23    and omitting information from her, on which they intended she rely.

24

25    7.8    Defendants had a duty to conduct a reasonable investigation into the information

26    that it was representing as true. Defendants breached that duty.

Lybeck◆Murphy LLP
7525 SE 24ᵗʰ Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

1    7.9    As a direct result of defendants' materially false representations and omissions

2  of material facts, Ms. Andersen invested substantial resources into investigating the integrity of

3  her computer and investigating the claims of infringement at the request of defendants.

4  Defendants' conduct caused her medical condition to flare up and worsen, requiring that she

5  return to her doctor and caused her to be unable to return to work. Defendants' conduct

6  resulted in direct and consequential harm to Ms. Andersen and damages in an amount to be

7  proven at trial.

8

9

10    **Count 3: Oregon Racketeer Influenced and Corrupt Organization Act**

11    8.1    This claim was previously asserted as Count 8 of Ms. Andersen's counterclaims

12  in <u>Atlantic Recording Corp., et al v. Andersen</u>.

13    8.2    Plaintiff realleges and incorporates herein by reference each of the allegations set

14  forth above.

15

16    8.3    The Oregon Racketeer Influenced and Corrupt Organization Act (ORICO)

17  prohibits companies from engaging in organized racketeering or criminal activities. ORS

18  166.715, *et seq*. ORICO provides that it is unlawful for any person employed by, or associated

19  with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a

20  pattern of racketeering activity or the collection of an unlawful debt. ORS 166.720(3).

21

22    8.4    Defendants each worked in association with each other for the purpose of

23  creating and operating an enterprise to wage a public relations and public threat and

24  intimidation campaign targeting, in part, innocent people in an attempt to maintain their

25  monopoly over the distribution of recorded music.

26    8.5    Defendants' association constitutes an "enterprise" as defined in ORICO.

Lybeck◆Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

1    8.6    Defendants common and conspiratorial conduct is set forth in detail in

2    paragraphs 5.1 to 5.43 above. Defendants conducted illegal and flawed investigations which

3    were designed to be, and actually were, used in a campaign of threat and extortion waged

4    against Tanya Andersen and thousands of others.

5    8.7    Defendants directed their lawyers and Settlement Support Center to transmit to

6    Ms. Andersen false and misleading communications through the U.S. mail and otherwise, and

7    to coerce and threaten Ms. Andersen into paying the defendant Record Companies thousands of

8    dollars, which acts are in violation of ORS 163.275, ORS 166.720(3), 18 U.S.C. § 1951, and 18

9    U.S.C. § 1341.

10   8.8    While each of the defendants participate in the enterprise, they also have an

11   existence separate and distinct from the enterprise.

12   8.9    Defendants' acts formed a pattern of racketeering by committing at least two

13   acts of racketeering. These acts represent a common course of conduct used by defendants to

14   target thousands of citizens throughout the United States. These activities shared the common

15   objectives of seeking payment of thousands of dollars from each person targeted, regardless of

16   their innocence, in order to maintain monopolistic control over the market for music

17   distribution. These acts had the same or similar purposes, results, participants, victims and

18   methods of commission. The predicate acts of racketeering include, but are not limited to:

19   attempted violations of Oregon's coercion statute, ORS 163.275; attempts to obtain execution

20   of documents by deception, ORS 165.102; attempted theft by deception, ORS 164.085; mail

21   fraud, 18 U.S.C. 1341; attempts to obtain property with consent induced by wrongful fear and

22   intimidation in violation of the Hobbs Act, 18 U.S.C. § 1951, *et seq.*; extortion; and furtherance

23   of a plan to commit coercion in violation of ORICO 166.720(3).

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255   Fax 206-230-7791

8.10 These unlawful activities were not isolated. The RIAA and its member companies have repeated this coercive conduct with many other victims throughout the United States. Settlement Support Center has reportedly engaged in the same pattern of threatening and coercive conduct. In 2004, the RIAA targeted another innocent person in this scheme. When presented with evidence that the individual did not engage in any of the downloading activities, RIAA members insisted that her lack of involvement was irrelevant and reportedly threatened that they would sue her for hundreds of thousands of dollars whether or not she had ever engaged in the alleged file sharing: "It didn't matter. Someone is responsible and someone is going to have to pay." Motown Records, et al. v. Nelson, No. 04-73646 (E.D. MI).

8.11 Defendants and their agents stood to financially benefit from these deceptive and unlawful acts. Proceeds from these activities are used to fund the operation of defendants' continued public threat campaigns.

8.12 Defendants' racketeering conduct directly and proximately resulted in harm to Ms. Andersen and damage to her health and property in an amount to be specifically proven at trial.

## Count 4: Federal Racketeer Influenced and Corrupt Organization Act

9.1 Plaintiff realleges and incorporates herein by reference each of the allegations set forth above.

9.2 The Racketeer Influenced and Corrupt Organization Act (RICO) prohibits companies from engaging in organized racketeering or criminal activities. 18 U.S.C. § 1961, *et seq*. RICO provides that it is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity or the collection of an unlawful debt. 18 U.S.C. § 1962 (c).

Complaint and Demand for Jury Trial - 20
andersen\pleadings05\complaint against RIAA et al.v7

Lybeck❖Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

1    9.3    Defendants each worked in association with each other for the purpose of

2    creating and operating an enterprise to wage a public relations and public threat and

3    intimidation campaign targeting, in part, innocent people in an attempt to maintain control of

4    and monopolize the distribution of music recordings.

5    9.4    Defendants' association constitutes an "enterprise" as defined in 18 U.S.C. §

6    1961(4).

7

8    9.5    Defendants common and conspiratorial conduct is set forth in detail in

9    paragraphs 5.1 to 5.45 above. Defendants conducted illegal and flawed investigations which

10    were designed to be and actually were used in a campaign of threat and extortion waged against

11    Tanya Andersen and thousands of others.

12    9.6    Defendants formed a scheme to defraud Ms. Andersen and directed their lawyers

13    to send false and misleading communications through the U.S. mail with the intent to defraud

14

15    her in violation of 18 U.S.C. § 1341.

16    9.7    Defendants attempted to coerce and threaten Ms. Andersen into paying the

17    defendant Record Companies thousands of dollars in violation of the Hobbs Act, 18 U.S.C. §

18    1951, *et seq.*

19    9.8    While each of the defendants participate in the enterprise, they also have an

20    existence separate and distinct from the enterprise.

21

22    9.9    Defendants are each "persons" as defined in 18 U.S.C. § 1961(3).

23    9.10    Defendants' acts formed a pattern of racketeering as defined in 18 U.S.C. §

24    1961(5). Defendants have committed at least two acts of racketeering. These acts represent a

25    common course of conduct used by plaintiffs to target thousands of citizens throughout the

26    United States. These activities shared the common objectives of seeking payment of thousands

Complaint and Demand for Jury Trial - 21
andersen\pleadings05\complaint against RIAA et al.v7

Lybeck◆Murphy LLP
7525 SE 24ᵗʰ Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

1  of dollars from each person targeted, regardless of their innocence in order to protect a

2  monopolistic music distribution scheme.  These acts had the same or similar purposes, results,

3  participants, victims and methods of commission.  The predicate acts of racketeering include,

4  but are not limited to: mail fraud, 18 U.S.C. § 1341; attempts to obtain property with consent

5  induced by wrongful fear and intimidation in violation of the Hobbs Act, 18 U.S.C. § 1951, *et*

6  *seq.*; extortion; and conspiracy to violate 18 U.S.C. § 1962(c) in violation of 18 U.S.C. §

7

8  1962(d).

9      9.11    These unlawful activities were not isolated.  The RIAA and its member

10  companies have repeated this coercive conduct with many other victims throughout the United

11  States.  Settlement Support Center has reportedly engaged in the same pattern of threatening

12  and coercive conduct.  In 2004, the RIAA targeted another innocent person in this scheme.

13
    When presented with evidence that the individual did not engage in any of the downloading

14  activities, RIAA members insisted that her lack of involvement was irrelevant and reportedly

15  threatened that they would sue her for hundreds of thousands of dollars whether or not she had

16
    ever engaged in the alleged file sharing: "It didn't matter. Someone is responsible and someone

17
    is going to have to pay." Motown Records, et al. v. Nelson, No. 04-73646 (E.D. MI).

18

19      9.12    Defendants and their agents stood to financially benefit from these deceptive and

20  unlawful acts.  Proceeds from these activities are used to fund the operation of defendants'

21  continued public threat campaigns.

22

23      9.13    Defendants' enterprise engages in interstate commerce, and defendants'

24  activities affect interstate commerce.

25      9.14    Defendants' racketeering conduct directly and proximately resulted in damages,

26  including harm to Ms. Andersen's health and property in an amount to be specifically proven at

Complaint and Demand for Jury Trial - 22
andersen\pleadings05\complaint against RIAA et al.v7

Lybeck❖Murphy LLP
7525 SE 24ᵗʰ Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

1    trial.

2                    **Count 5: Abuse of Legal Process**

3        10.1    This claim was previously asserted as Count 4 of Ms. Andersen's counterclaims

4    in Atlantic Recording Corp., et al_v. Andersen.

5
        10.2    Plaintiff realleges and incorporates herein by reference each of the allegations set
6
7    forth above.

8        10.3    Despite knowing that Ms. Andersen was never observed downloading any

9    mucis, defendants used the threat of expensive and intrusive litigation as a tool to coerce Ms.

10   Andersen to pay many thousands of dollars for an obligation she did not owe.  Defendants

11
     pursued their collection activities and this lawsuit for the primary purpose of threatening Ms.
12
13   Andersen (and many others) as part of its public relations campaign targeting electronic file

14   sharing.

15       10.4    Defendants have falsely and publicly represented and asserted to this court that

16   information obtained in this invasive and secret manner existed and proved Ms. Andersen's

17   alleged downloaded and distributed copyrighted audio recordings.  Ms. Andersen never

18   downloaded music but has been subjected to public derision and embarrassment.

19
         10.5    Defendants' conduct resulted in damages and harm to Ms. Andersen and her
20
21   property in an amount to be specifically proven at trial.

22                   **Count 6: Malicious Prosecution**

23       11.1    Plaintiff realleges and incorporates herein by reference each the allegations set

24   forth above.

25
         11.2    Despite knowing that their faulty and illegal investigation protocol did not give
26
     rise to probable cause for commencing and then continuing civil litigation against Ms.

Complaint and Demand for Jury Trial - 23
andersen\pleadings05\complaint against RIAA et al.v7

Lybeck✦Murphy LLP
7525 SE 24ᵗʰ Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

1  Andersen, RIAA and the defendant Record Companies relied upon the same illegal and flawed
2  investigation as the sole asserted basis for their false claims.

3      11.3    Prior to commencing their abusive litigation against Ms. Andersen, defendants
4  were aware that Ms. Andersen's psychological condition was deteriorating and worsening as a
5
6  result of the threats of imminent litigation.

7      11.4    Despite her repeated requests, defendants refused to inspect Ms. Andersen's
8  computer prior to commencing litigation, and refused to adequately investigate the identity of
9  gotenkito both before the litigation commenced and during the years they abusively continued
10  it.

11      11.5    After becoming aware that Ms. Andersen was acutely sensitive to the prospect of
12  her daughter's persecution, defendants' agents contacted Ms. Andersen's apartment building
13  looking for Kylee. Disturbing calls to Kylee's former grade school were made under false
14
15  pretenses inquiring as to her attendance. Ms. Andersen learned of these tactics and was
16  frightened and distressed.

17      11.6    Defendants' lawyers threatened persecution of Kylee in an effort to force Ms.
18  Andersen to abandon her counterclaims against the defendant Record Companies. Their
19  demand for face-to-face confrontation with Ms. Andersen's then 10 year-old child in a
20
21  deposition at the offices of RIAA lawyers were also intended to coerce and threaten her.

22      11.7    The defendant Record Companies abusively filed and continued this baseless
23  litigation against Ms. Andersen for nearly two years, ignoring her many pleas that the litigation
24  cease. Defendants were at all times aware of the total lack of probable cause for commencing
25  and maintaining it, and the serious harm it caused to Ms. Andersen.
26      11.8    The litigation terminated in Ms. Andersen's favor upon the unconditional

Lybeck❖Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

1  dismissal with prejudice of the claims against her on June 1, 2007.

2  11.9    The above course of conduct was malicious, and was intended to serve the

3  primary purpose of intimidating, coercing, and threatening Ms. Andersen and others.

4  11.10   Defendants' conduct described above proximately caused direct and

5  consequential monetary, physical, and psychological harms to Ms. Andersen and damages in an

6

7  amount to be proven at trial.

8  ## Count 7: Outrage and Intentional Infliction of Emotional Distress

9  12.1    This claim was previously asserted as Count 6 of Ms. Andersen's counterclaims

10  in Atlantic Recording Corp., et al v. Andersen.

11  12.2    Ms. Andersen realleges and incorporates herein by reference each of the

12  allegations set forth above.

13

14  12.3    Defendants' outrageous conduct, including threats, intimidation, and coercion,

15  was intended to and actually caused Ms. Andersen extreme emotional distress.

16  12.4    Defendants' conduct was without any reasonable basis and reckless in that they

17  did not investigate the defendant Record Companies' claims before initiating the action against

18  Ms. Andersen and in continuing to pursue the action when they knew that no facts or evidence

19

20  existed to support the claims.

21  12.5    Despite having never observed any downloading or distribution associated with

22  Ms. Andersen's personal home computer; despite refusing Ms. Andersen's offer to allow an

23  inspection of her own computer; and, after confirming that she did not download music,

24  defendants wrongfully continued their improper efforts to coerce payment from her.

25  12.6    Defendants pursued debt collection activities for the inappropriate purpose of

26  illegally threatening Ms. Andersen and many thousands of others. This tortious abuse was

Complaint and Demand for Jury Trial - 25
andersen\pleadings05\complaint against RIAA et al.v7

Lybeck✦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

1  motivated by and is a central part of a public relations campaign targeting electronic file-

2  sharing.

3      12.7    An employee of Settlement Support Center admitted to Ms. Andersen that he

4  believed that she had not downloaded any music. He stated that Settlement Support Center and

5

6  the defendant Record Companies would not quit the debt collection activity against her because

7  to do so would encourage other people to defend themselves against claims made by the RIAA

8  and its members.

9      12.8    Defendants were aware of Ms. Andersen's disabilities and her serious health

10 issues. Settlement Support Center knew that its conduct would cause extreme distress in Ms.

11 Andersen. As a result of defendants' conduct, Ms. Andersen suffered severe physical and

12 emotional distress and health problems.

13

14     12.9    Defendants' conduct resulted in damages, including harm to Ms. Andersen's

15 health and property in an amount to be specifically proven at trial.

16

17            **Count 8: Computer Fraud and Abuse Act**

18     13.1    This claim was previously asserted as Count 2 of Ms. Andersen's counterclaims

19 in <u>Atlantic Recording Corp., et al v. Andersen.</u>

20

21     13.2    Plaintiff realleges and incorporates herein by reference each of the allegations set

22 forth above.

23     13.3    Under the provisions of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030,

24 *et seq.* ("CFAA"), it is illegal to invade another person's private computer to spy, steal or

25 remove private information, damage property, or cause other harm and losses. The CFAA

26 prohibits a person from accessing a computer without authorization to "obtain information from

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

any protected computer if the conduct involved an interstate or foreign communication." 18 U.S.C. § 1030(a)(2)(C). The CFAA further prohibits a person from breaking into a computer without permission and creates a cause of action where the unauthorized access results in damage, loss, or personal injury. 18 U.S.C. § 1030(a)(5)(B)(iii).

13.4    Ms. Andersen regularly used her personal computer to communicate with friends and family across the country and for interstate e-commerce. Ms. Andersen had password protection and security in place to protect her computer and personal files from access by others. Ms. Andersen has never engaged in file sharing activities, did not make any portion of her computer available to the public, and did not authorize defendants to invade her computer or steal information.

13.5    Ms. Andersen's computer is her personal and private property. Defendant MediaSentry claims to have bypassed Ms. Andersen's computer security systems and to have invaded her personal computer to secretly spy on and steal or remove private information. If this occurred as claimed, MediaSentry did not have her permission to inspect, copy, or remove her private computer files. If this occurred, MediaSentry gained access secretly and illegally.

13.6    Even assuming that defendants could have had implied consent to view certain files allegedly appearing on Ms. Andersen's computer, by using pretext, acting deceptively and masquerading as a peer user, using false pretenses, and employing sophisticated data collection technology, defendants' acts vitiated whatever implied consent they might have had.

13.7    If defendants' investigative claims are to be believed, they willfully used Ms. Andersen's computer without authorization to appropriate Andersen's personal property for their own purposes.

13.8    Defendants' claimed conduct resulted in damages and harm to Ms. Andersen's

Lybeck✦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

1  health and property. As a direct result of defendants' purported interference with the integrity
2  and capacity of her personal computer, Ms. Andersen invested substantial resources into
3  investigating the integrity of her computer, and she was chilled against the lawful use of her
4  computer. Defendants' conduct caused her medical condition to worsen and flare up, requiring
5  that she return to her doctor, and caused her to be unable to return to work. Defendants'
6  conduct resulted in direct and consequential damages, loss, and harm to Ms. Andersen's person
7  and property in an amount far in excess of $5,000 (the minimum damages required to be proved
8  under the CFAA).
9

10          **Count 9: Trespass to Chattels**

11      14.1   This claim was previously asserted as Count 1 of Ms. Andersen's counterclaims
12  in Atlantic Recording Corp., et al v. Andersen, denominated as electronic trespass.
13

14      14.2   Ms. Andersen's computer, its capacity and its integrity are her personal property.
15  Ms. Andersen had password protection and security in place to protect her computer and
16  personal files from access by others. Ms. Andersen has never engaged in file sharing activities,
17  did not make any portion of her computer available to the public, and did not expressly or
18  impliedly authorize defendants or any of their agents to enter her computer or steal information
19  therefrom.
20

21      14.3   RIAA and the defendant Record Companies employed MediaSentry as their
22  agent and claimed that it invaded Ms. Andersen's personal computer and secretly spied on and
23  stole information or removed files from it. If defendants' investigative claims are to be
24  believed, they willfully misused Ms. Andersen's computer without authorization to appropriate
25  Andersen's personal property for their own purposes. Defendants' claimed unauthorized
26  invasion and use of Ms. Andersen's computer would constitute an interference and/or

Lybeck◆Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

1     intermeddling with the capacity and integrity of her personal property. MediaSentry did not

2     have Ms. Andersen's permission to inspect, copy, or remove private computer files. If

3     MediaSentry accessed her private computer as claimed, it did so illegally and secretly

4
5         14.4     Even assuming that defendants could have had implied consent to view files

6     appearing on Ms. Andersen's computer, defendants use of false pretext, deception and their

7     claimed masquerading as a peer user vitiated whatever implied consent they might have had

8         14.5     Defendants used the private information (including an alleged internet protocol

9     address) that they claimed to have stolen from Ms. Andersen's computer in their attempt to

10     threaten and coerce her into paying thousands of dollars.

11         14.6     Defendants' claims and conduct resulted in damages and harm to Ms.

12
13     Andersen's health and property. As a direct result of plaintiffs' claimed interference with the

14     integrity and capacity of her personal computer, Ms. Andersen invested substantial resources

15     into investigating the integrity of her computer. Defendants' conduct caused Ms. Andersen's

16     existing health problems to worsen and flare up, requiring that she return to her doctor.

17     Because of their conduct she was unable to return to work. Defendants' conduct resulted in

18     direct and consequential damages, loss, and harm to Ms. Andersen in an amount to be proven at

19     trial.

20

21 **Count 10: Invasion of Privacy**

22         15.1     This claim was previously asserted as Count 3 of Ms. Andersen's counterclaims

23     in <u>Atlantic Recording Corp., et al v. Andersen</u>.

24         15.2     Plaintiff realleges and incorporates herein by reference each of the allegations set

25     forth above.

26         15.3     According to defendants, MediaSentry invaded Ms. Andersen's personal

Lybeck✦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

1  computer. If these claims are to be believed, MediaSentry did not have permission to inspect

2  Ms. Andersen's private computer files and it gained access only by illegal acts of subterfuge,

3  intruding into Ms. Andersen's private affairs.

4      15.3  Ms. Andersen's computer, its capacity, integrity, and the information contained

5  in it are her personal, private property. Ms. Andersen has never engaged in file sharing

6

7  activities, did not make any portion of her computer available to the public, and did not

8  authorize defendants or any of their agents to invade her computer or steal information.

9  MediaSentry did not have her permission to inspect, copy, or remove her private computer files.

10      15.4  Even assuming that defendants could have had implied consent to view certain

11  files allegedly appearing on Ms. Andersen's computer, by using pretext, acting deceptively and

12

13  masquerading as a peer user, using false pretenses, and employing sophisticated data collection

14  technology, defendants' acts vitiated whatever implied consent they might have had.

15      15.5  Defendants have falsely represented that information obtained in this invasive

16  and secret manner is proof of Ms. Andersen's alleged downloading. Ms. Andersen never

17  downloaded music but has been subjected to public derision and embarrassment associated with

18  defendants' claims and public relations campaign.

19

20      15.6  Defendants have used this improperly obtained information to make reckless,

21  shameful and slanderous public accusations about Ms. Andersen. Defendant RIAA has made

22  further widely publicized statements portraying those it accuses of infringement as "pirates"

23  and "thieves". These statements, innuendo and subsequent republications thereof place Ms.

24  Andersen in a false light.

25      15.7  Defendants' conduct described above proximately caused direct and

26  consequential monetary, physical, and psychological harms to Ms. Andersen in an amount to be

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

1  proven at trial.

## Count 11: Libel and Slander

16.1    Defendants acted in concert to publicly state and represent that Ms. Andersen stole and collected racist, misogynist and violent music.  She was publicly called a thief and a liar by defendants and their agents.  The repulsive song titles were published repeatedly.

16.2    Defendants' conduct described above proximately caused direct and consequential monetary, physical, and psychological harms to Ms. Andersen and damages in an amount to be proven at trial

## Count 12: Deceptive Business Practices

17.1    This claim was previously asserted as Count 7 of Ms. Andersen's counterclaims in Atlantic Recording Corp., et al v. Andersen.

17.2    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above.

17.3    Oregon's Unlawful Trade Practices Act prohibits those in trade or commerce from engaging in unfair or deceptive practices in the course of business with consumers.  ORS 646.605 et seq.

17.4    Settlement Support Center, acting on behalf of the RIAA and the defendant Record Companies, made false and deceptive statements to Ms. Andersen in an attempt to mislead, threaten, and coerce her into paying thousands of dollars.

17.5    Settlement Support Center, acting on behalf of the RIAA, the defendant Record Companies, and other RIAA members, has made similar false and deceptive statements to many other residents of Oregon and other states across the country.  The public interest has been and continues to be directly impacted by defendants' deceptive practices.

Lybeck✦Murphy LLP
7525 SE 24ᵗʰ Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

17.6    Defendants intended that Ms. Andersen believe their false statements and rely on their omissions so that she would be frightened and coerced into paying them thousands of dollars. Defendants' misrepresentations and omissions created an unreasonable risk that Ms. Andersen would rely upon their misrepresentations and omissions to her detriment.

17.7    Ms. Andersen had no access to the information that defendants falsely claimed to have received from MediaSentry. Ms. Andersen had no way of knowing that defendants were withholding and omitting information, on which they intended she rely. As a result, Ms. Andersen was justified in relying on defendants' representations and acting on their omissions, which she in fact did.

17.8    Prior to the threats from defendants, Ms. Andersen had an ongoing customer relationship with the RIAA's member companies, and purchased music from them.

17.9    As a direct result of defendants' materially false representations and omissions of material facts, Ms. Andersen invested substantial resources into investigating the integrity of her computer and investigating the claims of infringement for the benefit of the record companies. Defendants' conduct caused her medical condition to worsen, requiring that she return to her doctor and caused her to be unable to return to work. Defendants' conduct resulted in direct and consequential damages, loss, and harm to Ms. Andersen in an amount to be specifically proven at trial.

<strong><u>Count 13: Misuse of Copyright Laws</u></strong>

18.1    Plaintiff realleges and incorporates herein by reference each of the allegations set forth above.

18.2    The defendants are in the business of creating and distributing recorded music, and investigating, threatening and prosecuting those who are deemed to present a threat to their

Lybeck✦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

18.3    Defendants are a cartel acting collusively in violation of anti-trust laws and public policy, by litigating all cases similar to this case in an identical manner, and by entering into an unlawful agreement among themselves litigate all cases in an identical manner.

18.4    Defendants actions set forth above represent an attempt by defendants to secure for themselves rights far exceeding those provided by the Copyright Act.

18.6    Such actions constitute a misuse of copyrights, and lead to a forfeiture of the exclusive rights granted to defendants by those laws.

18.7    Plaintiff is entitled to judgment that defendants have forfeited the exclusive rights, if any, which they possess in and to the sound recordings which they allege her to have infringed.

18.8    Plaintiff is entitled to costs and a reasonable attorney's fees and such other relief as may be just.

## VII. PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for:

a.  All direct and consequential damages necessary to compensate Ms. Andersen;

b.  Declaratory and injunctive relief;

c.  Statutory and punitive damages awardable under ORS 646.605, *et seq.*, ORS 166.715, *et seq.*, and 18 U.S.C. § 1961, *et seq.*

d.  Attorneys' fees and costs awardable under ORS 646.605, *et seq.*, ORS 166.715 *et seq.*,17 U.S.C. § 505, and 18 U.S.C. § 1961, *et seq.*

e.  For post-judgment interest on the entire judgment until paid in full;

f.  For such other and further relief as the Court may deem just and equitable.

Lybeck♦Murphy LLP
7525 SE 24ᵗʰ Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

1          ## DEMAND FOR JURY TRIAL

2          Plaintiffs request a trial by jury.

3

4          Respectfully submitted this 21st day of June, 2007.

5                                        Lybeck Murphy, LLP

6          By: _____
7                 Lory R. Lybeck (OSB #83276)
                  Attorneys for plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Lybeck❖Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255   Fax 206-230-7791