**Kenneth R. Davis, II**, OSB No. 97113
davisk@lanepowell.com
**William T. Patton**, OSB No. 97364
pattonw@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone:  503.778.2100
Facsimile:  503.778.2200

Attorneys for Defendants Atlantic Recording Corporation, Priority Records LLC,
Capitol Records, Inc., UMG Recordings, Inc., BMG Music, Recording Industry Association of
America, and Settlement Support Center, LLC.

<br>

### UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **TANYA ANDERSEN,** | Case No. 3:07-CV-934-BR |
| Plaintiff, | |
| v. | Defendants'<br>**MEMORANDUM IN SUPPORT<br>OF MOTION TO DISMISS<br>PLAINTIFF'S FIRST AMENDED<br>COMPLAINT** |
| **ATLANTIC RECORDING<br>CORPORATION, a Delaware corporation;<br>PRIORITY RECORDS LLC, a California<br>limited liability company; CAPITOL<br>RECORDS, INC., a Delaware corporation;<br>UMG RECORDINGS, INC., a Delaware<br>corporation; BMG MUSIC, a New York<br>general partnership; RECORDING<br>INDUSTRY ASSOCIATION OF<br>AMERICA; SAFENET, INC., f/k/a<br>MEDIA SENTRY, INC., a Delaware<br>corporation; SETTLEMENT SUPPORT<br>CENTER, LLC, a Washington limited<br>liability company,** | Pursuant to Fed. R. Civ. P. 12(b)(6) |
| Defendants. | |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

707507.10/657632v1

Dockets.Justia.com

# TABLE OF CONTENTS

INTRODUCTION ................................................................................................................. 1

PROCEDURAL BACKGROUND ........................................................................................ 2

ARGUMENT ........................................................................................................................ 4

I.    Andersen's Amended Complaint In This Case, *Andersen II*, Should Be Dismissed On Grounds Of Improper Claim Splitting. ........................................................ 4

    A.    *Andersen II* asserts claims that are identical to, or stem from the same set of facts as, the counterclaims Andersen currently has pending in *Andersen I*. ................................................................................................... 4

    B.    The causes of action are the same in *Andersen I* and *Andersen II*. ............ 4

    C.    *Andersen I* and *Andersen II* involve the same parties or privies. ............... 6

    D.    The relief sought by Andersen in both actions is the same. ....................... 7

II.    Andersen's counterclaims in *Andersen I* are compulsory counterclaims under Fed. R. Civ. P. 13(a) and cannot be asserted in a separate action. ................................ 7

III.    Alternatively, Andersen's Claims Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6) For Failure To State A Claim Upon Which Relief Can Be Granted. .... 9

    A.    Standard of review. ................................................................................... 9

    B.    Andersen's negligence claim (Count 1) should be dismissed because (1) she has not adequately pled the essential elements of such a claim, and (2) the actions of which she complains are immune from suit. ................. 10

        1.    Andersen has failed to plead the elements of a negligence claim. ......................................................................................... 10

        2.    Any claim based on purported conduct incident to litigation is barred because such conduct is immune from suit under the *Noerr-Pennington* doctrine and the Oregon litigation privilege ......................................................................................... 11

    C.    Andersen's claim for fraud and negligent misrepresentation (Count 2) should be dismissed because (1) she has not pled the requisite elements of such claims, and (2) any claim based on purported settlement discussions is barred by the *Noerr-Pennington* doctrine. ......................................... 12

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707507.10/657632v1

1.      Andersen has failed to plead the elements for a fraud
        or negligent misrepresentation claim..............................................12

2.      Any claim based on purported statements during
        settlement discussions is barred because such statements
        are immune from suit......................................................................13

D.      Andersen's claim under the federal Racketeer Influenced and Corrupt
        Organization Act ("RICO") (Count 3), should be dismissed because
        (1) she fails to state the requisite elements for the claim, and (2) the claim
        is barred by the *Noerr-Pennington* doctrine........................................... 14

1.      Andersen has not properly alleged that Defendants have
        engaged in any "pattern of racketeering activity".........................14

2.      Andersen's RICO claim is also barred by *Noerr-Pennington*........16

E.      Andersen's abuse of legal process claim (Count 4) should be dismissed
        because she has failed to plead the essential elements of the claim. ........ 16

F.      Andersen's malicious prosecution claim (Count 5) should be dismissed
        because (1) she cannot plead the essential elements of the claim, and
        (2) the claim is barred by the *Noerr-Pennington* doctrine. ...................... 17

1.      Andersen cannot properly allege the elements of a
        malicious prosecution claim.........................................................17

2.      Any claim based on purported conduct incident to
        litigation is barred by the *Noerr-Pennington* doctrine..................18

G.      Andersen's claim for outrage or intentional infliction of emotional distress
        (Count 6) should be dismissed because (1) Andersen has failed to state the
        necessary elements of her claim, and (2) the claim is barred by the *Noerr-
        Pennington* doctrine. ............................................................................ 18

1.      Andersen failed to plead the essential elements of this claim.......18

2.      Any claim based on purported statements during settlement
        discussions is barred by the *Noerr-Pennington* doctrine..............19

H.      Andersen's Computer Fraud and Abuse Act ("CFAA") claim (Count 7)
        should be dismissed because Andersen has not pled and could not properly
        plead the elements of such a claim. ...................................................... 19

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

I.      Andersen's claim for trespass to chattels (Count 8) should be dismissed because she has not adequately pled the essential elements of the claim. 21

J.      Andersen's claim for invasion of privacy (Count 9) should be dismissed because (1) she has not pled and cannot plead the elements of such a claim, (2) the actions of which she complains are immune from suit, and (3) the applicable statute of limitations bars the claim. .......................... 23

        1.      Andersen has not stated a claim for invasion of privacy through intrusion upon seclusion...................................................23

        2.      Andersen has not adequately pled a false light claim, and the conduct about which she complains is immune from suit under the Noerr-Pennington doctrine...........................................24

        3.      Andersen has not stated a claim for invasion of privacy through public disclosure of private facts....................................25

        4.      Andersen's claim for invasion of privacy is barred by the statute of limitations....................................................................26

K.      Andersen's libel and slander claim (Count 10) should be dismissed because (1) Andersen has not pled and cannot plead the elements of such a claim, (2) the actions of which she complains are immune from suit under federal and state law, and (3) the claim is barred by the statute of limitations. ............................................................................. 27

        1.      Andersen has failed to plead the elements for libel and slander......................................................................................27

        2.      Any claim based on purported conduct incident to litigation is barred by the *Noerr-Pennington* doctrine and Oregon's judicial communications privilege.................................................28

        3.      Andersen's claim for libel and slander is barred by the statute of limitations....................................................................28

L.      Andersen's deceptive business practices claim (Count 11) should be dismissed because (1) Andersen never relied on any misrepresentation by Defendants, (2) the claim is barred by the *Noerr-Pennington* doctrine, and (3) the claim is barred by the statute of limitations. ................................ 29

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707507.10/657632v1

1.      Andersen has failed to plead the elements of a deceptive
business practices claim..............................................................29

2.      Any claim based on purported conduct incident to
litigation is barred by the *Noerr-Pennington* doctrine and
Oregon's judicial communication privilege................................29

3.      Andersen's deceptive trade practices claim is barred
by the statute of limitations...........................................................30

M.     Andersen's misuse of copyright claim (Count 12) fails to state a claim for
relief because no such claim exists under the law. ................................... 30

N.     Andersen's claim for civil conspiracy (Count 13) should be dismissed
because (1) Andersen has not pled and could not properly plead the
elements of such a claim, and (2) the claim is barred by the *Noerr-
Pennington* doctrine. .......................................................................... 31

1.      Andersen has failed to plead the elements of a civil
conspiracy claim...........................................................................31

2.      Any claim based on purported conduct incident to litigation
is barred by the *Noerr-Pennington* doctrine and Oregon's
judicial communication privilege....................................................32

CONCLUSION ............................................................................................. 32

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707507.10/657632v1

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Adams v. Cal. Department of Health Services*, 487 F.3d 684 (9th Cir. 2007) .......................4, 6, 7

*Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411 (D.N.J. 2005) ............................ 30

*Association of America Medical Colleges v. Princeton Review, Inc.*, 332 F. Supp. 2d 11 (D.D.C. 2004) ...................................................................................................................... 31

*Atlantic Recording Corp. v. Heslep*, No. 4:06-cv-132-Y, 2007 U.S. Dist. LEXIS 35824 (N.D. Tex. May 16, 2007) ............................................................................................... 18

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ........................................................ 9, 17

*Broadcast Music, Inc. v. Hearst/ABC Viacom Entertainment Services*, 746 F. Supp. 320 (S.D.N.Y. 1990) ............................................................................................................... 30

*Brotherhood of Locomotive Firemen & Enginemen v. Butte, A. & P. R. Co.*, 286 F.2d 706 (9th Cir. 1961) .................................................................................................................. 8

*Burnett v. Ross Stores*, 857 F. Supp. 1434 (D. Or. 1994) ......................................................... 10

*C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097 (9th Cir. 1987) .................................................. 5

*California Motor Transport Co. v. Trucking Unltd.*, 404 U.S. 508 (1972) ................................. 11

*Campbell v. Safeway, Inc.*, 332 F. Supp. 2d 1367 (D. Or. 2004) ............................................... 18

*Chemicor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119 (3d. Cir. 1999) ......................................... 11

*Coastal States Marketing, Inc. v. Hunt*, 694 F.2d 1358 (5th Cir. 1983) .................................... 11

*Columbia Pictures Industrial, Inc. v. Professional Real Estate Investors, Inc.*, 944 F.2d 1525 (9th Cir. 1991) ...................................................... 11, 13, 16, 18, 25, 26, 28, 30, 32

*Cooper Industrial, Inc. v. Lagrand Tire Chains*, 205 F. Supp. 2d 1157 (D. Or. 2002) .............. 14

*Costantini v. Trans World Airlines*, 681 F.2d 1199 (9th Cir. 1982) ............................................ 5

*Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000) ................................................................ 4

*Davis v. Sun Oil Co.*, 148 F.3d 606 (6th Cir. 1998) ................................................................... 4

*Dragor Shipping Corp. v. Union Tank Car Co.*, 378 F.2d 241 (9th 1967) ................................... 8

*Edwards v. Marin Park Inc.*, 356 F.3d 1058 (9th Cir. 2004) ..................................................... 14

*Hamilton v. State Farm Fire & Casualty Co.*, 270 F.3d 778 (9th Cir. 2001) ........................20, 22

*Havoco America, Ltd. v. Hollobow*, 702 F.2d 643 (7th Cir. 1983) ............................................. 11

*Howard v. American Online, Inc.*, 208 F.3d 741 (9th Cir. 2000) ............................................... 11

*Huff. v. Robert Jackson Family Trust*, 2001 U.S. Dist. LEXIS 14445 (D. Or. Sep. 6, 2001) ................................................................................................................................. 16

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707507.10/657632v1

*I.S. Joseph Co. v. J. Lauritzen A/S*, 751 F.2d 265 (8th Cir. 1984) .............................................. 15

*International Association of Machinists & Aerospace Workers v. Werner*, 390 F. Supp. 2d 479 (D. Md. 2005) ............................................................................................................... 21

*Interscope Records v. Duty*, 2006 U.S. Dist. LEXIS 20214 (D. Ariz. April 14, 2006) .........11, 23

*Jarvis v. Regan*, 833 F.2d 149 (9th Cir. 1987) ......................................................................... 14

*Kourtis v. Cameron*, 419 F.3d 989 (9th Cir. 2005) ..................................................................... 6

*Lancaster Committee Hospital v. Antelope Valley Hospital District*, 940 F.2d 397 (9th Cir. 1991) ............................................................................................................................ 15

*Logan v. West Coast Benson Hotel*, 981 F. Supp. 1301 (D. Or. 1997) ...................................... 26

*McGlinchy v. Shell Chemical Co.*, 845 F.2d 802 (9th Cir. 1988) .......................................... 9, 15

*Metropolitan-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213 (C.D. Cal. 2003) ............................................................................................................................ 30

*Northwest Airlines, Inc. v. Camacho*, 296 F.3d 787 (9th Cir. 2002)........................................... 9

*Online Policy Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195 (N.D. Cal. 2004) ......................... 30

*Pearl, LLC v. Standard I/O, Inc.*, 257 F. Supp. 2d 326 (D. Me. 2003)...................................... 21

*Pochiro v. Prudential Insurance Co. of America*, 827 F.2d 1246 (9th Cir. 1987)........................ 7

*Practice Management Information v. American Medical Association*, 121 F.3d 516 (9th Cir. 1997) ............................................................................................................................ 30

*Rothman v. Vedder Park Management*, 912 F.2d 315 (9th Cir. 1990)....................................... 15

*Serlin v. Arthur Andersen & Co.*, 3 F.3d 221 (7th Cir. 1993)..................................................... 4

*Sosa v. DIRECTV, Inc.*, 437 F.3d 923 (9th Cir. 2006) ................................... 11, 14, 16, 18, 19

*Southern Construction Co. v. Pickard*, 371 U.S. 57 (1962) ........................................................ 8

*Theofel v. Farey-Jones*, 359 F.3d 1066 (9th Cir. 2004) ............................................................ 20

*United Mine Workers v. Illinois State Bar Association*, 389 U.S. 217 (1967) ........................... 11

*United States v. Kennedy*, 81 F. Supp. 2d 1103 (D. Kan. 2000)............................................... 20

*United States v. Pendergraft*, 297 F.3d 1198 (11th Cir. 2002).................................................. 15

*In re Verizon Internet Services, Inc.*, 257 F. Supp. 2d 244 (D.D.C. 2003)................20, 22, 24, 26

*Video International Prod., Inc. v. Warner-Amex Cable Committee*, 858 F.2d 1075 (5th Cir. 1988) ............................................................................................................................ 11

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707507.10/657632v1

# STATE CASES

*Altamont Summit Apartments LLC v. Wolff Properties, LLC*, 2002 WL. 926264 (D. Or. Feb. 13, 2002).................................................................................................. 24

*Bonds v. Landers*, 566 P.2d 513 (Or. 1977)........................................................... 31

*Clark v. Morison*, 156 P.429 (Or. 1916)................................................................. 27

*Conway v. Pacific University*, 924 P.2d 818 (1996) ..........................................10, 13

*Cook v. School District*, 731 P.2d 443 (Or. App. 1987)........................................ 10

*Delaney v. Clifton*, 41 P.3d 1099 (2002) .............................................................. 19

*Feitler v. Animation Celection, Inc.*, 13 P.3d 1044 (Or. App. 2000) ....................... 29

*Fowler v. Donnelly*, 358 P.2d 485 (Or. 1960)........................................................ 27

*GRK Fasteners, Ltd. v. Bennett*, 2004 WL. 2260600 (D. Or. Oct. 5, 2004)............. 16

*Harley-Davidson v. Markley*, 568 P.2d 1359 (Or. 1977) ....................................... 27

*Huffman & Wright Logging Co. v. Wade*, 317 Or. 445, 857 P.2d 101 (1993) ......... 21

*Kraemer v. Harding*, 976 P.2d 1160 (Or. App. 1999).......................................... 28

*L&D of Or., Inc. v. American States Insurance Co.*, 14 P.3d 617 (2000)............25, 28

*Lawver v. Lawvor*, 740 P.2d 1220 (1987).............................................................. 31

*Ledford v. Gutoski*, 877 P.2d 80 (Or. 1994)......................................................... 17

*Lee v. Mitchell*, 953 P.2d 414 (Or. App. 1998) .................................................... 16

*Lee v. Nash*, 671 P.2d 703 (Or. App. 1983)........................................... 12, 16, 25, 28

*Mantia v. Hanson*, 79 P.3d 404 (Or. App. 2003)...................12, 14, 25, 26, 28, 30, 32

*Mauri v. Smith*, 929 P.2d 307 (Or. 1996) ............................................................ 23

*Onita Pac. Corp. v. Trustees of Bronson*, 843 P.2d 890 (Or. 1992) ........................ 13

*Oregon Public Employees' Retirement Board v. Simat, Helliesen & Eichner*, 83 P.3d 350 (Or. App. 2004)............................................................................................. 12

*Reesman v. Highfill*, 965 P.2d 1030 (Or. 1998)..................................................... 27

*Rogers v. Hill.*, 576 P.2d 328 (Or. 1978).............................................................. 17

*Roskowski v. Corvallis Police Officers' Association*, 2005 WL. 555398 (D. Or. Mar. 9, 2005) ................................................................................................................ 24

*Shilo v. City of Portland*, 2005 WL. 2083014 (D. Or. July 25, 2005) ...................... 23

*Swank v. Elwert*, 55 Or. 48, 105 P. 901 (1910)..................................................... 21

*Trout v. Umatilla County Sch. District UH3-Milton-Freewater*, 712 P.2d 814 (Or. App. 1985) ................................................................................................................ 25

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

*Vigilante.com, Inc. v. Argus Test.com, Inc.*, 2005 WL. 2218405 (D. Or. Sep. 6, 2005) .......... 9, 13

*Yanney v. Koehler*, 935 P.2d 1235 (Or. App. 1997) ................................................................. 31

## DOCKETED CASES

*Arista Records LLC v. Tschirhart,* 05-CV-372-OLG, slip op. at 9
    (W.D. Tex. May 24, 2006) .............................................................................. 21, 23, 24

*Atlantic Recording Corporation v. Andersen*, No. 3:05-cv-00933-AS (D. Or.) .......................... 1

*Sony Music Entertainment Inc. v. Scimeca*, No. 2:03-cv-05757 (WJM) (D.N.J. Sept. 30,
    2004) .................................................................................................................. 16

## FEDERAL STATUTES

17 U.S.C. § 505, (4) ........................................................................................................ 7

18 U.S.C. § 1951 (b)(2) ................................................................................................. 15

18 U.S.C. § 1962(c) ................................................................................................. 14, 16

18 U.S.C. § 1030 ........................................................................................................... 19

Fed. R. Civ. P. 8(a) ...................................................................................................... 24

Fed. R. Civ. P. 9(b) ...................................................................................................... 14

Fed. R. Civ. P. 12(b)(6) ......................................................................................... 1, 9, 32

Fed. R. Civ. P. 13(a) ................................................................................................. 8, 32

U.S. Const. amend. I .................................................................................................... 11

## STATE STATUTES

Or. Rev. Stat. § 12.120 ................................................................................................ 28

Or. Rev. Stat. § 646.638(6) .......................................................................................... 30

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

# INTRODUCTION

This is a classic case of improper claim splitting. Plaintiff Tanya Andersen is already the defendant and counter-plaintiff in a separate action styled *Atlantic Recording Corporation v. Andersen*, No. 3:05-cv-00933-AS (D. Or.) ("*Andersen I*"), which Atlantic Recording Corporation, Priority Records LLC, Capitol Records, Inc., UMG Recordings, Inc., and BMG Music (collectively, the "Record Company Defendants") filed on June 24, 2005. In *Andersen I*, Andersen asserted multiple counterclaims against the Record Company Defendants, and those counterclaims are still pending. Nevertheless, Andersen filed the instant action ("*Andersen II*") asserting the exact same claims for relief that Andersen asserted in *Andersen I* as well as several additional claims based on the same operative facts. *Andersen II* is a blatant effort by Andersen to do an end run around the scheduling and discovery deadlines that have expired in *Andersen I*. This Court should reject such gamesmanship and dismiss *Andersen II* on grounds of improper claim splitting.

Andersen's claims in *Andersen II* should also be dismissed because all of such claims were compulsory counterclaims in *Andersen I*. To the extent Andersen chose not to pursue such claims in *Andersen I*, she has waived them and is barred from pursuing them in *Andersen II*.

Alternatively, *Andersen II* should be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Andersen has failed to allege the essential elements of many of her thirteen purported claims for relief. Some of Andersen's claims are also barred by the applicable statutes of limitations, the Oregon litigation privilege, and the First

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

Amendment through the *Noerr-Pennington* doctrine. Finally, Andersen's purported claim of copyright misuse should be dismissed because no such claim exists.[1]

## PROCEDURAL BACKGROUND

The Record Company Defendants filed their Complaint for copyright infringement against Andersen in *Andersen I* more than two years ago. On September 30, 2005, Andersen filed her Answer and Counterclaims, asserting counterclaims for electronic trespass, violation of the Computer Fraud and Abuse Act ("CFAA"), invasion of privacy, abuse of legal process, fraud and negligent misrepresentation, outrage, deceptive business practices, and violation of Oregon's Racketeer Influenced and Corrupt Organizations Act ("ORICO"). All of Andersen's initial counterclaims in *Andersen I* related to the Record Company Defendants' alleged conduct in investigating, attempting to settle, and ultimately prosecuting their copyright infringement claim against Andersen. (*See* Ans. and Countercls., Ex. A hereto).

The Record Company Defendants moved to dismiss Andersen's initial counterclaims in *Andersen I* on November 18, 2005. Andersen attempted to save them by filing an Amended Answer and Counterclaims on January 27, 2006. After the court in *Andersen I* struck her Amended Answer and Counterclaims, Andersen filed a Motion for Leave to File a Second

---

[1] Although allegations in a complaint are generally treated as true for purposes of a motion to dismiss, Defendants respectfully submit that Andersen's Amended Complaint is riddled with baseless, inflammatory, and offensive factual allegations designed more to inflame passion and harm Defendants in the eyes of the public than to state valid claims for relief. In particular, and without limitation, Andersen's allegations concerning Defendants' knowledge and litigation conduct are patently false. For example, Defendants had no knowledge of Andersen's alleged physical and/or mental health issues prior to commencing the *Andersen I* lawsuit. Defendants have never threatened persecution of Kylee Andersen, nor have they or anyone acting on their behalf ever made telephone calls to Kylee's school as Andersen insinuates (without actually alleging) in her Amended Complaint. The Record Company Defendants did depose Kylee by telephone, but only after Andersen herself intentionally listed Kylee as a potential witness in *Andersen I.* Similarly, Defendants did investigate the identity of an individual using "gotenkito" (the username associated with the Kazaa account in *Andersen I*) but that investigation did not prove that someone other than Andersen was responsible for the alleged infringement. Nevertheless, as explained herein, these allegations – false and scurrilous as they are – fail even at this threshold stage to state claims for relief.

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

Amended Answer, which was granted on January 25, 2007. Andersen's Second Amended Answer and Counterclaims included the eight originally filed counterclaims plus a ninth purported counterclaim for attorneys' fees. (*See* Second Am. Ans. and Countercls., Ex. B hereto). On April 7, 2007, the Record Company Defendants again moved to dismiss Andersen's counterclaims in *Andersen I*. That motion has been fully briefed and remains pending.

Shortly before the court in *Andersen I* was to hear oral argument on the pending motion to dismiss, Andersen filed this lawsuit, no doubt well aware that she was out of time to amend her counterclaims in *Andersen I* and had taken very little discovery on such counterclaims. *Andersen II* names as defendants the Record Company Defendants as well as: (1) the Recording Industry Association of America ("RIAA"), which is a trade association to which the named record companies belong; (2) the Settlement Support Center ("SSC"), which is a contractor retained to help facilitate settlement communications with copyright infringement defendants like Andersen; and (3) MediaSentry, which is a contractor retained to investigate online copyright infringement. *Andersen II* raises seven of the nine claims currently pending in *Andersen I* and six additional claims arising from the same nucleus of operative facts.[2]

---

[2] Specifically, Andersen's Amended Complaint includes the same claims for electronic trespass, violation of the CFAA, invasion of privacy, abuse of legal process, fraud and negligent misrepresentation, outrage, and deceptive business practices that are still pending in *Andersen I*. (Doc. No. 3). Andersen's Amended Complaint also includes claims for negligence, federal RICO violations (that mirror her previously-filed ORICO claim), malicious prosecution, libel and slander, misuse of copyrights, and civil conspiracy, all of which arise out of the same nucleus of operative facts as Andersen's counterclaims in *Andersen I*. (*Id.*).

While Andersen's Amended Complaint contains allegations purporting to make out a class action against Defendants under Rule 23, Andersen cannot state any claim for relief against Defendants and in no way could she serve as a representative plaintiff in any class action. The fact that *Andersen II* is pled as a putative class action does not change the nature of Andersen's claims and her attempt to split claims. In addition, Andersen's class action allegations have no merit whatsoever, and Defendants expressly reserve all rights with respect to such allegations.

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

**ARGUMENT**

I. **Andersen's Amended Complaint In This Case, *Andersen II*, Should Be Dismissed On Grounds Of Improper Claim Splitting.**

    A. ***Andersen II* asserts claims that are identical to, or stem from the same set of facts as, the counterclaims Andersen currently has pending in *Andersen I*.**

A party has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007). In determining whether a suit is improperly duplicative, or the result of claim splitting, the Ninth Circuit borrows from the test for claim preclusion. *Id.* Specifically, the court asks "whether the second suit raises issues that should have been brought in the first." *Id.* at 689 (citations omitted); *see also Davis v. Sun Oil Co.*, 148 F.3d 606, 613 (6th Cir. 1998) (referring to the doctrine against claim-splitting as "the 'other action pending' facet of the *res judicata* doctrine"). This inquiry requires the court to examine whether the causes of action, the parties or privies to the action, and the relief sought are the same. *Adams*, 487 F.3d at 689; *see also Curtis v. Citibank, N.A.*, 226 F.3d 133, 140 (2d Cir. 2000) (holding that the trial court did not abuse its discretion in dismissing "*Curtis II* claims arising out of the same events as those alleged in *Curtis I*," which claims "would have been heard if plaintiffs had timely raised them"); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (internal quotation omitted). Applying these settled principles here demonstrates that the causes of action, the parties or privies, and the relief sought in the two cases are the same. *Andersen II* raises issues that Andersen brought or should have brought in *Andersen I*, and these claims should be dismissed.

    B. **The causes of action are the same in *Andersen I* and *Andersen II*.**

To determine whether two causes of action are the same, the Ninth Circuit applies the transaction test used in the context of a claim preclusion analysis. *Adams,* 487 F.3d at 689. The

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

transaction test employs the following four criteria: (1) whether rights or interests established in the prior matter would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Id.* Courts have consistently held that the fourth criterion, whether the two suits arise out of the same transactional nucleus of facts, is the most significant factor to be considered. *Id.; see also C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987); *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982). Analysis of these factors here demonstrates that *Andersen II* is entirely duplicative of *Andersen I*.

First, the rights of the Record Company Defendants in *Andersen I*, where Andersen has already taken discovery and there exists a fully-briefed motion to dismiss, would clearly be impaired if Andersen were allowed to prosecute the same claims again in this action. The prosecution of this case would be the quintessential "second bite at the apple."

Second, substantially the same, if not exactly the same, evidence would be presented in both lawsuits. All of the claims asserted by Andersen in both cases go to the propriety of the investigation, attempts to settle, and pursuit of the Record Company Defendants' claims of copyright infringement against Andersen. (*Compare* Ex. B and Doc. No. 3).

Third, the two sets of claims filed by Andersen involve alleged violations of the same rights. Seven of the thirteen claims in *Andersen II* are **identical** to the counterclaims currently pending in *Andersen I*. (Ex. B at ¶¶ 33-98; Doc. No. 3 at ¶¶ 8.1-8.8, 10.1-10.4, 12.1-15.7, 17.1-17.8). The six additional claims asserted in *Andersen II* arise from precisely the same facts and depend on exactly the same evidence as do the counterclaims in *Andersen I*—namely, the propriety of the investigation, attempts to settle, and pursuit of the Record Company Defendants' claims for copyright infringement against Andersen. (*Compare* Doc. No. 3, ¶¶ 6.1-6.46 and Ex. B, ¶¶ 1-32).

PAGE 5 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707507.10/657632v1

Finally, the two suits arise out of the same transactional nucleus of facts. *Andersen II* is identical to *Adams*, where the Ninth Circuit affirmed the lower court's dismissal, with prejudice, of a duplicative action where the later-filed action included four additional claims that arose from the same facts giving rise to the original complaint, plus the addition of five new parties. *Adams*, 487 F.3d at 689. As in *Adams*, the facts alleged in *Andersen I* and *Andersen II* arise out of the exact same transactional nucleus of facts and *Andersen II* is duplicative of *Andersen I.* (*Compare* Doc. No. 3, ¶¶ 5.1-5.45 and Ex. B, ¶¶ 1-32).[3]

### C.   *Andersen I* and *Andersen II* involve the same parties or privies.

Each of the five Record Company Defendants in *Andersen II* is a plaintiff in *Andersen I*, and the additional Defendants in *Andersen II*—the RIAA, the SSC, and MediaSentry—are in privity with the Record Company Defendants for purposes of claim splitting analysis. Parties added to a new action are said to be in privity with parties to the original action where they have been, or are, "virtually represented" by the parties in the original action. *Adams*, 487 F.3d at 691. The Ninth Circuit takes an expansive view of the concept of "virtual representation," and requires only a showing of an identity of interests and adequate representation before finding that such representation has occurred. *Kourtis v. Cameron*, 419 F.3d 989, 996 (9th Cir. 2005).

Such "virtual representation" clearly occurred in this instance. The supposed liability of the Record Company Defendants in *Andersen I* is alleged to be based, in large part, on the conduct of the three new defendants here (*see e.g.,* Ex. B, ¶¶ 36, 27, 42, 46-47, 52, 58, 68, 73-75, 82), each of which is alleged also to share a close business relationship with the Record Company Defendants, (*see* Doc. No. 3, ¶¶ 3.3-3.5). Indeed, each of Andersen's pending

---

[3] The addition of the RIAA, SSC, and Media Sentry as named parties to this case makes no difference because Andersen makes the same allegations against these entities as she made against the Record Company Defendants in *Andersen I*. Moreover, under Ninth Circuit law, the existence of any additional evidentiary details would "scarcely [be] enough to establish that the [newly-filed] lawsuit arises out of a different 'transactional nucleus of facts' than that which generated the [first] suit." *Constantini*, 681 F.2d at 1202.

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

counterclaims arise from acts allegedly undertaken by the RIAA, the SSC and/or MediaSentry. (*See* Ex. B, ¶¶ 33-98). The Record Company Defendants in *Andersen I* consistently maintained that the actions taken by the RIAA, MediaSentry and SSC were legal and entirely appropriate. (*See* Mot. to Dismiss Countercls., Ex. C hereto). As such, for the reasons set forth in *Adams,* the new defendants' interests are identical to those of the Record Company Defendants in *Andersen I*, and they were therefore adequately represented. *See Adams*, 487 F.3d 692.

### D. The relief sought by Andersen in both actions is the same.

In *Andersen I*, Andersen seeks (1) direct and consequential damages, (2) statutory and punitive damages pursuant to ORS 646.605 *et seq.* and ORS 166.715 *et seq.*, (3) fees and costs pursuant to pursuant to ORS 646.605 *et seq.* and ORS 166.715 *et seq.* and 17 U.S.C. § 505, (4) post-judgment interest, and (5) declaratory and injunctive relief. (Ex. B at 23-24). In *Andersen II*, Andersen seeks the exact same relief that she sought in *Andersen I*. (Doc. No. 3 at 33-34.) Even Andersen's new claim for statutory and punitive damages under the federal RICO statute seeks precisely the same relief as her ORICO counterclaim pending in *Andersen I*. (Doc. No. 3 at 33-34; Ex. B at 24).

For all of these reasons, *Andersen I* involves the same causes of action, the same parties or privies, and the same claims for relief as *Andersen II*. As such, *Andersen II* is a paradigm of claim splitting and should be dismissed.

### II. Andersen's counterclaims in *Andersen I* are compulsory counterclaims under Fed. R. Civ. P. 13(a) and cannot be asserted in a separate action.

Andersen's claims in *Andersen II* should also be dismissed because all of such claims were compulsory counterclaims in *Andersen I*. A compulsory counterclaim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). Federal courts, including those of the Ninth Circuit, use the logical relationship test to determine if two claims arise out of the same transaction or occurrence. *See Pochiro v. Prudential Ins. Co. of Am.*, 827 F.2d 1246, 1249 (9th Cir. 1987). "This flexible approach to

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

Rule 13 problems attempts to analyze whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit." *Id.* (internal quotation omitted).

The purpose of Rule 13(a) is to "prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Southern Constr. Co. v. Pickard*, 371 U.S. 57, 60 (1962). Thus, a party may not assert claims in a subsequent lawsuit that should have been asserted as compulsory counterclaims in the prior lawsuit. *See Dragor Shipping Corp. v. Union Tank Car Co.,* 378 F.2d 241, 244 (9th 1967) (stating that "a party who fails to plead a compulsory claim against an opposing party is held to have waived such claim and is precluded by *res judicata* from bringing suit upon it again."); *see also* Fed. R. Civ. P. 13(a) (a party who fails to plead a compulsory counterclaim against an opposing party is held to have waived such claim and is precluded from bringing suit upon it again).

Each of the claims in *Andersen II* are claims that arise out of the same subject matter of the Record Company Defendants' claims against Andersen in *Andersen I*. Specifically, each of the claims in *Andersen II* addresses the Record Company Defendants' claims of infringement against her in *Andersen I*, and the investigation, settlement efforts, and prosecution of such claims. (Doc. No. 3). Andersen's claims in *Andersen II*, therefore, are compulsory counterclaims under Rule 13(a), and must be litigated, if at all, in *Andersen I*. To the extent Andersen failed to raise or pursue these claims in *Anderson I*, she has waived them and cannot bring them in a separate lawsuit. *See Brotherhood of Locomotive Firemen & Enginemen v. Butte, A. & P. R. Co.*, 286 F.2d 706, 709-10 (9th Cir. 1961) ( "Such claim must, under Rule 13, be included in the original pleading; if it is not, it is lost and cannot later be asserted."). Indeed, Andersen's gamesmanship in bringing *Andersen II* is precisely what Rule 13(a) is directed at preventing. *See Southern Constr. Co.*, 371 U.S. at 60 ("[Rule 13(a)] was particularly directed against one who failed to assert a counterclaim in one action and then instituted a second action in which that counterclaim became the basis of the complaint.").

PAGE 8 -   MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707507.10/657632v1

Andersen has known of her purported allegations against the Record Company Defendants since the time she filed her first counterclaims two years ago in *Andersen I*. (*See* Ex. A, ¶¶ 19-66). Although Andersen's new claims in *Andersen II* are groundless, she could have asserted them long ago but failed to do so. To the extent Andersen chose not to pursue such claims in *Andersen I*, she waived them and is barred from pursuing them in *Andersen II*. Fed. R. Civ. P. 13(a). Andersen's failure to pursue her initial claims in *Andersen I*, and her effort to assert additional claims in this Court based on the same subject matter are nothing more than an attempt to make an end run around the scheduling and discovery deadlines that have long since passed in *Andersen I*. The Record Company Defendants respectfully submit that this Court should not countenance such gamesmanship, and that Andersen's claims in *Andersen II* should be dismissed under Rule 13.

III.    **Alternatively, Andersen's Claims Should Be Dismissed Under Fed. R. Civ. P. 12(b)(6) For Failure To State A Claim Upon Which Relief Can Be Granted.**

A.    **Standard of review.**

In considering a Rule 12(b)(6) motion, the Court must accept all of the claimant's material allegations as true and must construe all doubts in the light most favorable to the claimant. *Vigilante.com, Inc. v. Argus Test.com, Inc.*, 2005 WL 2218405, at *1 (D. Or. Sep. 6, 2005). However, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988). The allegations found in the Complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). In addition, courts routinely dismiss complaints for failure to state a claim upon which relief can be granted where, as here, an affirmative defense (e.g., statute of limitations) appears on the face of the pleading. *See, e.g., Northwest Airlines, Inc. v. Camacho*, 296 F.3d 787, 791 (9th Cir. 2002).

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON  97204-3158
(503) 778-2100

**B.** **Andersen's negligence claim (Count 1) should be dismissed because (1) she has not adequately pled the essential elements of such a claim, and (2) the actions of which she complains are immune from suit.**

**1.** **Andersen has failed to plead the elements of a negligence claim.**

Under Oregon law, "[t]o state a claim in negligence, a plaintiff must allege facts, as distinguished from conclusions, that show that the defendant owed a duty of care, that the defendant breached the duty and that the breach was the cause in fact of some legally cognizable damage to plaintiff." *Cook v. School Dist.*, 731 P.2d 443, 444 (Or. App. 1987). The first element, duty of care, "arises from a relationship between the actor and the other which gives to the other a right to protection." *Id.* Only the presence of a "special relationship" gives rise to a "heightened duty" such as that alleged by Andersen (Doc. No. 3, ¶ 7.3). *See Conway v. Pacific Univ.*, 924 P.2d 818, 821 (1996). Further, the duty must be imposed "by statute, contract, or court-made law." *Burnett v. Ross Stores*, 857 F. Supp. 1434, 1440 (D. Or. 1994).

Here, Andersen's conclusory allegations cannot form the basis of a negligence claim. First, Andersen fails to allege that any of the Defendants aside from the RIAA owe her a duty of care. (*See* Doc. No. 3, ¶¶ 7.1-7.16). With regard to the RIAA, Andersen's allegation of the existence of a "heightened duty" fails. (*Id.* at ¶ 7.3). There is no special relationship between Andersen and the RIAA, and Andersen has not alleged one. Moreover, Andersen has not and cannot identify a statute, contract, or court-made law that gives rise to a duty owed to her by the RIAA. Andersen's inability to allege the existence of a duty running from any of the Defendants to her is fatal to her negligence claim. Second, Andersen's negligence claim fails because she cannot properly allege that she suffered any injury proximately resulting from Defendants' conduct. The only allegation that Andersen makes regarding damages is the bald conclusory statement that "Defendants' negligent conduct . . . proximately caused direct damages to Plaintiff." (Doc. No. 3 at ¶ 7.16). As stated previously, such a conclusory statement is not sufficient to insulate Andersen's claim from dismissal. *See Cook*, 731 P.2d at 444; *see also*

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

*Howard v. American Online, Inc.,* 208 F.3d 741, 750 (9th Cir. 2000) (finding conclusory allegations insufficient to preclude dismissal).

> **2.  Any claim based on purported conduct incident to litigation is barred because such conduct is immune from suit under the *Noerr-Pennington* doctrine and the Oregon litigation privilege.**

The First Amendment guarantees "the right of the people . . . to petition the Government for redress of grievances." U.S. CONST. amend. I.  The Supreme Court has declared the right to petition to be "among the most precious rights of the liberties safeguarded by the Bill of Rights." *United Mine Workers v. Illinois State Bar Ass'n*, 389 U.S. 217, 222 (1967).  This right to petition – often referred to as *Noerr-Pennington* immunity – has been construed to afford a party the right to access the courts.  *See California Motor Transp. Co. v. Trucking Unltd.*, 404 U.S. 508 (1972).  Consistent with this right, numerous courts have shielded litigants from claims relating to the filing of litigation.  *See, e.g., Chemicor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, 128-129 (3d. Cir. 1999); *Video Int'l Prod., Inc. v. Warner-Amex Cable Comm.*, 858 F.2d 1075, 1082-83 (5th Cir. 1988); *Havoco Am., Ltd. v. Hollobow*, 702 F.2d 643, 649 (7th Cir. 1983); *Interscope Records v. Duty*, 2006 U.S. Dist. LEXIS 20214, * 12 (D. Ariz. April 14, 2006) (Ex. D hereto).

The filing of a lawsuit is not the only conduct protected by the *Noerr-Pennington* doctrine.  Settlement discussions, including an offer of settlement, constitute "conduct incidental to the prosecution of the suit" that is protected under *Noerr-Pennington*.  *Columbia Pictures Indus., Inc. v. Professional Real Estate Investors, Inc.*, 944 F.2d 1525, 1528 (9th Cir. 1991); *see also Sosa v. DIRECTV, Inc.,* 437 F.3d 923, 942 (9th Cir. 2006) (holding that settlement communications prior to litigation are protected activity, and that such protection extends to legal representations made during the course of such settlement communications).  Even the mere *threat* of a lawsuit is protected by the *Noerr-Pennington* doctrine.  *Coastal States Marketing, Inc. v. Hunt*, 694 F.2d 1358, 1367 (5th Cir. 1983).

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

Likewise, "Oregon courts have long recognized, and enforced, an absolute privilege for statements in the course of or incident to judicial and quasi-judicial proceedings. That privilege applies equally to parties to such proceedings and to their attorneys." *Mantia v. Hanson*, 79 P.3d 404, 407 (Or. App. 2003). Further, the privilege applies to all tort actions. *See Lee v. Nash*, 671 P.2d 703, 705-06 (Or. App. 1983).

Here, as demonstrated on the face of Andersen's Amended Complaint, (Doc. No. 3 at ¶¶ 7.4-7.15) the alleged actions and communications on which Andersen relies to support her negligence claim were all incident to the filing of this lawsuit or took place during the course of settlement discussions. For example, Andersen alleges that "[t]he defendant Record Companies acted negligently when they relied on information . . . to file and pursue lawsuits against Plaintiff," and that the SSC "negligently relied" on information in its "communications to Plaintiff . . . demanding payment." (*Id.* at ¶¶ 7.11, 7.13). Any such claim is barred by the *Noerr-Pennington* doctrine and Oregon's litigation privilege and should be dismissed.

C.    **Andersen's claim for fraud and negligent misrepresentation (Count 2) should be dismissed because (1) she has not pled the requisite elements of such claims, and (2) any claim based on purported settlement discussions is barred by the *Noerr-Pennington* doctrine.**

1.    **Andersen has failed to plead the elements for a fraud or negligent misrepresentation claim.**

In Oregon, the elements of a fraud claim are: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Oregon Pub. Employees' Ret. Bd. v. Simat, Helliesen & Eichner*, 83 P.3d 350, 359 (Or. App. 2004). The "right to rely" element requires proof of the reasonableness of the reliance. *Vigilante.com, Inc.*, 2005 WL 2218405, at *17.

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

Here, Andersen alleges that the SSC "knowingly and intentionally misrepresented that Defendants had actual evidence that Plaintiff had infringed the copyrights for thousands of song titles" with the intention to "intimidate [Andersen] into paying the defendant Record Companies thousands of dollars." (Doc. No. 3, ¶ 8.5; *see also id.* ¶¶ 8.2, 8.3, 8.4, 8.6). Andersen, however, does not and cannot allege that she ever relied on such purported misrepresentation because she never settled *Andersen I*. Thus, without reasonable reliance, Andersen has not stated a claim under either theory of liability. *See Vigilante.com, Inc.,* 2005 WL 2218405, at *16.

Moreover, the reliance upon the alleged misrepresentation must be reliance intended by the alleged tortfeasor. *Onita Pac. Corp. v. Trustees of Bronson,* 843 P.2d 890, 896 (Or. 1992). Here, Andersen alleges that she investigated the Defendants' assertion regarding the sufficiency of their evidence in purported reliance on Defendant's assertion. (Doc. No. 3, ¶ 8.8). This allegation fails to state a claim because Andersen does not allege that Defendants made the purported assertion with the intent that Andersen "investigate" anything. Rather, Andersen alleges that Defendants intended to induce her to settle, which she did not do.[4]

> **2.** **Any claim based on purported statements during settlement discussions is barred because such statements are immune from suit.**

As discussed previously, threats of litigation and statements regarding settlement of a lawsuit, including offers of settlement, are protected under the *Noerr-Pennington* doctrine, *Columbia Pictures Indus.*, 944 F.2d at 1528, and Oregon courts recognize an absolute privilege

---

[4]  The elements of negligent misrepresentation in Oregon are: "(1) a special relationship between plaintiff and defendants; (2) that defendants failed to exercise reasonable care by negligently making false representations or omitting material facts; (3) plaintiff's reasonable reliance on those false representations or omissions; and (4) damages sustained by plaintiff." *Vigilante.com, Inc.*, 2005 WL 2218405, at *16. Oregon courts will find the existence of a "special relationship" only where the party claiming to be owed the duty "effectively has authorized the party who owes the duty to exercise independent judgment in the former party's behalf and in the former party's interests." *Conway*, 924 P.2d at 824. Here, Andersen has not alleged, and cannot allege, that she has authorized Defendants to exercise any independent judgment on her behalf. Thus, Andersen cannot plead any "special relationship" between her and Defendants, which dooms her negligent misrepresentation claim. *See Vigilante.com*, 2005 WL 2218405, at *16.

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

for statements incidental to judicial proceedings, *Mantia*, 79 P.3d at 407. Here, the alleged statements on which Andersen relies to support her fraud and misrepresentation claims were purportedly made during the course of settlement discussions. (Doc. No. 3, ¶¶ 8.2-8.6). Any claim based on such statements is barred by the *Noerr-Pennington* doctrine and Oregon's litigation privilege and should be dismissed. *See Sosa,* 437 F.3d at 942, *Mantia*, 79 P.3d at 407.

> **D.** **Andersen's claim under the federal Racketeer Influenced and Corrupt Organization Act ("RICO") (Count 3), should be dismissed because (1) she fails to state the requisite elements for the claim, and (2) the claim is barred by the *Noerr-Pennington* doctrine.**

Andersen premises her RICO claim on 18 U.S.C. § 1962(c) (*see* Doc. No. 3, ¶¶ 9.2), which requires (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Jarvis v. Regan*, 833 F.2d 149, 151-52 (9th Cir. 1987). The heightened pleading standards of Fed. R. Civ. P. 9(b) apply to RICO claims. *Edwards v. Marin Park Inc.*, 356 F.3d 1058, 1065-66 (9th Cir. 2004). Here, Andersen's purported RICO claim depends on sweeping, conclusory statements about alleged attempts to coerce or extort money from her, as well as a series of purported "deceptive and unlawful acts" by Defendants. (*See* Doc. No. 3, ¶¶ 9.2-9.14). This claim fails because Andersen has not pled the fundamental elements of a RICO claim, and because she has failed to plead with the requisite particularity.

> **1.** **Andersen has not properly alleged that Defendants have engaged in any "pattern of racketeering activity."**

To succeed on a RICO claim, Andersen must allege that each individual defendant engaged in a pattern of racketeering activity. *See* 18 U.S.C. § 1962(c). A pattern of racketeering "must be based on at least two acts of racketeering, must show that the racketeering predicates are related, and that they amount to or pose a threat of continued criminal activity." *Cooper Indus., Inc. v. Lagrand Tire Chains*, 205 F. Supp. 2d 1157, 1165 (D. Or. 2002).

Andersen's claim falls woefully short of this requirement. Andersen has not stated the specific acts constituting each incident of racketeering activity, except to make conclusory

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

allegations (Doc. No. 3, ¶¶ 9.5-9.7, 9.10) that are insufficient to withstand a motion to dismiss. *See McGlinchy*, 845 F.2d at 810 (holding that "conclusory allegations without more are insufficient to defeat a motion to dismiss"). This is particularly true where, as here, the RICO claim alleges the predicate act of fraud. (Doc. No. 3, ¶¶ 9.6, 9.10). RICO actions alleging the predicate act of fraud must plead with particularity the time, place, and manner of each act of fraud, plus the role of each defendant in each scheme. *See Lancaster Comm. Hosp. v. Antelope Valley Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991). Here, Andersen fails to allege time, place or manner, and does not even attempt to make allegations regarding the role purportedly played by each of the Defendants. (Doc. No. 3 at ¶ 9.14).

Furthermore, Andersen's allegation of a Hobbs Act violation as one of the requisite predicate acts for her RICO claim (Doc. No. 3, ¶ 9.10) fails as a matter of law. First, a Hobbs Act violation is "the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right." 18 U.S.C. § 1951 (b)(2). Here, Andersen has not pled and could not plead that Defendants have obtained any property whatsoever. (*See* Doc. No. 3, ¶ 9.10, alleging that Defendants "attempt[ed] to obtain property"). Second, the Ninth Circuit has followed several other circuits in declining to impose Hobbs Act liability based on threats of litigation. *See Sosa*, 437 F.3d at 939; *Rothman v. Vedder Park Mgmt.*, 912 F.2d 315, 318 (9th Cir. 1990) (holding that inducing fear of economic loss could not in itself constitute extortion); *United States v. Pendergraft,* 297 F.3d 1198, 1208 (11th Cir. 2002) (holding threats to sue cannot constitute Hobbs Act extortion, even where supported by false testimony and fabricated evidence); *I.S. Joseph Co. v. J. Lauritzen A/S*, 751 F.2d 265, 267 (8th Cir. 1984) (holding threats of groundless litigation cannot constitute extortion under the Hobbs Act). Here, the only act Andersen complains of is the Record Company Defendants' threats of litigation in *Andersen I*, which cannot, as a matter of law, constitute "wrongful" conduct under the Hobbs Act.

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

For all of these reasons, Andersen's RICO claim should be dismissed. *See Sony Music Entm't Inc. v. Scimeca*, No. 2:03-cv-05757, slip op. at 3 (WJM) (D.N.J. Sept. 30, 2004) (dismissing RICO claim for failure to identify "any valid predicate act") (Ex. E hereto).

## 2.    Andersen's RICO claim is also barred by *Noerr-Pennington*.

Even had Andersen asserted a proper RICO claim, which she has not, her claim would still fail. The Ninth Circuit has specifically held that "the *Noerr-Pennington* doctrine requires that, to the extent possible, we construe federal statutes so as to avoid burdens on activity arguably falling within the scope of the Petition Clause of the First Amendment." *Sosa*, 437 F.3d at 942. Here, all of the purported factual bases for Andersen's RICO claim relate to Defendants' alleged conduct in investigating, commencing litigation regarding, and trying to settle claims of copyright infringement. (Doc. No. 3, ¶¶ 5.2, 9.5-9.11). Because all of the alleged conduct that Andersen complains of is directly incident to the Record Company Defendants' copyright litigation, Andersen's RICO claim is barred under the *Noerr-Pennington* doctrine. *See Columbia Pictures Indus.*, 944 F.2d at 1528; *Sosa*, 437 F.3d at 942.

## E.    Andersen's abuse of legal process claim (Count 4) should be dismissed because she has failed to plead the essential elements of the claim.

"Abuse of [l]egal [p]rocess . . . is the malicious perversion of a regularly issued process whereby a result not lawfully or properly attainable under it is secured." *GRK Fasteners, Ltd. v. Bennett*, 2004 WL 2260600, at *5 (D. Or. Oct. 5, 2004). In Oregon, a properly pled claim for abuse of process requires the claimant to allege: (1) an ulterior purpose; (2) a willful act in the use of process not proper in the regular conduct of the proceeding; (3) injuries beyond those which are a common burden on parties to litigation; and (4) an actual arrest or a seizure of property. *Huff. v. Robert Jackson Family Trust*, 2001 U.S. Dist. LEXIS 14445, *22-23 (D. Or. Sep. 6, 2001) (dismissing abuse of process claim for failure to plead arrest or seizure of property); *see also Lee v. Mitchell*, 953 P.2d 414, 427 (Or. App. 1998) (same).

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

Here, Andersen has not alleged, and cannot allege, that she has been arrested or that her property has been seized by any alleged abuse of process by Defendants. (Doc. No. 3, ¶ 10.2-10.4). Andersen's claim of an ulterior purpose, (*id.* ¶ 10.2), is based on pure speculation, which also is not sufficient to withstand a motion to dismiss. *Twombly*, 127 S. Ct. at 1965 (holding that the allegations must "raise a right to relief above the speculative level"). Finally, Andersen also does not, and cannot, allege any purported injuries beyond those incident to litigation. The failure to plead these necessary elements is fatal to her claim for abuse of process.

**F.    Andersen's malicious prosecution claim (Count 5) should be dismissed because (1) she cannot plead the essential elements of the claim, and (2) the claim is barred by the *Noerr-Pennington* doctrine.**

**1.    Andersen cannot properly allege the elements of a malicious prosecution claim.**

In Oregon, a plaintiff alleging malicious prosecution must show: (1) initiation of criminal proceedings against her; (2) a termination of those proceedings in her favor; (3) an absence of probable cause to prosecute; and (4) the existence of malice. *See Rogers v. Hill*. 576 P.2d 328, 331-32 (Or. 1978).

Here, Andersen has not alleged, and cannot allege, at least two of these four elements. First, and most obviously, Andersen's claim does not arise from the initiation of a criminal proceeding against her. (Doc. No. 3, ¶ 11.2-11.10). This alone dooms Andersen's malicious prosecution claim. Second, Andersen has failed properly to allege malice. Malice is "any primary purpose other than to bring a person to justice." *See Ledford v. Gutoski*, 877 P.2d 80, 85 (Or. 1994). Here, Andersen does not, and could not, allege the existence of a *primary* purpose of Defendants in filing *Andersen I* other than that of protecting their copyrights. It is undisputed that substantial infringement of the Record Company Defendants' copyrighted sound recordings occurred through an Internet account that Andersen's Internet Service Provider three times confirmed belonged to her. The primary purpose of the Record Company Defendants in bringing actions against those whose Internet accounts were used to engage in online copyright

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

infringement is to protect their exclusive copyrights. *See Atlantic Recording Corp. v. Heslep*, No. 4:06-cv-132-Y, 2007 U.S. Dist. LEXIS 35824, at *15 (N.D. Tex. May 16, 2007) (holding in a similar case that the Record Company plaintiffs "brought this lawsuit not for the purposes of harassment or to extort [the defendant] . . . , but, rather, to protect their . . . copyrights from infringement and to help . . . deter future infringement") (Ex. F hereto).

> **2. Any claim based on purported conduct incident to litigation is barred by the *Noerr-Pennington* doctrine.**

As previously discussed, the *Noerr-Pennington* doctrine protects litigants from claims arising from the threat of a lawsuit, the filing of a lawsuit and "conduct incidental to the prosecution of the suit." *Columbia Pictures Indus.*, 944 F.2d at 1528; *Sosa,* 437 F.3d at 942. Here again, Andersen's malicious prosecution claim is based on alleged acts and statements of Defendants related to the filing of *Andersen I* and conduct incident thereto. (Doc. No. 3, ¶¶ 11.2, 11.3, 11.7). Any claim based on such acts and statements is barred by the *Noerr-Pennington* doctrine and should be dismissed. *See Columbia Pictures Indus.*, 944 F.2d at 1528.

> **G. Andersen's claim for outrage or intentional infliction of emotional distress (Count 6) should be dismissed because (1) Andersen has failed to state the necessary elements of her claim, and (2) the claim is barred by the *Noerr-Pennington* doctrine.**

> **1. Andersen has failed to plead the essential elements of this claim.**

To prevail on a claim for outrage or the intentional infliction of emotional distress ("IIED"), Andersen must show that: (1) the defendant intended to inflict severe mental or emotional distress; (2) the defendant's acts, in fact, caused the plaintiff to suffer severe mental or emotional distress; and (3) the defendant's acts constituted an extraordinary transgression of the bounds of socially tolerable conduct. *Campbell v. Safeway, Inc.*, 332 F. Supp. 2d 1367, 1376 (D. Or. 2004). Without conceding that Andersen has alleged or could establish any of these elements, it is obvious that Andersen has not pled, and could not plead, the third element here. Under Oregon law, proof of an "extraordinary transgression of the bounds of socially tolerable

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

conduct" requires proof that the parties possess a "special relationship," such as a "physician-patient, counselor-client, or common carrier passenger." *See Delaney v. Clifton*, 41 P.3d 1099, 1106-07 (2002) ("A 'special relationship' between the parties has played a role in every case in this state involving [a successful claim of IIED]."). "In fact, the lack of such a relationship generally defeats a conclusion that the conduct is actionable through an IIED claim." *Id.*

Here, Andersen's claim does not allege any special relationship between her and Defendants. Nor does it specify what Defendants allegedly did that qualifies as actionable outrageous conduct. Instead, Andersen complains, in conclusory fashion, that Defendants' actions were "without any reasonable basis and reckless," "improper," "inappropriate," and "tortious." (Doc. No. 3, ¶¶ 12.4-12.6). Such conclusory allegations do not identify the alleged offending conduct and do not come close to alleging an extraordinary transgression of the bounds of socially tolerable behavior. For this reason, too, the claim should be dismissed.

> **2.  Any claim based on purported statements during settlement discussions is barred by the *Noerr-Pennington* doctrine.**

As discussed above, *Noerr-Pennington* immunity extends to offers to settle a lawsuit, as they constitute "conduct incidental to the prosecution of the suit." *Columbia Pictures Indus.*, 944 F.2d at 1528. Here, Andersen bases her IIED claim on alleged statements of Defendants supposedly made during the course of settlement discussions. (Doc. No. 3, ¶ 12.4). Accordingly, Andersen's IIED claim is barred by the *Noerr-Pennington* doctrine and should be dismissed. *See Sosa,* 437 F.3d at 942.

> **H.  Andersen's Computer Fraud and Abuse Act ("CFAA") claim (Count 7) should be dismissed because Andersen has not pled and could not properly plead the elements of such a claim.**

Although Andersen fails to identify the prong under which she brings her purported CFAA claim, she presumably intends to assert a claim pursuant to 18 U.S.C. § 1030(a)(5)(B)(i), which applies in cases of alleged "loss to [one] or more persons . . . aggregating at least $5,000 in value." (Doc. No. 3, ¶ 13.7). Regardless of which prong she has chosen, all of the activities

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

prohibited by the CFAA require the access of another's computer *without authorization*. *See Theofel v. Farey-Jones*, 359 F.3d 1066, 1078 (9th Cir. 2004). Andersen's CFAA claim cannot meet this requirement and, therefore, fails as a matter of law.

As a threshold matter, Andersen cannot show that Defendants accessed her computer at all, let alone without authorization. Andersen argued in *Andersen I*, and presumably still maintains, that she was incorrectly identified as the person responsible for the infringement at issue in that case and that she was wrongly identified as the infringer. (*See* Ex. B, ¶¶ 6, 7, 27). If this argument is correct, then the infringement was committed by someone else, and the record companies' investigators never accessed Andersen's computer when they detected infringing music files. Accordingly, Andersen is judicially estopped from now claiming that the record companies' investigators accessed her computer without authorization, as opposed to accessing someone else's computer, when they located infringing music files. *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) ("Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position."). Andersen cannot have it both ways. She cannot claim that her computer was not used in the infringement at issue in *Andersen I*, and then claim in this case that Defendants improperly detected her infringement.

Moreover, even if Andersen were permitted to maintain that Defendants accessed her computer, she cannot establish that such access was unauthorized. The use of the Kazaa peer-to-peer file sharing software to swap files over the Internet gives other Kazaa users on the Internet access to any files in the "shared folder" that the user distributes over the peer-to-peer networks. *See United States v. Kennedy*, 81 F. Supp. 2d 1103, 1106 n.4 (D. Kan. 2000) (explaining that one is able to view another's computer files when the file share mechanism is turned on, thereby allowing other users to view those files). Andersen's action in enabling the file-sharing feature authorized the whole world to access her music files – making them as publicly accessible as any other web site on the Internet. *See In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707507.10/657632v1

(D.D.C. 2003) ("If an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world"). By making the "shared folder" available to the public, Andersen granted exactly the type of authorization contemplated by the CFAA. *See Arista Records LLC, v. Tschirhart*, 05-CV-372-OLG, slip op. at 9 (W.D. Tex. May 24, 2006) (Ex. G hereto) (rejecting similar CFAA claim); *International Ass'n of Machinists & Aerospace Workers v. Werner*, 390 F. Supp. 2d 479 (D. Md. 2005) (dismissing CFAA claim where defendant had authorization to access computer). Because Andersen provided a blanket authorization for others to view her shared folder, she cannot maintain a claim under the CFAA for alleged unauthorized access.

I.   **Andersen's claim for trespass to chattels (Count 8) should be dismissed because she has not adequately pled the essential elements of the claim.**

"'In actions for trespass to personal property the gist of the action is the disturbance of the plaintiff's possession.' . . . That is, the tort of trespass to chattels focuses on the effect – the disturbance of the owner's possession." *Huffman & Wright Logging Co. v. Wade*, 317 Or. 445, 456, 857 P.2d 101 (1993) (quoting *Swank v. Elwert*, 55 Or. 48, 105 P. 901 (1910)); *see also Pearl, LLC v. Standard I/O, Inc.*, 257 F. Supp. 2d 326, 354 (D. Me. 2003) (granting summary judgment on trespass claim where there was no evidence that allegedly unauthorized access to computer network "impaired its condition, quality or value"); RESTATEMENT 2d TORTS § 218 ("One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest.").

Here, as discussed above, Andersen has argued and still maintains that she was incorrectly identified as the person responsible for the infringement at issue in *Andersen I* and

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

that her computer had never been used to engage in online copyright infringement. (*See* Ex. B at ¶¶ 6, 7, 27). If this is true, then Defendants could not possibly have committed any trespass, because they did not connect to Andersen's computer, but to someone else's. Andersen is estopped from now claiming to the contrary. *See Hamilton*, 270 F.3d at 782.

Even if judicial estoppel did not bar her trespass claim, however, the claim still fails because Andersen has failed to allege any of the required elements of the a claim. In particular, Andersen has made no allegation that Defendants' actions have disturbed her possession as required under Oregon law. Indeed, Andersen has not identified any personal property of hers that has been dispossessed at all. Nor does Andersen claim that MediaSentry deprived her of the right to possess or use her computer files when it detected the infringement at issue in *Andersen I* by using the same Kazaa software functionalities used by individuals engaged in file swapping. Likewise, Andersen makes not allegation that her computer files were impaired or otherwise damaged.[5]

The simple fact is that the record companies' investigator did not thrust itself into Andersen's computer at all, and did not act without invitation, permission, or welcome. On the contrary, for the reasons discussed above, the shared folder for Andersen's Kazaa program was open "to the world." *See In re Verizon Internet Servs.*, 257 F. Supp. 2d at 267.

Finally, Andersen does not allege that Defendants' actions have caused bodily or competitive harm to her or anything else in which she owns some legally protected interest. Instead, she simply alleges that she has suffered "damages and harm to [her] health and property." (Doc. No. 3, ¶ 14.4). This allegation is insufficient to suggest that Andersen's possession of her computer files was ever disturbed or harmed, much less to plead a causal connection between the alleged trespass and the "harm" she claims to have suffered. *See*

---

[5] In fact, Andersen does not even allege that her computer was accessed: "If defendants investigative claims are to be believed, . . ." (Doc. No. 3, ¶ 14.2).

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

*Tschirhart*, 05-CV-372-OLG, slip op. at 7 (holding that defendant could not maintain cause of action for electronic trespass where there was no allegation that plaintiffs damaged the computer or denied defendant access to it) (Ex. G). For all of these reasons, Andersen's trespass claim should be dismissed.

> **J.** **Andersen's claim for invasion of privacy (Count 9) should be dismissed because (1) she has not pled and cannot plead the elements of such a claim, (2) the actions of which she complains are immune from suit, and (3) the applicable statute of limitations bars the claim.**

Oregon recognizes several forms of invasion of privacy, including: "(1) intrusion upon seclusion; (2) appropriation of another's name or likeness; (3) false light; and (4) publication of private facts." *Mauri v. Smith*, 929 P.2d 307, 310 (Or. 1996). Andersen fails to articulate the invasion of privacy theory upon which she is relying to support her claim. Because there are absolutely no allegations to the effect that Defendants misappropriated Andersen's name or likeness, Defendants address only the theories of intrusion upon seclusion, false light, and publication of private facts here. Notably, those courts that have considered invasion of privacy claims similar to Andersen's have dismissed them. *See, e.g.*, *Tschirhart*, 05-CV-372-OLG, slip op. at 6 (Ex. G); *Duty*, 2006 U.S. Dist. LEXIS 20214 at * 11-12 (Ex. D).

> **1.** **Andersen has not stated a claim for invasion of privacy through intrusion upon seclusion.**

To prove an "intrusion upon seclusion" invasion of privacy claim, Andersen must show "(1) an intentional intrusion, physical or otherwise, (2) upon [her] solitude or seclusion or private affairs or concerns, (3) which would be highly offensive to a reasonable person." *Mauri*, 929 P.2d at 483. "A person intrudes by thrusting himself in without invitation, permission or welcome." *Shilo v. City of Portland*, 2005 WL 2083014, at *13 (D. Or. July 25, 2005).

Here, Andersen cannot show that Defendants have intruded upon her "solitude or seclusion or private affairs or concerns." First, as with Andersen's CFAA (Count 7) and electronic trespass (Count 8) claims, Andersen is judicially estopped from now claiming that

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

"MediaSentry invaded [her] personal computer." (Doc. No. 3, ¶ 15.2). If the record companies' investigator did not, in fact, connect to Andersen's computer, as Andersen argued in *Andersen I*, then Andersen has no claim for intrusion upon seclusion.

Second, to the extent that Andersen now claims that she was correctly identified as the infringer in *Andersen I*, then, by definition, the digital music files that she was publicly distributing over the Internet were not maintained in a private manner. As a matter of law, no user of a peer-to-peer file-sharing program such as Kazaa can have a reasonable expectation of privacy for computer files distributed over the Internet. *In re Verizon Internet Servs.*, 257 F. Supp. 2d at 267 ("[I]t is hard to understand just what privacy expectation [a peer-to-peer user] has after essentially opening the computer to the world."); *Tschirhart*, 05-CV-372-OLG, slip op. at 6 ("A user of a P2P file-sharing network has little or no expectation of privacy in the files he or she offers to others for downloading.") (Ex. G). Andersen's shared folder was open for the world to see, and Defendants cannot have committed any invasion of privacy in viewing and downloading sound recordings from that folder.

**2.  Andersen has not adequately pled a false light claim, and the conduct about which she complains is immune from suit under the Noerr-Pennington doctrine.**

In Oregon, one who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if the false light in which the other was placed would be highly offensive to a reasonable person, and the actor has knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed. *Roskowski v. Corvallis Police Officers' Ass'n*, 2005 WL 555398, at *6 (D. Or. Mar. 9, 2005). The claimant must also show "actual malice," as in a "public figure" defamation claim. *Id.*

Here, Andersen's claim is silent as to the publication allegedly made by Defendants that placed her in a false light. Andersen does not explain the manner by which she claims

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

Defendants made such a publication, nor does she allege to whom or where the publication was made. Andersen alleges merely that she "has been subjected to public derision and embarrassment associated with [the record companies'] claims and public relations campaign" and that the record companies have made "reckless, shameful and slanderous accusations about Ms. Andersen." (Doc. No. 3, ¶ 15.5, 15.6.) Andersen's failure to explain the nature or source of any such alleged publication violates the federal notice pleading standard. *See* Fed. R. Civ. P. 8(a); *Altamont Summit Apartments LLC v. Wolff Props., LLC*, 2002 WL 926264, at *11 (D. Or. Feb. 13, 2002) ("[T]he general notice pleading requirement of Rule 8(a) requires the pleader to provide each defendant, at a minimum, with 'fair notice' of the claims against it.").[6]

To the extent that the purported underpinning for Andersen's claim is the filing of *Andersen I*, that act—the petitioning of courts for redress of a grievance—is protected by both the First Amendment and Oregon's judicial communications privilege and cannot form the basis for a claim of false light invasion of privacy. *See Columbia Pictures Indus.*, 944 F.2d at 1529; *Mantia*, 79 P.3d at 407; *Lee*, 671 P.2d at 705-06.

### 3. Andersen has not stated a claim for invasion of privacy through public disclosure of private facts.

To establish a claim for invasion of privacy for public disclosure of private facts under Oregon law, a plaintiff must show (1) she "had private information which would otherwise have remained private"; (2) "the defendant made that private information known to the public"; and (3) the publication of the information "would have been offensive to a reasonable person." *L&D of Or., Inc. v. American States Ins. Co.*, 14 P.3d 617, 619-20 (2000). "In a claim for invasion of privacy by publication of facts, the facts disclosed must be private, not public." *Trout v. Umatilla County Sch. Dist. UH3-Milton-Freewater*, 712 P.2d 814, 817 (Or. App. 1985).

---

[6] In addition, Plaintiffs note that it is Andersen, and not Defendants, who has publicized the allegations against her. (*See, e.g.*, Article dated August 16, 2007, attached as Ex. I).

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

Here, Andersen's claim fails because she cannot show that Defendants had *any* private information or made *any* private information known to the public. As noted above, Andersen cannot, as a matter of law, have any reasonable expectation of privacy in the digital music files that she distributed over the Internet through the Kazaa file-sharing program. *See In re Verizon Internet Servs.*, 257 F. Supp. 2d at 267. Moreover, although Andersen alleges in conclusory fashion that she "has been subjected to public derision and embarrassment associated with [D]efendants' claims and public relations program" and the that Defendants have made "reckless, shameful and slanderous public accusations," (Doc. No. 3, ¶¶ 15.5-15.6), she fails to identify a single accusation or to whom Defendants allegedly made such accusations. Nor does she allege the manner in which such accusations were made. The fact is that the only possible dissemination or "public accusation" of which Andersen could complain is the Record Company Defendants' Complaint against her in *Andersen I*, which, as demonstrated above, is protected conduct that cannot give rise to any claim for invasion of privacy under the *Noerr-Pennington* doctrine and Oregon's litigation privilege. *See Columbia Pictures Indus., Inc.,* 944 F.2d at 1528; *Mantia*, 79 P.3d at 407

### 4. Andersen's claim for invasion of privacy is barred by the statute of limitations.

Andersen alleges that "Defendants have falsely represented information . . . that subjected [Andersen] to public derision and embarrassment" and that Defendants' "slanderous" "statements . . . place Ms. Andersen in a false light." (Doc. No. 3, ¶¶ 15.5-15.6). False light claims of this nature are governed by the one-year statute of limitations in O.R.S. 12.120(2). *See Logan v. West Coast Benson Hotel*, 981 F. Supp. 1301, 1321 (D. Or. 1997). It is apparent from the face of Andersen's counterclaims in *Andersen I* (Ex. A, ¶¶ 30-34), which were filed well over one year ago, that Andersen has known of these purported allegations for more than one year. Thus, Andersen's invasion of privacy claim is barred by O.R.S. 12.120(2).

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

**K.** **Andersen's libel and slander claim (Count 10) should be dismissed because (1) Andersen has not pled and cannot plead the elements of such a claim, (2) the actions of which she complains are immune from suit under federal and state law, and (3) the claim is barred by the statute of limitations.**

**1.** **Andersen has failed to plead the elements for libel and slander.**

To prevail on a claim of defamation in Oregon, a plaintiff must establish: (1) that the defendant made a defamatory statement; (2) publication or communication of the defamatory statement; and (3) damages. *Reesman v. Highfill*, 965 P.2d 1030, 1034 (Or. 1998). A defamatory statement is an untrue statement that would subject another to "hatred, contempt or ridicule . . . [or] tend to diminish the esteem, respect, goodwill or confidence in which [the other] is held or to excite adverse, derogatory or unpleasant feelings or opinions against [the other]." *Id*. (internal quotations and citations omitted). To be actionable, a communication must be both false and defamatory. *Harley-Davidson v. Markley,* 568 P.2d 1359, 1361-62 (Or. 1977). Accordingly, to state a cause of action for defamation, a plaintiff must allege the falsity of the defendant's communication. *See Fowler v. Donnelly,* 358 P.2d 485, 488 (Or. 1960).

Andersen's two paragraph claim for libel and slander is nowhere near adequate to withstand dismissal. (Doc. No. 3, ¶¶ 16.1-16.2). First, Andersen does not allege that any of Defendants made a false statement. Neither the word false, nor any synonyms thereof, appear in Andersen's allegations. (*See id.*). For that reason alone, her claim fails. Nor does Andersen allege that any statement by Defendants have subjected her to "hatred, contempt or ridicule" or "tend[ed] to diminish the esteem, respect, goodwill or confidence" in which Andersen is held or "excite adverse, derogatory or unpleasant feelings or opinions" against her. *See Reesman*, 965 P.2d at 1034. There is simply no factual basis for any such claim.

Andersen's conclusory allegation that "Defendants' conduct . . . resulted in damages . . . to be proven at trial" is also insufficient. With regard to a claim for slander, special damages must be pled unless the allegation is for slander per se. *L & D of Ore.*, 14 P.3d at 623 (citing *Clark v. Morison,* 156 P. 429 (Or. 1916)). Slander is actionable per se only when the defamatory

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

707507.10/657632v1

communication falls into one of the following specific categories: (1) it imputes the commission of a crime involving moral turpitude, (2) it imputes affliction with a loathsome disease, (3) it imputes unfitness or lack of integrity in the discharge of one's employment duties; or (4) it prejudices the plaintiff in his or her trade or profession. *L & D of Ore.*, 14 P.3d at 621. Because Andersen's allegations do not fall into any of these categories, she is required to plead special damages, which must, in turn, be of a pecuniary character. *See id.* Andersen has failed to plead such special damages (*see* Doc. No. 3, ¶ 16.1-16.2), and her claim should be dismissed.

      **2.      Any claim based on purported conduct incident to litigation is barred by the *Noerr-Pennington* doctrine and Oregon's judicial communications privilege.**

As noted above, both the *Noerr-Pennington* doctrine and Oregon's judicial communications privilege bar claims arising from the filing of a lawsuit and "conduct incidental to the prosecution of the suit." *Columbia Pictures Indus., Inc.,* 944 F.2d at 1528; *Mantia*, 79 P.3d at 407; *see also Lee,* 671 P.2d at 705-06 (finding that Oregon's privilege applies to all tort actions). Here, the only possible publication or statement upon which Andersen could base her claim for libel and slander is the Record Company Defendants' Complaint in *Andersen I.* For the reasons set forth above, any claim based on the filing of *Andersen I* is barred by the *Noerr-Pennington* doctrine and Oregon's judicial communications privilege and should be dismissed.

      **3.      Andersen's claim for libel and slander is barred by the statute of limitations.**

Under Or. Rev. Stat. § 12.120, actions for defamation must be commenced within one year. The statute runs from the date the statement is made or published. *Kraemer v. Harding*, 976 P.2d 1160, 1169-1170 (Or. App. 1999). Here, the only possible basis for Andersen's claim is the filing of the exhibits to the Record Company Defendants' Complaint in *Andersen I.* That complaint was filed on June 24, 2005. (Ex. H). Andersen filed her initial Complaint in *Andersen II* on June 22, 2007 (Doc. No. 1), two years after the publication of the allegedly

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

defamatory statements. Accordingly, Andersen's claim for libel and slander is barred by Or. Rev. Stat. § 12.120 and should be dismissed.

**L.      Andersen's deceptive business practices claim (Count 11) should be dismissed because (1) Andersen never relied on any misrepresentation by Defendants, (2) the claim is barred by the *Noerr-Pennington* doctrine, and (3) the claim is barred by the statute of limitations.**

**1.      Andersen has failed to plead the elements of a deceptive business practices claim.**

To prevail on a claim under Oregon's Unlawful Trade Practices Act ("UTPA"), a plaintiff must prove: (1) a violation of ORS 646.608(1); (2) causation; and (3) damage. *Feitler v. Animation Celection, Inc.*, 13 P.3d 1044, 1047 (Or. App. 2000). Under the UTPA, the claimant must show willful use or employment by another person of a method, act or practice declared unlawful by ORS 646.608, and actual reliance on the affirmative representations that are alleged to be false and deceptive. *Id.*

Here, Andersen apparently complains about allegedly "false and deceptive statements" made "in an attempt to mislead, threaten, and coerce her into paying thousands of dollars." (Doc. No. 3, ¶ 17.4.) Notably, Andersen fails to identify *any* statement made by Defendants, let alone any statements she claims were false or deceptive. Absent such allegations, her claim fails. *See Feitler*, 13 P.3d at 1047. Andersen also does not allege that she was *actually* misled, threatened, or coerced into making any payment to the Record Company Defendants in *Andersen I*, nor could she make such an allegation. For this reason, too, Andersen has failed to state a claim under the UTPA.

**2.      Any claim based on purported conduct incident to litigation is barred by the *Noerr-Pennington* doctrine and Oregon's judicial communication privilege.**

For reasons set forth above, Andersen's allegations concerning statements made by the SSC in the context of settlement discussions (Doc. No. 3, ¶ 17.4) cannot form the basis of any claim for relief. Such statements are incident to litigation and any claim based on such

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

statements is barred by the *Noerr-Pennington* doctrine and Oregon's judicial communication privilege. *See Columbia Pictures Indus.*, 944 F.2d at 1528; *Mantia*, 79 P.3d at 407.

### 3. Andersen's deceptive trade practices claim is barred by the statute of limitations.

In Oregon, UTPA actions must be brought "within one year from the discovery of the unlawful method, act or practice." Or. Rev. Stat. § 646.638(6). Andersen's allegations in support of her UTPA claim arise from pre-litigation settlement discussions. (Doc. No. 3, ¶ 17.2). These alleged communications occurred prior to the filing of the complaint in *Andersen I* on June 24, 2005 (Ex. H), more than two years prior to the filing of Andersen's claim for deceptive trade practices against Defendants on June 22, 2007 (Doc. No. 1). The statute of limitations, thus, bars Andersen's UTPA claim.

### M. Andersen's misuse of copyright claim (Count 12) fails to state a claim for relief because no such claim exists under the law.

Andersen's claim for copyright misuse fails as a matter of law. The Ninth Circuit has held that there is no such thing as an affirmative claim for copyright misuse. Rather, copyright misuse exists, if at all, solely as an affirmative defense to a claim of copyright infringement. *See Practice Mgmt. Info. v. American Medical Ass'n*, 121 F.3d 516, 520 (9th Cir. 1997); *Online Policy Group v. Diebold, Inc.*, 337 F. Supp. 2d 1195, 1199 (N.D. Cal. 2004) ("[T]he Court is aware of [no legal authority] that allows an affirmative claim for damages for copyright misuse."); *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 269 F. Supp. 2d 1213, 1225 (C.D. Cal. 2003) (stating that "copyright misuse cannot found a claim for damages"). Other courts have reached the same conclusion. *See, e.g.*, *Broadcast Music, Inc. v. Hearst/ABC Viacom Entm't Servs.*, 746 F. Supp. 320, 328 (S.D.N.Y. 1990) (dismissing copyright misuse counterclaim because "[s]uch a claim is unprecedented and the Court declines to create the claim"); *Arista Records, Inc. v. Flea World, Inc.*, 356 F. Supp. 2d 411, 428 (D.N.J. 2005) (holding that "copyright misuse is not a claim but a defense" and noting that even the defense of

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

copyright misuse "has rarely been upheld as a defense to a claim of copyright infringement"); *Ass'n of Am. Med. Colleges v. Princeton Review, Inc.*, 332 F. Supp. 2d 11, 29 (D.D.C. 2004) ("Because the policy reasons underlying the development of the equitable doctrine of copyright misuse are grounded in the unclean hands doctrine, permitting copyright misuse as an independent, affirmative claim would be contrary to the purpose of the doctrine."). Accordingly, Andersen's misuse of copyright claim fails to state a claim for relief and should be dismissed.

    **N.**    **Andersen's claim for civil conspiracy (Count 13) should be dismissed because (1) Andersen has not pled and could not properly plead the elements of such a claim, and (2) the claim is barred by the *Noerr-Pennington* doctrine.**

    **1.**    **Andersen has failed to plead the elements of a civil conspiracy claim.**

Under Oregon law, to plead a claim for civil conspiracy, a plaintiff must allege facts showing (1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. *Bonds v. Landers*, 566 P.2d 513, 516 (Or. 1977). Vague and conclusory allegations will not support a claim for civil conspiracy. *Lawver v. Lawvor*, 740 P.2d 1220, 1223 (1987) (plaintiffs who "merely plead in a vague and conclusory manner that the named persons 'have conspired with and among each other' to achieve the allegedly fraudulent objectives" fail to plead a claim for civil conspiracy); *Yanney v. Koehler*, 935 P.2d 1235, 1239 (Or. App. 1997) (holding that plaintiffs failed to plead the "meeting of the minds" element because the allegations were vague and conclusory). Here, Andersen's claim for civil conspiracy is comprised of one paragraph containing nothing more than conclusory allegations. (Doc. No. 3, ¶ 19.2). Andersen does not allege an object to be accomplished by Defendants, a meeting of the minds among Defendants, any specific unlawful overt acts by Defendants or any damages she suffered as a result of Defendants' acts. (*See id.*). Accordingly this claim should be dismissed for failure to state a claim.

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100

**2.** **Any claim based on purported conduct incident to litigation is barred by the *Noerr-Pennington* doctrine and Oregon's judicial communication privilege.**

As discussed above, to the extent that Andersen's ambiguous civil conspiracy claim is premised on Defendants' actions related to prosecuting and attempting to settle *Andersen I*, such conduct is privileged under Oregon's litigation privilege and the *Noerr-Pennington* doctrine and cannot form the basis of a civil conspiracy claim. *See Columbia Pictures Indus.*, 944 F.2d at 1528; *Mantia*, 79 P.3d at 407.

## CONCLUSION

For all of the above reasons, Defendants respectfully request that the Court dismiss Andersen's claims as improper claim-splitting and under Fed. R. Civ. P. 13(a). In the alternative, Defendants request that each of Andersen's claims be dismissed under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted: September 12, 2007.

LANE POWELL PC


By  /s/ William T. Patton
    Kenneth R. Davis, II, OSB No. 97113
    William T. Patton, OSB No. 97364
    (503) 778-2100
Attorneys for Defendants Atlantic Recording Corporation, Priority Records LLC, Capitol Records, Inc., UMG Recordings, Inc., BMG Music, Recording Industry Association of America and Settlement Support Center, LLC

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158
(503) 778-2100