Lory R. Lybeck
Lybeck Murphy, LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 /phone
206-230-7791 /fax
Lybeck – lrl@lybeckmurphy.com
Lybeck – OSB #83276
Attorney for defendant

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON AT PORTLAND

| | |
|---|---|
| Atlantic Recording Corporation, a Delaware corporation; Priority Records, LLC, a California limited liability company; Capitol Records, Inc., a Delaware corporation; UMG Recordings, Inc., a Delaware corporation; and BMG Music, a New York general partnership,<br><br>Plaintiffs,<br><br>v.<br><br>Tanya Andersen,<br><br>Defendant. | No. CV 05-933 AS<br><br>Defendant's Answer, Affirmative Defenses and Counterclaims<br><br>AND DEMAND FOR JURY TRIAL |

## I. ANSWER

1. Answering paragraphs 1-12 and 14 of the Complaint, Ms. Andersen admits that she is a resident of Oregon and that jurisdiction and venue are proper. She specifically denies she downloaded or distributed any music or that any acts of infringement occurred. Ms. Andersen has no ability to determine the accuracy of plaintiffs' claimed corporate forms, principle locations, interest in copyrighted materials and publication of notices of copyright,

Defendant's Answer, Affirmative Defenses and Counterclaims - 1
andersen\answer.cc.final

Lybeck♦Murphy
7525 SE 24th Street, Ste.
Mercer Island, WA 98040
206-230-4255  Fax 206-23

EXHIBIT A PAGE 1 OF 15

Dockets.Justia.com

and on that basis denies these allegations.

2. Ms. Andersen denies the allegations contained in paragraphs 13 and 15-17 and the remainder of the allegations of plaintiffs' complaint.

## II. AFFIRMATIVE DEFENSES

Ms. Andersen hereby asserts the following Affirmative Defenses in this case:

1. Plaintiffs are not entitled to equitable relief under the doctrine of unclean hands.
2. Some or all of plaintiffs' claims are barred by the statutes of limitations.
3. Plaintiffs have failed to comply with filing requirements.
4. Plaintiffs have failed to state a claim upon which relief can be granted.
5. Plaintiffs have failed to join necessary and indispensable parties.
6. The action is barred by the doctrine of laches.
7. Plaintiffs' claims are not supported by fact or warranted by law.

## III. RESERVATION

Ms. Andersen reserves the right to assert third party claims should discovery so indicate.

## IV. COUNTERCLAIMS

### Factual Background

**A. The Record Companies' "John Doe" Lawsuits**

1. For a number of years, a group of large, multinational, multi-billion dollar record companies, including these plaintiffs, have been abusing the federal court judicial

Defendant's Answer, Affirmative Defenses and Counterclaims - 2
andersen\answer.cc.final

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

EXHIBIT A PAGE 2 OF 15



system for the purpose of waging a public relations and public threat campaign targeting digital file sharing activities. As part of this campaign, these record companies retained MediaSentry to invade private home computers and collect personal information. Based on private information allegedly extracted from these personal home computers, the record companies have reportedly filed lawsuits against more than 13,500 anonymous "John Does."

2. The anonymous "John Doe" lawsuits are filed for the sole purpose of information farming and specifically to harvest personal internet protocol addresses from internet service providers.

3. After an individual's personal information is harvested, it is given to the record companies' representatives and the anonymous "John Doe" information farming suits are then typically dismissed.

4. The record companies provide the personal information to Settlement Support Center, which engages in prohibited and deceptive debt collection activities and other illegal conduct to extract money from the people allegedly identified from the secret lawsuits. Most of the people subjected to these secret suits do not learn that they have been "sued" until demand is made for payment by the record companies' lawyers or Settlement Support Center.

**B. Tanya Andersen has Never Downloaded Music**

5. Tanya Andersen is a 42-year-old single mother of an eight-year-old daughter living in Tualatin, Oregon. Ms. Andersen is disabled and has a limited income from Social Security.

6. Ms. Andersen has never downloaded or distributed music online. She has not infringed on any of plaintiffs' alleged copyrighted interest.

Defendant's Answer, Affirmative Defenses and Counterclaims - 3
andersen\answer.cc.final

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791


EXHIBIT A PAGE 3 OF 15

### C. Tanya Andersen was Secretly Sued

7. Ms. Andersen has, however, been the victim of the record companies' public threat campaign. The threats started when the record companies falsely claimed that Ms. Andersen had been an "unnamed" defendant who was being sued in federal court in the District of Columbia. She was never named in that lawsuit and never received service of a summons and complaint.

8. Neither did Ms. Andersen receive any timely notice that the suit even existed. That anonymous suit was filed in mid-2004. Ms. Andersen first learned that she was being "sued" when she received a letter dated February 2, 2005, from the Los Angeles, California, law firm Mitchell Silverberg & Knupp, LLP. The LA firm falsely claimed that Ms. Andersen had downloaded music, infringed undisclosed copyrights and owed hundreds of thousands of dollars. Ms. Andersen was understandably shocked, fearful, and upset.

### D. Record Companies Demand that Tanya Andersen Pay them Thousands of Dollars

9. After receiving the February 2, 2005 letter, Ms. Andersen contacted the record companies' "representative," which turned out to be Settlement Support Center, LLC. This company was formed by the record companies for the sole purpose of coercing payments from people who had been identified as targets in the anonymous information farming suits. Settlement Support Center is a Washington State phone solicitation company which engages in debt collection activities across the country.

10. When Ms. Andersen contacted Settlement Support Center, she was advised that her personal home computer had been secretly entered by the record companies' agents, MediaSentry.

Defendant's Answer, Affirmative Defenses and Counterclaims - 4
andersen\answer.cc.final

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

EXHIBIT A PAGE 4 OF 15

11. Settlement Support Center also falsely claimed that Ms. Andersen had "been viewed" by MediaSentry downloading "gangster rap" music at 4:24 a.m. Settlement Support Center also falsely claimed that Ms. Andersen had used the login name "gotenkito@kazaa.com." Ms. Andersen does not like "gangster rap," does not recognize the name "gotenkito," is not awake at 4:24 a.m. and has never downloaded music.

12. Settlement Support Center threatened that if Ms. Andersen did not immediately pay them, the record companies would bring an expensive and disruptive federal lawsuit using her actual name and they would get a judgment for hundreds of thousands of dollars.

**E. The Record Companies Refused to Investigate the False Claim Of Debt**

13. Ms. Andersen explained to Settlement Support Center that she had never downloaded music, she had no interest in "gangster rap," and that she had no idea who "gotenkito" was.

14. Ms. Andersen wrote Settlement Support Center and even asked it to inspect her computer to prove that the claims made against her were false.

15. An employee of Settlement Support Center admitted to Ms. Andersen that he believed that she had not downloaded any music. He explained, however, that Settlement Support Center and the record companies would not quit their debt collection activities because to do so would encourage other people to defend themselves against the record companies' claims.

16. Instead of investigating, the record company plaintiffs filed suit this against Ms. Andersen.

**F. The Record Companies have no Proof of Infringement.**

17. Despite making false representations to Ms. Andersen that they had evidence of

Defendant's Answer, Affirmative Defenses and Counterclaims - 5
andersen\answer.cc.final

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791


EXHIBIT A PAGE 5 OF 15

infringement and evidence of Ms. Andersen's identity, plaintiffs knew that they had no factual support for their claims.

18. No downloading or distribution activity was ever actually observed. None ever occurred. Regardless, the record companies actively continued their coercive and deceptive debt collection actions against her. Ms. Andersen was falsely, recklessly, shamefully, and publicly accused of illegal activities in which she was never involved.

### Count 1

### Electronic Trespass

19. Defendant realleges and incorporates herein by reference each of the allegations set forth above.

20. Entering a person's personal computer without their authorization to snoop around, steal information, or remove files is a violation of the common law prohibition against trespass to chattels.

21. The record company plaintiffs employed MediaSentry as their agent to break into Ms. Andersen's personal computer (and those of tens of thousands of other people) to secretly spy on and steal information or remove files. MediaSentry did not have Ms. Andersen's permission to inspect, copy, or remove private computer files. If MediaSentry accessed her private computer, it did so illegally and secretly. In fact, Ms. Andersen was unaware that the trespass occurred until well after she was anonymously sued.

22. According to the record companies, the agent, Settlement Support Center used the stolen private information allegedly removed from her home computer in their attempt to threaten and coerce Ms. Anderson into paying thousands of dollars.

23. The record companies' conduct resulted in significant damages, including harm

Defendant's Answer, Affirmative Defenses and Counterclaims - 6
andersen\answer.cc.final

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791


EXHIBIT A PAGE 6 OF 15

to Ms. Andersen's health, in amounts which will to be proven at trial.

## Count 2

### Computer Fraud and Abuse Act

24. Defendant realleges and incorporates herein by reference each of the allegations set forth above.

25. Under the provisions of the Computer Fraud and Abuse Act (18 U.S.C. § 1030) it is illegal to break into another person's private computer to spy, steal or remove private information, damage property, or cause other harm.

26. Ms. Andersen regularly used her personal computer to communicate with friends and family across the country and for interstate e-commerce. Ms. Andersen had password protection and security in place to protect her computer and personal files from access by others.

27. The record company plaintiffs employed MediaSentry as their agent to bypass Ms. Andersen's computer security systems and break into her personal computer to secretly spy and steal or remove private information. MediaSentry did not have her permission to inspect, copy, or remove her private computer files. It gained access secretly and illegally.

28. According to the record companies' agent, Settlement Support Center, used this stolen private information in their attempt to threaten and coerce Ms. Andersen into paying thousands of dollars.

29. The record companies' conduct resulted in direct and consequential damages and harm to Ms. Andersen in excess of $5,000.

///

///

Defendant's Answer, Affirmative Defenses and Counterclaims - 7
andersen\answer.cc.final

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

EXHIBIT A PAGE 7 OF 15

## Count 3

### Invasion of Privacy

30. Defendant realleges and incorporates herein by reference each of the allegations set forth above.

31. According to the record companies, Ms. Andersen's personal computer was invaded by MediaSentry after she was identified with a nine digit code (an Internet Protocol Address ("IPA")) obtained from the anonymous information farming lawsuits. MediaSentry did not have permission to inspect Ms. Andersen's private computer files. It gained access only by illegal acts of subterfuge.

32. The record companies' agent has falsely represented that information obtained in this invasive and secret manner is proof of Ms. Andersen's alleged downloading. Ms. Andersen never downloaded music but has been subjected to public derision and embarrassment associated with plaintiffs' claims and public relations campaign.

33. The record companies have used this derogatory, harmful information to recklessly and shamefully publicly accuse Ms. Andersen of illegal activities without even taking the opportunity offered by Ms. Andersen to inspect her computer.

34. The record companies' conduct resulted in damages including harm to her health and property in an amount to be specifically proven at trial.

## Count 4

### Abuse of Legal Process

35. Defendant realleges and incorporates herein by reference each of the allegations set forth above.

36. Despite knowing that infringing activity was not observed, the record companies

Defendant's Answer, Affirmative Defenses and Counterclaims - 8
andersen\answer.cc.final

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791

EXHIBIT A PAGE 8 OF 15

used the threat of expensive and intrusive litigation as a tool to coerce Ms. Andersen to pay many thousands of dollars for an obligation she did not owe. The record companies pursued their collection activities and this lawsuit for the primary purpose of threatening Ms. Andersen (and many others) as part of its public relations campaign targeting electronic file sharing.

37. The record companies have falsely represented and pleaded that information obtained in this invasive and secret manner is proof of Ms. Andersen's alleged downloading and distribution of copyrighted audio recordings. Ms. Andersen never downloaded music but has been subjected to public derision and embarrassment.

38. The record companies' conduct resulted in damages and harm to Ms. Andersen and her property in an amount to be specifically proven at trial.

## Count 5

### Fraud and Negligent Misrepresentation

39. Defendant realleges and incorporates herein by reference each of the allegations set forth above.

40. The record companies knowingly represented materially false information to Ms. Andersen in an attempt to extort money from her.

41. For example, between February and March 2005, the record companies, through their collection agent Settlement Support Center, falsely claimed that they had proof that Ms. Andersen's IPA had been "viewed" downloading and distributing over 1,000 audio files for which it sought to collect hundreds of thousands of dollars. This statement was materially false. Ms. Andersen never downloaded or distributed any audio files nor did the record companies or any of their agents ever observe any such activity associated with her personal home computer.

Defendant's Answer, Affirmative Defenses and Counterclaims - 9
andersen\answer.cc.final

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255   Fax 206-230-7791



42. The record companies intended that Ms. Andersen believe their false statements and rely on their omissions so that she would be frightened and coerced into paying them thousands of dollars.

43. Ms. Andersen had no access to the information that the record companies falsely claimed to have received from MediaSentry. Ms. Andersen had no way of knowing that the record companies were withholding and omitting information from her, on which they intended she rely.

44. The record companies had a duty to conduct a reasonable investigation into the information that it was representing as true. The record companies breached that duty.

45. The record companies' conduct resulted in damages and harm to her health and property in an amount to be specifically proven at trial.

## Count 6

### Outrage

46. Defendant realleges and incorporates herein by reference each of the allegations set forth above.

47. The record companies' outrageous conduct, including threats, intimidate, and coercion, was intended to and actually caused Ms. Andersen extreme emotional distress.

48. The record companies' conduct was without any reasonable basis and reckless in that it did not investigate its claims.

49. Despite having never observed any downloading or distribution associated with Ms. Andersen's personal home computer and despite refusing Ms. Andersen's offer to allow an inspection of her own computer, the record companies wrongfully continued their improper debt collection activities against her.

Defendant's Answer, Affirmative Defenses and Counterclaims - 10
andersen\answer.cc.final

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791


EXHIBIT A PAGE 10 OF 15

50. The record companies pursued debt collection activities for the inappropriate purpose of illegally threatening Ms. Andersen and many thousands of others. This tortious abuse was motivated by and was a central part of a public relations campaign targeting electronic file sharing.

51. An employee of Settlement Support Center admitted to Ms. Andersen that he believed that she had not downloaded any music. He explained that Settlement Support Center and the record companies would not quit the debt collection activity against her because to do so would encourage other people to defend themselves against the record companies' claims.

52. The record companies were aware of Ms. Andersen's disabilities and her serious health issues. Settlement Support Center knew that its conduct would cause extreme distress in Ms. Andersen. As a result of defendant's conduct, Ms. Andersen suffered severe physical and emotional distress and health problems.

53. The record companies' conduct resulted in damages, including harm to Ms. Andersen's health and property in an amount to be specifically proven at trial.

### Count 7

### Deceptive Business Practices

54. Defendant realleges and incorporates herein by reference each of the allegations set forth above.

55. Oregon's Unlawful Trade Practices Act prohibits those in trade or commerce from engaging in unfair or deceptive practices in the course of business with consumers. ORS 646.605 *et seq.*

56. The record companies' agent, Settlement Support Center, is a company doing business in Washington which was established to engage in debt collection activities in many

Defendant's Answer, Affirmative Defenses and Counterclaims - 11
andersen\answer.cc.final

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

EXHIBIT A PAGE 11 OF 15

states, including Washington and Oregon.

57. Settlement Support Center acting as the record companies' agent made false and deceptive statements to Ms. Andersen in an attempt to mislead, threaten, and coerce her into paying thousands of dollars.

58. Settlement Support Center acting as the record companies' agent has made similar false and deceptive statements to many other residents of Washington and Oregon, and across the country. The public interest has been and continues to be directly impacted by plaintiffs' deceptive practices.

59. The record companies' conduct resulted in damages and harm to Ms. Andersen and her property in an amount to be specifically proven at trial.

### Count 8

### Oregon Racketeer Influenced and Corrupt Organization Act

60. Defendant realleges and incorporates herein by reference each of the allegations set forth above.

61. The Oregon Racketeer Influenced and Corrupt Organization Act prohibits companies from engaging in organized racketeering or criminal activities. ORS 166.715 *et seq.*

62. As fully set forth above, the record companies hired MediaSentry to break into private computers to spy, view files, remove information, and copy images. The record companies received and transmitted the information and images to Settlement Support Center. As the record companies' agent, Settlement Support Center then falsely claimed that the stolen information and images showed Ms. Andersen's downloading and distributing over 1,000 audio files. The record companies falsely claimed that Ms. Anderson owed hundreds of thousands of dollars in an attempt to coerce and extort payment from her.

Defendant's Answer, Affirmative Defenses and Counterclaims - 12
andersen\answer.cc.final

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255 Fax 206-230-7791


EXHIBIT A PAGE 12 OF 15

63. The record companies directed its agents to unlawfully break into private computers and engage in extreme acts of unlawful coercion, extortion, fraud, and other criminal conduct.

64. The record companies and their agents stood to financially benefit from these deceptive and unlawful acts. Proceeds from these activities are used to fund the operation of the record companies' continued public threat campaigns.

65. These unlawful activities were not isolated. The record companies have repeated these unlawful and deceptive actions with many other victims throughout the United States.

66. The record companies' conduct resulted in damages, including harm to Ms. Andersen's health and property in an amount to be specifically proven at trial.

## V. PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for:

a. Dismissal of the plaintiffs' claims with prejudice;

b. An order that plaintiffs shall take no relief from their complaint herein;

c. All direct and consequential damages;

d. Declaratory and Injunctive relief;

e. Statutory and punitive damages awardable under ORS 646.605 *et seq* and ORS 166.715 *et seq*;

f. Attorneys' fees and costs awardable under ORS 646.605 *et seq.*, ORS 166.715 *et seq.*, 17 U.S.C. § 505;

Defendant's Answer, Affirmative Defenses and Counterclaims - 13
andersen\answer.cc.final

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791

EXHIBIT A PAGE 13 OF 15

g. For post-judgment interest on the entire judgment until paid in full; and

h. For such other and further relief as the Court may deem just and equitable.

**DEMAND FOR JURY TRIAL**

Respectfully submitted this 30th day of September, 2005.

                Lybeck Murphy, LLP

                By: /s/ Lory R. Lybeck
                    Lory R. Lybeck (OSB #83276)
                    Attorneys for plaintiffs

Defendant's Answer, Affirmative Defenses and Counterclaims - 14
andersen\answer.cc.final

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255   Fax 206-230-7791


EXHIBIT A PAGE 14 OF 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

AFFIDAVIT OF SERVICE

State of Washington )
) ss.
County of King )

I hereby certify and declare that on the 30th day of September, 2005, I electronically filed the foregoing Defendant's Answer, Affirmative Defenses and Counterclaims with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

**Atty/Plaintiffs:**
Kenneth R. Davis, II
William T. Patton
Lane Powell PC
601 SW Second Avenue, Suite 2100
Portland, OR 97204
503-778-2100/phone
503-778-2200/fax
Email: davisk@lanepowell.com /Davis
pattonw@lanepowell.com /Powell

All parties are registered as CM/ECF participants for electronic notification.

DATED at Mercer Island, Washington, this 30th day of September, 2005.

/s/ Lory R. Lybeck
Lory R. Lybeck (OSB #83276)
Attorneys for defendant
Lybeck Murphy, LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040
(206) 230-4255 /phone
(206) 230-7791 /fax
lrl@lybeckmurphy.com

SUBSCRIBED AND SWORN TO before me this 30th day of September, 2005.

/s/ R. L. Jardine
Print Name: R. L. Jardine
Notary Public in and for the State of
Washington, residing at Monroe.
My commission expires: 5/30/07

Defendant's Answer, Affirmative Defenses and Counterclaims - 15
andersen\answer.cc.final

Lybeck♦Murphy LLP
7525 SE 24th Street, Ste. 500
Mercer Island, WA 98040-2334
206-230-4255  Fax 206-230-7791


EXHIBIT A PAGE 15 OF 15