**Kenneth R. Davis, II**, OSB No. 97113
davisk@lanepowell.com
**William T. Patton**, OSB No. 97364
pattonw@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: (503) 778-2100
Facsimile: (503) 778-2200

**Timothy M. Reynolds**, *Admitted Pro Hac Vice*
timothy.reynolds@hro.com
**HOLME, ROBERTS & OWEN LLP**
1700 Lincoln Street, Ste. 4100
Denver, CO 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

| | |
|---|---|
| **ATLANTIC RECORDING CORPORATION,** a Delaware corporation; **PRIORITY RECORDS LLC,** a California limited liability company; **CAPITOL RECORDS, INC.,** a Delaware corporation; **UMG RECORDINGS, INC.,** a Delaware corporation; and **BMG MUSIC,** a New York general partnership,<br><br>                    Plaintiffs,<br><br>     v.<br><br>**TANYA ANDERSEN,**<br><br>                    Defendant. | CV No. 05-933 AS<br><br>Plaintiffs'<br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS**<br><br>Pursuant to Fed. R. Civ. P. 12(b)(6) |

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C PAGE 1 OF 34

Dockets.Justia.com

## TABLE OF CONTENTS

Page

INTRODUCTION.................................................................................................................... 1

BACKGROUND...................................................................................................................... 2

LEGAL STANDARDS ........................................................................................................... 5

ARGUMENT ........................................................................................................................... 6

I.      Defendant's Claim For Electronic Trespass (Count I) Should Be
Dismissed Because Defendant Has Not Adequately Pleaded The Essential
Elements Of The Claim. ................................................................................ 6

II.     Defendant's Claim That Plaintiffs Have Violated The Computer Fraud and
Abuse Act, 18 U.S.C. § 1030 (Count II), Should Be Dismissed Because
Defendant Has Not Properly Pled The Elements Of A Civil Claim Under
That Act. ....................................................................................................... 8

III.    Defendant's Claim For Invasion Of Privacy (Count III) Should Be
Dismissed Because She Has Not And Cannot Plead The Elements Of Such
A Claim And Because The Actions Of Which Defendant Complains Are
Privileged. ................................................................................................... 10

      A.     Defendant has not stated a claim for invasion of privacy through
intrusion upon seclusion. ................................................................ 10

      B.     Defendant has not stated a claim for invasion of privacy through
false light. ...................................................................................... 11

      C.     Defendant has not stated a claim for invasion of privacy through
public disclosure of private facts. .................................................. 14

IV.    Defendant's Claim For Abuse Of Legal Process (Count IV) Should Be
Dismissed Because Defendant Has Failed To Plead The Essential
Elements Of The Claim. .............................................................................. 15

V.     Defendant's Claim For Fraud And Negligent Misrepresentation (Count V)
Should Be Dismissed Because Defendant Has Not Pled The Requisite
Elements, and any claim based on purported settlement discussions is
barred by the *Noerr – Pennington* doctrine ............................................. 16

      A.     Defendant has failed the plead the requisite elements for a fraud or
negligent misrepresentation claim. ................................................ 16

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100  FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT *C* PAGE *2* OF *34*

B.     Any claim based on purported statements during settlement discussions is barred by the *Noerr-Pennington* doctrine .......................... 18

VI.   Defendant's Claim For Outrage (Count VI) Should Be Dismissed Because She Has Failed To State A Necessary Element Of Her Claim. ........................... 19

    A.     Defendant has failed to plead the elements of this claim. ......................... 19

    B.     Any claim based on purported statements during settlement discussions is barred by the *Noerr-Pennington* doctrine. ......................... 21

VII.   Defendant's Claim For Deceptive Business Practices (Count VII) Should Be Dismissed Because She Never Relied On Any Misrepresentation By Plaintiffs. ........................................................................................................... 21

VIII.   Defendant's Claim Under The Oregon Racketeer Influenced and Corrupt Organization Act, ORS 166.175 *et seq.* (Count VIII), Should Be Dismissed Because She Fails To State The Requisite Elements For The Claim. ..................................................................................................................... 22

    A.     Defendant has not alleged the existence of an "enterprise," much less that one has been conducted or participated in by Plaintiffs. ............ 24

    B.     Defendant has not alleged that Plaintiffs have engaged in any "pattern of racketeering activity.". ............................................................ 24

    C.     Defendant's RICO claim is barred by the *Noerr-Pennington* doctrine. .................................................................................................. 26

IX.   Defendant's Claim for attorney fees and costs should be dismissed because it is procedurally deficient ..................................................................... 26

CONCLUSION ...................................................................................................................... 27

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100  FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT _C_ PAGE _3_ OF _34_

## TABLE OF AUTHORITIES

Page

**Cases**

*Abbott v. Good Shepherd Medical Center,*
2004 WL 2847903 (D. Or. Dec. 9, 2004) .................................................................................. 24

*Acro-Tech, Inc. v. Robert Jackson Family Trust,*
2001 WL 1471753 (D. Or. Sep. 6, 2001) ..........................................................................15, 16, 23

*Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n,*
176 F.3d 315 (6th Cir. 1999) .................................................................................................. 25

*Altamont Summit Apartments LLC v. Wolff Props.*
*LLC,* 2002 WL 926264 (D. Or. Feb. 13, 2002) ....................................................................... 12

*Am. Mfg. Servs., Inc. v. Official Comm. of Unsecured Creditors of the Match Elecs. Group, Inc.,*
2006 U.S. Dist. LEXIS 22987 (N.D.N.Y. 2006) ..................................................................... 26

*Arista Records LLC et al. v. Tschirhart,*
05-CV-372-OLG (W.D. Tex. May 24, 2006) ........................................................ 1, 7, 8, 9, 11

*Ault v. Hustler Magazine, Inc.,*
1986 WL 20896 (D. Or. Oct. 20, 1986) ................................................................................ 19

*California Motor Transport Co. v. Trucking Unlimited,*
404 U.S. 508 (1972) ............................................................................................................... 13

*Campbell v. Safeway, Inc.,*
332 F. Supp. 2d 1367, 1376 (D. Or. 2004) ........................................................................... 20

*Charles Schwab & Co., Inc. v. Carter,*
2005 WL 351929 (N.D. Ill. Feb. 11, 2005) ............................................................................ 8

*Chemicor Drugs, Ltd. v. Ethyl Corp.,*
168 F.3d 119 (3d. Cir. 1999) ............................................................................................ 13, 26

*Coastal States Mktg., Inc. v. Hunt,*
694 F.2d 1358 (5th Cir. 1983) ............................................................................................... 19

*Columbia Pictures Indus., Inc. v. Professional Real Estate Investors, Inc.,*
944 F.2d 1525 (9th Cir. 1991), aff'd, 508 U.S. 49 (1993) .........................................13, 19, 21

*Conway v. Pacific Univ.,*
324 Or. 231, 924 P.2d 818 (1996) ......................................................................................... 18

*Crosswhite v. Cole,*
2003 WL 23537962 ................................................................................................................ 13

*Delaney v. Clifton,*
180 Or. App. 119, 130, 41 P.3d 1099, 1106-07 (2002) .......................................................... 20

*Elektra Entertainment Group, Inc., v. Perez,*
2006 U.S.Dist. LEXIS 78229 ................................................................................................ 27

*Elektra Entm't Group, Inc. v. Does 1-9,*
2004 WL 2095581 (S.D.N.Y. Sep. 8, 2004) ....................................................................... 9, 11

*Feitler v. Animation Celection, Inc.,*
170 Or. App. 702, 708, 13 P.3d 1044 (2000) ........................................................................ 22

*Ford Motor Co. v. Money Makers Automotive Surplus, Inc.,*
2005 WL 2464715 (D. Neb. Sep. 14, 2005) ......................................................................... 13

*GRK Fasteners, Ltd. v. Bennett,*
2004 WL 2260600 (D. Or. Oct. 5, 2004) .............................................................................. 15

PAGE iii - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

EXHIBIT _C_ PAGE _4_ OF _34_

*Havoco Am., Ltd. v. Hollobow,*
  702 F.2d 643 (7th Cir. 1983)............................................................................................. 13
*Huffman & Wright Logging Co. v. Wade,*
  317 Or. 445, 857 P.2d 101 (1993)...................................................................................... 6
*In re Aimster Copyright Litigation,*
  334 F.3d 643 (7th Cir. 2003)............................................................................................. 3
*In re Verizon Internet Servs., Inc.,*
  257 F. Supp. 2d 244 (D.D.C. 2003), *rev'd on other grounds,*
  351 F.3d 1229 (D.C. Cir. 2003), *cert. denied,* 125 S. Ct. 309 (2004) ........................... 7, 9, 11
*International Ass'n of Machinists & Aerospace Workers v. Werner,*
  390 F. Supp. 2d 479 (D. Md. 2005).................................................................................... 9
*Interscope Records v. Duty,*
  2:05-cv-03744-FJM (D. Ariz. April 14, 2006)...............................................................1, 11, 13
*Kebodeaux v. Schwegmann Giant Super Markets, Inc.,*
  33 U.S.P.Q.2d 1223 (E.D. La. 1994)................................................................................... 1
*Kelly v. McBarron,*
  258 Or. 149, 154, 482 P.2d 187 (1971) ............................................................................. 16
*Kilminster v. Day Mgmt. Corp.,*
  133 Or. App. 159, 890 P.2d 1004 (1995)............................................................................ 24
*King v. Deutsche Bank AG,*
  2005 WL 611954, at *31-32 (D. Or. Mar. 8, 2005) .......................................................... 18
*Knevelbaard Dairies v. Kraft Foods, Inc.,*
  232 F.3d 979 (9th Cir. 2000).............................................................................................. 5
*L&D of Or., Inc. v. American States Ins. Co.,*
  171 Or. App. 17, 21, 14 P.3d 617 (2000)........................................................................... 14
*Lee v. Mitchell,*
  152 Or. App. 159, 179, 953 P.2d 414 (1998)..................................................................... 16
*Lee v. Nash,*
  65 Or. App. 538, 671 P.2d 703 (1983) (D. Or. Sep. 19, 2003).......................................... 13
*Mantia v. Hanson,*
  190 Or. App. 412, 417, 79 P.3d 404 (2003)....................................................................... 13
*Mauri v. Smith,*
  324 Or. 476, 929 P.2d 307 (1996)...................................................................................... 10
*McGlinchy v. Shell Chemical Co.,*
  845 F.2d 802 (9th Cir. 1988).............................................................................................. 5
*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,*
  125 S. Ct. 2764 (2005)........................................................................................................ 2
*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.,*
  259 F. Supp. 2d 1029 (C.D. Cal. 2003), *aff'd,* 380 F.3d 1154 (9th Cir. 2004),
  *rev'd,* 125 S. Ct. 2764, 2005 WL 1499402 (June 27, 2005)............................................. 3
*Northwest Airlines, Inc. v. Camacho,*
  296 F.3d 787 (9th Cir. 2002).............................................................................................. 5
*Oneida Tribe of Indians of Wis. v. Harms,*
  2005 WL 2758038, at *3 (E.D. Wis. Oct. 24, 2005)................................................... 13, 19

PAGE iv - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100  FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C PAGE 5 OF 34

*Oregon Pub. Employees' Ret. Bd. ex rel. Oregon Pub. Employees' Ret. Fund v. Simat, Helliesen & Eichner,*
  191 Or. App. 408, 424, 83 P.3d 350 (2004)........................................................................... 17
*Pearl, LLC v. Standard I/O, Inc.,*
  257 F. Supp. 2d 326 (D. Me. 2003)........................................................................................ 6
*Pisciotta v. Teledyne Indus., Inc.,*
  91 F.3d 1326 (9th Cir. 1996)................................................................................................. 5
*Riddle v. Eugene Lodge No. 357 of Benevolent & Protective Order of Elks of the United States,*
  95 Or. App. 206, 213, 768 P.2d 917, 920 n.7 (1989) ............................................................ 23
*Roberts v. Jefferson County,*
  1999 WL 1442334 (D. Or. Oct. 5, 1999).............................................................................. 16
*Roskowski v. Corvallis Police Officers' Ass'n,*
  2005 WL 555398 (D. Or. Mar. 9, 2005)............................................................................... 12
*Sedima, S.P.R.L. v. Imrex Co.,*
  473 U.S. 479, 105 S. Ct. 3275 (1985)................................................................................... 23
*Shilo v. City of Portland,*
  2005 WL 2083014 (D. Or. July 25, 2005)............................................................................ 10
*Sony Music Entertainment Inc. v. Scimeca,*
  No. 2:03-cv-05757 (WJM) (D.N.J. Sep. 30, 2004) ............................................................. 25
*Sosa v. DIRECTV, Inc.,*
  437 F.3d 923, 2006 U.S. App. LEXIS 3541 (9th Cir. Feb. 15, 2006)................... 19, 21, 22, 26
*Swank v. Elwert,*
  55 Or. 48, 105 P. 901 (1910)................................................................................................. 6
*T.F.T.F. Capital Corp. v. Marcus Dairy, Inc.,*
  312 F.3d 90 (2d Cir. 2002).................................................................................................... 26
*Theofel v. Farey-Jones,*
  359 F.3d 1066 (9th Cir. 2004)................................................................................................ 9
*Trout v. Umatilla County School Dist. UH3-Milton-Freewater (McLoughlin Union High School),*
  77 Or. App. 95, 100, 712 P.2d 814 (1985)........................................................................... 14
*United Mine Workers v. Illinois State Bar Ass'n,*
  389 U.S. 217 (1967)............................................................................................................. 12
*United States v. Kennedy,*
  81 F. Supp. 2d 1103 (D. Kan. 2000)........................................................................... 4, 9, 11
*Video Int'l Prod., Inc. v. Warner-Amex Cable Comm.,*
  858 F.2d 1075 (5th Cir. 1988)................................................................................... 13, 18, 26
*Vigilante.com, Inc. v. Argus Test.com, Inc.,*
  2005 WL 2218405 (D. Or. Sep. 6, 2005)...................................................................5, 17, 18

## Statutes

17 U.S.C. § 101 et seq. ....................................................................................................... 2, 27
18 U.S.C. § 1030(a)(5)(B)(i)..................................................................................................... 8
18 U.S.C. § 1030(a)(5)(B)(ii).................................................................................................... 8
18 U.S.C. § 1030(a)(5)(B)(iv) & (v) ......................................................................................... 8
18 U.S.C. § 1962(c)................................................................................................................. 23

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100  FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C PAGE 6 OF 34

FED. R. CIV. 54(d)(2)(A) ............................................................................................................ 27

Fed. R. Civ. P. 12(b)(6) ......................................................................................................... 1, 5

Fed. R. Civ. P. 8 ............................................................................................................. 1, 12, 15

ORS 166.715(4) ......................................................................................................................... 24

ORS 166.720(1) ......................................................................................................................... 23

ORS 166.720(2) ......................................................................................................................... 23

ORS 166.720(3) ......................................................................................................................... 23

ORS 166.720(6) ......................................................................................................................... 24

ORS 166.720(6)(1) ..................................................................................................................... 25

ORS 166.720(6)(b) ..................................................................................................................... 25

ORS 166.720(6)(c) ..................................................................................................................... 25

**Other Authorities**

RESTATEMENT 2D TORTS § 218 ....................................................................................................... 6

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100  FAX: (503) 778-2200

EXHIBIT C PAGE 7 OF 34

## INTRODUCTION

Pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiffs respectfully move to dismiss each of the nine counterclaims asserted by Defendant Tanya Anderson because those counterclaims fail to state claims upon which relief can be granted. Defendant has asserted with her Answer a variety of common law and statutory counterclaims, albeit the precise factual and legal grounds are often difficult to discern. The underlying basis for all of Defendants' claims, however, is that Plaintiffs should somehow be held liable for their legitimate efforts to enforce their copyrights. That, of course, is not only improper, but is contrary to the public policy of encouraging copyright owners to enforce their rights. *See Kebodeaux v. Schwegmann Giant Super Markets, Inc.*, 33 U.S.P.Q.2d 1223, 1224 (E.D. La. 1994) (holding that it would be inconsistent with the purposes of the Copyright Act to "deter plaintiffs . . . from bringing suits when they have a reason to believe, in good faith, that their copyrights have been infringed.").

As set forth below, each of Defendant's counterclaims are subject to dismissal. A number of the claims fail to satisfy Fed. R. Civ. P. 8, and all of the claims founder because Defendant has not pleaded and cannot plead one or more necessary elements of the claim. Further, several of the claims should be dismissed because the alleged conduct is protected by the *Noerr-Pennington* doctrine and/or Oregon's litigation privilege. At least one of the claims is procedurally deficient. In short, the legitimate conduct of which Defendant complains is not actionable, and her counterclaims should be dismissed in their entirety. Courts considering virtually identical counterclaims on similar alleged facts have appropriately dismissed them. *See, e.g., Arista Records LLC et al. v. Tschirhart*, 05-CV-372-OLG (W.D. Tex. May 24, 2006) (attached hereto as Exhibit A); *Interscope Records v. Duty*, 2:05-cv-03744-FJM (D. Ariz. April 14, 2006) (attached hereto as Exhibit B).

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT $\underline{C}$ PAGE $\underline{8}$ OF $\underline{34}$

## BACKGROUND

This action seeks redress for the infringement of Plaintiffs' copyrighted sound recordings pursuant to the Copyright Act, 17 U.S.C. § 101 et seq. Plaintiffs are recording companies that own or control exclusive rights to copyrights in sound recordings. Since the early 1990s, Plaintiffs and other copyright holders have faced a massive and exponentially expanding problem of digital piracy over the Internet. Today, copyright infringers use a variety of peer-to-peer networks to download (reproduce) and unlawfully disseminate (distribute) to others billions of perfect digital copies of Plaintiffs' copyrighted sound recordings each month. Indeed, the U.S. Supreme Court has characterized online piracy as "infringement on a gigantic scale." *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 125 S. Ct. 2764, 2782 (2005).

Peer-to-peer networks are designed so that users can easily and anonymously connect with like-minded infringers. A new user first downloads the necessary software for one of the peer-to-peer networks. Once the software is installed and launched, the user is connected to other users of the network – typically millions of people at a time – to search for, copy and distribute copyrighted works stored on other users' computers. The software creates a "share" folder on each user's computer in which to store the files that the user downloaded from the service, which are then further distributed to other users. Moreover, to enable users to search the computers of complete strangers, the software often scans the "share" folders of those connected to the network, extracts information from each user's files, and automatically creates indices of the sound recordings and other works to facilitate their further distribution.

To download a copyrighted work to a user's computer, the user searches for a particular artist or work, then clicks on an entry from the list of search results. The service then automatically makes a perfect digital copy of the desired sound recording from the computer of one or more other users. The copying user has a new and permanent audio copy that he or she can listen to or transfer to a digital device such as an Apple iPod as often as desired. Each time a

PAGE 2 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100  FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT *C* PAGE 9 OF 34

user makes an unauthorized copy, that copy immediately becomes subject to further distribution to others -- resulting in an exponentially multiplying (or "viral") creation and redistribution of perfect digital copies.[1]

In a recently issued report, the Department of Justice concluded that online media distribution systems are "one of the greatest emerging threats to intellectual property ownership," estimated that "millions of users access P2P networks," and determined that "the vast majority" of those users "illegally distribute copyrighted materials through the networks." Report of the Department of Justice's Task Force on Intellectual Property (October 2004), available at http://www.cybercrime.gov/IPTaskForceReport.pdf, at 39. As a result of the rise of online media distribution systems, Plaintiffs have sustained and continue to sustain devastating financial losses. Plaintiffs' losses from this copyright infringement have also resulted in layoffs of thousands of employees in the music industry. Unfortunately, infringing users of peer-to-peer systems are often "disdainful of copyright and in any event discount the likelihood of being sued or prosecuted for copyright infringement," rendering this serious problem even more difficult for copyright owners to combat. *In re Aimster Copyright Litigation*, 334 F.3d at 645.

On May 20, 2004, Plaintiffs' investigators detected an individual with the username "gotenkito@Kazaa" using the Kazaa online media distribution system over a peer-to-peer file-sharing network. This individual had 1,288 music files on her computer and was distributing them to the millions of people who use peer-to-peer networks. Plaintiffs' third-party investigators, MediaSentry, Inc., determined that the individual used Internet Protocol ("IP") address 4.41.209.23 to connect to the Internet. MediaSentry was able to detect the infringement and identify the IP address because the Kazaa P2P software had its file-sharing feature enabled,

---

[1] For further information about how online media distribution systems are utilized to commit copyright infringement, see *In re Aimster Copyright Litigation*, 334 F.3d 643, 646-47 (7th Cir. 2003) , and *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 259 F. Supp. 2d 1029, 1032-33 (C.D. Cal. 2003), *aff'd*, 380 F.3d 1154 (9th Cir. 2004), *rev'd*, 125 S. Ct. 2764, 2005 WL 1499402 (June 27, 2005).

PAGE 3 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

EXHIBIT $C$ $10$ of $34$

just as any other user on the same P2P network could do.[2]  In gathering evidence of infringement, MediaSentry uses the same functionalities that are built into P2P programs that any user of the software can utilize on the network.  Therefore, MediaSentry does not do anything that any other user of a P2P network cannot do; it does not obtain any information that is not available to anyone who logs onto a P2P network.

In this case, after filing a "Doe" lawsuit against the individual using the IP address detected by MediaSentry, Plaintiffs served a court-ordered third-party subpoena on the Internet Service Provider ("ISP") to determine the identity of the individual to whom the IP address was assigned.  The ISP, Verizon Internet Services, Inc., identified Tanya Andersen as the individual in question.  After learning her identity, Plaintiffs' counsel sent Ms. Andersen a letter advising that copyright infringement had been detected and provided a telephone number and e-mail address she could contact to discuss this matter and possibly resolve it before the commencement of litigation.  Plaintiffs' settlement representatives thereafter contacted Ms. Andersen in the hope of engaging in settlement negotiations, but the ensuing discussions failed.[3]  Accordingly, on June 21, 2005, Plaintiffs filed their Complaint against Defendant for copyright infringement.

On March 27, 2007, Defendant filed her Second Amended Answer, Affirmative Defenses, and Counterclaims (doc. #112) ("Answer").  In her Answer, Defendant accuses Plaintiffs of a laundry list of misbehavior, including "abusing the federal court judicial system" (Answer at 3), waging a "public threat campaign" (Answer at 3), "invad[ing] private home computers" (Answer at 3), and making various and sundry "false representations" to Defendant (Answer at 5).  Defendant then asserts nine separate counterclaims, including claims for electronic trespass; violations of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1030;

---

[2]  *See United States v. Kennedy*, 81 F. Supp. 2d 1103, 1106 n.4 (D. Kan. 2000) (explaining detection through file-sharing program).

[3]  Although Plaintiffs dispute Defendant's characterization of these discussions, that factual disagreement is irrelevant to this Motion.

PAGE 4 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100  FAX: (503) 778-2200

EXHIBIT C PAGE 11 OF 34

invasion of privacy; abuse of legal process; fraud and negligent misrepresentation; outrage; deceptive business practices; violations of the Oregon Racketeer Influenced and Corrupt Organization Act, ORS 166.175 *et seq*; and a claim for Attorneys Fees and Costs. For the reasons set forth below, each of these nine counterclaims should be dismissed under Rule 12(b)(6).[4]

## LEGAL STANDARDS

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a motion pursuant to Rule 12(b)(6), the Court must accept all of the claimant's material allegations as true and must construe all doubts in the light most favorable to the claimant. *See Vigilante.com, Inc. v. Argus Test.com, Inc.*, 2005 WL 2218405, at *1 (D. Or. Sep. 6, 2005). However, "conclusory allegations without more are insufficient to defeat a motion to dismiss for failure to state a claim." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir. 1988). A motion to dismiss should be granted where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Knevelbaard Dairies v. Kraft Foods, Inc.*, 232 F.3d 979, 984 (9th Cir. 2000) (citation omitted).

Courts in the Ninth Circuit routinely dismiss complaints for failure to state a claim upon which relief can be granted where, as here, an affirmative defense appears on the face of the pleading. *See, e.g., Northwest Airlines, Inc. v. Camacho*, 296 F.3d 787, 791 (9th Cir. 2002) (affirming district court's dismissal of claims based on expiration of the statute of limitations); *Pisciotta v. Teledyne Indus., Inc.*, 91 F.3d 1326, 1331-32 (9th Cir. 1996) (same).

---

[4]   Defendant avers in her answer that no "downloading or distribution activity . . . ever occurred." (Answer at 6.) If that were true, at least three of Defendant's counterclaims – electronic trespass, CFAA violations, and invasion of privacy – cannot succeed because they are counter-factual to her denials that downloading and distribution did not take place through her Internet account. These claims are premised entirely upon the manner by which Plaintiffs' investigators gathered evidence of the files being distributed from the shared folder on Defendant's computer.

PAGE 5 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100  FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C PAGE 12 OF 34

## ARGUMENT

### I.  DEFENDANT'S CLAIM FOR ELECTRONIC TRESPASS (COUNT I) SHOULD BE DISMISSED BECAUSE DEFENDANT HAS NOT ADEQUATELY PLEADED THE ESSENTIAL ELEMENTS OF THE CLAIM.

Defendant's first counterclaim, "electronic trespass," fails because Oregon does not recognize a separate claim called "electronic trespass." Indeed, Plaintiffs have been unable to locate any Oregon authority discussing, much less recognizing, a claim for "electronic trespass." In the event that this claim was intended to be a claim for trespass to chattels, the claim still fails. Plaintiffs have committed no such trespass, and it is therefore not surprising that Defendant has failed to adequately plead such a claim.

"'In actions for trespass to personal property the gist of the action is the disturbance of the plaintiff's possession.' . . . That is, the tort of trespass to chattels focuses on the effect – the disturbance of the owner's possession." *Huffman & Wright Logging Co. v. Wade*, 317 Or. 445, 456, 857 P.2d 101 (1993) (quoting *Swank v. Elwert*, 55 Or. 48, 105 P. 901 (1910)); *see also* RESTATEMENT 2D TORTS § 218 ("One who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest."); *Pearl, LLC v. Standard I/O, Inc.*, 257 F. Supp. 2d 326, 354 (D. Me. 2003) (granting summary judgment on trespass claim where there was no evidence that allegedly unauthorized access to computer network "impaired its condition, quality or value").

None of the elements of trespass to chattels appear on the face of Defendant's counterclaim, nor can they be implied or derived from her pleading. In particular, Defendant has made no allegation that Plaintiffs' actions have disturbed her possession as required under Oregon law. Indeed, Defendant has not identified any personal property of hers that has been

PAGE 6 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100  FAX: (503) 778-2200

EXHIBIT C PAGE 13 OF 34

dispossessed. To the contrary, the very heart of this action is Plaintiffs' allegation that it was Defendant who misused Plaintiffs' property when she downloaded and distributed their copyrighted sound recordings over the Internet.

Defendant does not and cannot claim that MediaSentry deprived her of the right to possess or use her computer files when it detected the infringement by using the same Kazaa software functionalities used by individuals engaged in file swapping. Likewise, there is no suggestion that Defendant's computer files were impaired, altered, or otherwise damaged by MediaSentry.[5] As explained above, Plaintiffs' investigators did not thrust themselves into Defendant's computer at all, and did not act without invitation, permission, or welcome. On the contrary, the shared folder for Defendant's Kazaa program was open for the world to see. Plaintiffs cannot have committed any trespass in looking at the contents of Defendant's Kazaa share folder because Defendant invited the entire internet-using public to see those files. *See, e.g., Tschirhart*, 05-CV-372-OLG, slip op. at 7 (holding that "there was no 'wrongful interference' because plaintiffs' investigators did not enter the private portion of her computer, but only accessed all publicly shared files.") (Exhibit A); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) (When an ISP subscriber "opens his computer to permit others, through peer-to-peer file sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world.").

Defendant also does not allege that Plaintiffs' actions have caused bodily or competitive harm to her or anything else in which she owns some legally protected interest. Instead, Defendant simply alleges that she has suffered "damages, including harm to Ms. Andersen's health." (Answer at 6-7.) This allegation is insufficient to suggest that Defendant's possession

---

[5] In fact, Defendant is apparently not even certain that her computer was accessed: "If MediaSentry accessed her private computer, . . ." (Answer at 6.)

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

EXHIBIT C PAGE 14 OF 34

of her computer files was ever disturbed or harmed, much less to plead a causal connection between the alleged trespass and the "harm" she claims to have suffered. *See Tschirhart*, 05-CV-372-OLG24, slip op. at 7 (holding that defendant could not maintain cause of action for electronic trespass where there was no allegation that plaintiffs damaged the computer or denied defendant access to it). As a matter of law, therefore, no claim for trespass can lie against Plaintiffs in this action.

## II.    DEFENDANT'S CLAIM THAT PLAINTIFFS HAVE VIOLATED THE COMPUTER FRAUD AND ABUSE ACT, 18 U.S.C. § 1030 (COUNT II), SHOULD BE DISMISSED BECAUSE DEFENDANT HAS NOT PROPERLY PLED THE ELEMENTS OF A CIVIL CLAIM UNDER THAT ACT.

Defendant's second claim alleges violations of the Computer Fraud and Abuse Act ("CFAA"). The CFAA "is primarily a criminal statute, but it also creates a private cause of action in Section 1030(g)." *Charles Schwab & Co., Inc. v. Carter*, 2005 WL 351929, at *2 (N.D. Ill. Feb. 11, 2005). Section 1030(g) authorizes a civil cause of action only in limited circumstances. 18 U.S.C. § 1030(g).[6]

The CFAA prohibits a number of very specific computer activities, from hacking into government computers with classified information to accessing credit report information or the computers of financial institutions. But it is impossible to tell from the face of Defendant's counterclaim which provision she contends Plaintiffs have violated. Nonetheless, all of the activities prohibited by the CFAA require the access of another's computer *without*

---

[6] Defendant fails to specify the prong under which her CFAA claim is brought. The only damages pleaded by Defendant in this counterclaim are "direct and consequential damages and harm to [Defendant] in excess of $5,000." (Answer at 7.) Therefore, she presumably intends to assert that Plaintiffs' alleged actions involve a loss to Defendant "in excess of $5,000" – thereby falling under "clause (i) . . . of subsection (a)(5)(B)." *See* 18 U.S.C. § 1030(a)(5)(B)(i) ("loss to [one] or more persons . . . aggregating at least $5,000 in value") She certainly has not pleaded any of the other factors. Defendant does not plead damage to her computer system or to a computer system compromising national security. *See* 18 U.S.C. § 1030(a)(5)(B)(i) & (ii). Defendant also does not plead the compromise or impairment of an individual's medical treatment or any physical injury caused by Plaintiffs' alleged actions. *See* 18 U.S.C. § 1030(a)(5)(B)(iv) & (v).

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100   FAX: (503) 778-2200

EXHIBIT C PAGE 15 OF 34

*authorization. See, e.g., Theofel v. Farey-Jones*, 359 F.3d 1066, 1078 (9th Cir. 2004). Here, as a matter of law, Defendant cannot show that Plaintiffs and/or their investigator acted without authorization.

As previously discussed, Plaintiffs' investigators were able to access Defendant's shared folder because the Kazaa peer-to-peer software utilized by Defendant to swap files over the Internet has a file-sharing feature that was enabled at the time the infringement was detected. This feature gives anyone else on the Internet access to any files in the "shared folder" that the user distributes over the peer-to-peer networks. *See Kennedy*, 81 F.Supp.2d at 1106 n.4 (explaining detection through file-sharing program). Defendant's action in enabling the file-sharing feature authorized the whole world to access her music files – making them as publicly accessible as any other web site on the Internet. By making the "shared folder" available to the public, Defendant has granted exactly the type of authorization contemplated by the CFAA. *See, e.g., Tschirhart*, 05-CV-372-OLG, slip op. at 9 (Exhibit A) (rejecting similar CFAA claim); *International Ass'n of Machinists & Aerospace Workers v. Werner*, 390 F.Supp.2d 479 (D. Md. 2005) (dismissing claim under CFAA where defendant had authorization to access computer at issue); *see also In re Verizon Internet Servs., Inc.*, 257 F.Supp.2d at 267; *Elektra Entm't Group, Inc. v. Does 1-9*, 2004 WL 2095581, at *5 (S.D.N.Y. Sep. 8, 2004) (holding Defendant has "minimal 'expectation of privacy in downloading and distributing copyrighted songs without permission'").

In short, Defendant's own actions effectively provided a blanket authorization for others to access the contents of her shared folder. As a result, no claim under the CFAA for unauthorized access to Defendant's computer is available to her and it should be dismissed.

PAGE 9 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C — PAGE 16 OF 34

**III. DEFENDANT'S CLAIM FOR INVASION OF PRIVACY (COUNT III) SHOULD BE DISMISSED BECAUSE SHE HAS NOT AND CANNOT PLEAD THE ELEMENTS OF SUCH A CLAIM AND BECAUSE THE ACTIONS OF WHICH DEFENDANT COMPLAINS ARE PRIVILEGED.**

Defendant's third counterclaim, for invasion of privacy (Count III), fails as a matter of law because Defendant has no reasonable expectation to the privacy of her computer's "shared folder." The contents of her shared folder were being distributed over the Internet as openly and widely as if they were on the front page of *USA Today*.

Oregon recognizes several forms of invasion of privacy, including: "(1) intrusion upon seclusion; (2) appropriation of another's name or likeness; (3) false light; and (4) publication of private facts." *Mauri v. Smith*, 324 Or. 476, 482, 929 P.2d 307, 310 (1996). Defendant's counterclaim fails to articulate which invasion of privacy theory upon which she is relying to support her claim. Notwithstanding, even read in the most generous light, there are absolutely no allegations to the effect that Plaintiffs misappropriated Defendant's name or likeness. Accordingly, Plaintiffs only address intrusion upon seclusion, false light, and publication of private facts.

**A. Defendant has not stated a claim for invasion of privacy through intrusion upon seclusion.**

To plead a claim for invasion of privacy by intrusion upon seclusion, Defendant must show "(1) an intentional intrusion, physical or otherwise, (2) upon the [claimant's] solitude or seclusion or private affairs or concerns, (3) which would be highly offensive to a reasonable person." *Mauri*, 324 Or. at 483, 929 P.2d at 483; *Shilo v. City of Portland*, 2005 WL 2083014, at *13 (D. Or. July 25, 2005). "A person intrudes by thrusting himself in without invitation, permission or welcome." *Shilo*, 2005 WL 2083014, at *13.

Here, Defendant cannot show that Plaintiffs have intruded upon her "solitude or seclusion or private affairs or concerns" because, by definition, the files she was publicly distributing over the Internet were not maintained in a private manner. As a matter of law, no user of a peer-to-

PAGE 10 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

peer file-sharing program such as Kazaa can have a reasonable expectation of privacy for computer files distributed over the Internet. *See, e.g., Tschirhart*, 05-CV-372-OLG, slip op. at 6 ("A user of a P2P file-sharing network has little or no expectation of privacy in the files he or she offers to others for downloading.") (Exhibit A); *Duty*, 2:05-cv-03744-FJM, slip op. at 6 ("[I]t is undisputed that the share file is publicly available, and therefore [defendant] cannot show that the Recording Companies intruded upon her private affairs.") (Exhibit B); *In re Verizon Internet Servs., Inc.*, 257 F.Supp.2d at 267; *Kennedy*, 81 F.Supp.2d at 1110 (activation of file-sharing mechanism shows no expectation of privacy); *Elektra Entm't Group, Inc.*, 2004 WL 2095581, at *5 (holding Defendant has "minimal 'expectation of privacy in downloading and distributing copyrighted songs without permission'").

Plaintiffs' investigators did not thrust themselves into Defendant's computer without invitation, permission, or welcome. On the contrary, files distributed from Defendant's shared folder were open for the world to see. Plaintiffs cannot have committed any invasion of privacy in accessing those files; there was no seclusion or privacy to invade. Therefore, to the extent Defendant seeks to bring a claim for invasion of privacy through intrusion upon seclusion, her claim must fail.

> **B.    Defendant has not stated a claim for invasion of privacy through false light.**

In Oregon, to recover for "false light" invasion of privacy, a claimant must show:

> One who gives publicity to a matter concerning another that places the other before the public in a false light is subject to liability to the other for invasion of his privacy, if
>
> (a)    the false light in which the other was placed would be highly offensive to a reasonable person, and
>
> (b)    the actor has knowledge of or acted in reckless disregard as to the falsity of the publicized matter and the false light in which the other would be placed.

PAGE 11 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100  FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C PAGE 18 OF 34

*Roskowski v. Corvallis Police Officers' Ass'n*, 2005 WL 555398, at *6 (D. Or. Mar. 9, 2005). The claimant must also show "actual malice," as in a "public figure" defamation claim. *See id.* Here, Defendant's claim that Plaintiffs placed her information in an allegedly false light is inadequate under Fed. R. Civ. P. 8, and Plaintiffs' conduct is privileged by the *Noerr-Pennington* doctrine.

As a preliminary matter, Defendant's counterclaim is silent as to the publication allegedly made by Plaintiffs that placed her in a false light. She does not explain the manner by which she claims Plaintiffs made such a publication; nor does she allege to whom or where the publication was made. Defendant simply alleges she "has been subjected to public derision and embarrassment associated with [P]laintiffs' claims and public relations program" and that Plaintiffs have "shamefully publicly accuse[d Defendant] of illegal activities." (Answer at 8.) Defendant's failure to explain the nature of any such alleged publication violates the federal notice pleading standard. *See* FED. R. CIV. P. 8(a); *Altamont Summit Apartments LLC v. Wolff Props. LLC*, 2002 WL 926264, at *11 (D. Or. Feb. 13, 2002) ("[T]he general notice pleading requirement of Rule 8(a) requires the pleader to provide each defendant, at a minimum, with 'fair notice' of the claims against it.").

In any event, the only act by Plaintiffs that could conceivably be alleged to have placed Defendant before the public in a false light is the filing of this lawsuit in federal court. That act – the petitioning of courts for redress of a grievance – is protected by the First Amendment under the *Noerr-Pennington* doctrine and cannot form the basis for Defendant's counterclaim.

The First Amendment guarantees "the right of the people . . . to petition the Government for redress of grievances." U.S. CONST. amend. I. The Supreme Court has declared the right to petition to be "among the most precious rights of the liberties safeguarded by the Bill of Rights." *United Mine Workers v. Illinois State Bar Ass'n*, 389 U.S. 217, 222 (1967). This right to petition – often referred to as *Noerr-Pennington* immunity – has been extended to afford a party the right

PAGE 12 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C 19 of 34

to access the courts. *See California Motor Transport Co. v. Trucking Unlimited*, 404 U.S. 508 (1972). Consistent with this right, numerous courts have shielded litigants from claims relating to the filing of litigation. *See, e.g., Chemicor Drugs, Ltd. v. Ethyl Corp.*, 168 F.3d 119, 128-129 (3d. Cir. 1999); *Video Int'l Prod., Inc. v. Warner-Amex Cable Comm.*, 858 F.2d 1075, 1082-83 (5th Cir. 1988); *Havoco Am., Ltd. v. Hollobow*, 702 F.2d 643, 649 (7th Cir. 1983); *Duty*, 2:05-cv-03744-FJM, slip op. at 6.[7]

The filing of a lawsuit is not the only conduct that is protected by the *Noerr-Pennington* doctrine. An offer to settle a lawsuit also constitutes "conduct incidental to the prosecution of the suit" that is protected under the *Noerr-Pennington* doctrine. *Columbia Pictures Indus., Inc. v. Professional Real Estate Investors, Inc.*, 944 F.2d 1525, 1528 (9th Cir. 1991), *aff'd*, 508 U.S. 49 (1993). Even the mere *threat* of a lawsuit is protected by the *Noerr-Pennington* doctrine. *See Oneida Tribe of Indians of Wis. v. Harms*, 2005 WL 2758038, at *3 (E.D. Wis. Oct. 24, 2005). And counterclaims are certainly subject to dismissal under this doctrine. *See id.* (dismissing counterclaims based on filing of lawsuit on *Noerr-Pennington* grounds).

Even if the *Noerr-Pennington* doctrine did not bar a counterclaim for false light invasion of privacy, "Oregon courts have long recognized, and enforced, an absolute privilege for statements in the course of or incident to judicial and quasi-judicial proceedings. That privilege applies equally to parties to such proceedings and to their attorneys." *Mantia v. Hanson*, 190 Or. App. 412, 417, 79 P.3d 404, 407 (2003). Further, the privilege applies not just to defamation claims but to all tort actions, including "false light" claims for invasion of privacy. *See Crosswhite v. Cole*, 2003 WL 23537962, at *4 (citing, *inter alia, Lee v. Nash*, 65 Or. App. 538, 542, 671 P.2d 703 (1983) (D. Or. Sep. 19, 2003). Here, to the extent Defendant attempts to

---

[7] *See also Ford Motor Co. v. Money Makers Automotive Surplus, Inc.*, 2005 WL 2464715, at *4 (D. Neb. Sep. 14, 2005) ("[Plaintiff's] statements are privileged under the First Amendment via the *Noerr-Pennington* doctrine, which provides absolute immunity from any liability arising out of a party's filing and maintaining a civil lawsuit.").

PAGE 13 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT *C* PAGE 20 OF 34

claim damages based upon statements made during the course of this litigation – including the allegations made in Plaintiffs' complaint – those statements are absolutely privileged and cannot form the basis for any counterclaim. *See Id.*

**C.**   **Defendant has not stated a claim for invasion of privacy through public disclosure of private facts.**

To establish a claim for invasion of privacy for public disclosure of private facts under Oregon law, Defendant must show:

(1)   that the plaintiff had private information which would otherwise have remained private;

(2)   that the defendant made that private information known to the public or to a large number of people; and

(3)   that the publication of that information would have been offensive to a reasonable person.

*L&D of Or., Inc. v. American States Ins. Co.*, 171 Or. App. 17, 21, 14 P.3d 617, 619-20 (2000). Here, Defendant's claim fails as a matter of law because she cannot show that Plaintiffs had any private information or made any private information known to the public.

"In a claim for invasion of privacy by publication of facts, the facts disclosed must be private, not public." *Trout v. Umatilla County School Dist. UH3-Milton-Freewater (McLoughlin Union High School)*, 77 Or. App. 95, 100, 712 P.2d 814, 817 (1985). As noted above, Defendant cannot, as a matter of law, have any reasonable expectation of privacy in the files she distributed over the Internet through the Kazaa file-sharing program. There was no privacy associated with those files, and Defendant cannot maintain a claim for invasion of privacy where the information allegedly disseminated was not private.

In any event, Defendant does not allege that Plaintiffs made any of her allegedly private information available to the public. The closest that Defendant comes to alleging this element of a claim for invasion of privacy are her statements that she "has been subjected to public derision

PAGE 14 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

EXHIBIT *C* PAGE 21 OF 34

and embarrassment associated with [P]laintiffs' claims and public relations program" and the allegation that Plaintiffs have "shamefully publicly accuse[d Defendant] of illegal activities." (Answer at 8.) Defendant does not allege to whom Plaintiffs disseminated her allegedly private information nor does she set forth the means by which the alleged dissemination took place. Her failure to do so are enough to justify the dismissal of this action under Fed. R. Civ. P. 8.

Moreover, the only possible dissemination or "public accusation" of which Defendant could complain is this lawsuit. She may not counterclaim for it. As noted above, statements made in a lawsuit are protected and cannot give rise to any claim, whether for invasion of privacy or otherwise, under both the *Noerr-Pennington* doctrine and Oregon's litigation privilege.

## IV. DEFENDANT'S CLAIM FOR ABUSE OF LEGAL PROCESS (COUNT IV) SHOULD BE DISMISSED BECAUSE DEFENDANT HAS FAILED TO PLEAD THE ESSENTIAL ELEMENTS OF THE CLAIM.

Defendant's counterclaim for abuse of legal process (Count IV) fares no better. "Abuse of [l]egal [p]rocess . . . is the malicious perversion of a regularly issued process whereby a result not lawfully or properly attainable under it is secured." *GRK Fasteners, Ltd. v. Bennett*, 2004 WL 2260600, at *5 (D. Or. Oct. 5, 2004). In Oregon, a properly pleaded claim for abuse of process requires the claimant to allege:

> (1) an ulterior purpose;
>
> (2) a willful act in the use of process not proper in the regular conduct of the proceeding;
>
> (3) injuries beyond those which are a common burden on parties to litigation; and
>
> (4) an actual arrest or a seizure of property.

*Acro-Tech, Inc. v. Robert Jackson Family Trust*, 2001 WL 1471753, at *8 (D. Or. Sep. 6, 2001) (further defining abuse of process as "perversion of legal procedure to accomplish an ulterior

PAGE 15 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C PAGE 22 OF 34

purpose when the procedure is commenced in proper form and with probable cause") (quoting *Kelly v. McBarron*, 258 Or. 149, 154, 482 P.2d 187 (1971)).

Here, even if Defendant could satisfy the first three elements, her counterclaim clearly fails the fourth element set forth above. In Oregon, Defendant must state a special injury such as her arrest or the seizure of her business. *See, e.g., Acro-Tech, Inc.*, 2001 WL 1471753, at *8 (explaining that the damages alleged for abuse of process must involve "special injury" involving "arrest or seizure of property"); *Lee v. Mitchell*, 152 Or. App. 159, 179, 953 P.2d 414, 427 (1998) (noting that to state a claim for abuse of process, "it is necessary to allege either an actual arrest or a seizure of property"); *Roberts v. Jefferson County*, 1999 WL 1442334, at *6 (D. Or. Oct. 5, 1999) ("A recent case affirmed the abuse of process requirement of actual arrest or property seizure.") (citing *Lee*). Defendant has not and cannot allege that she has been arrested or that her property has been seized by Plaintiffs' alleged abuse of process. This failure to plead any "special injury" is fatal to her claim for abuse of process.

V.    **DEFENDANT'S CLAIM FOR FRAUD AND NEGLIGENT MISREPRESENTATION (COUNT V) SHOULD BE DISMISSED BECAUSE DEFENDANT HAS NOT PLED THE REQUISITE ELEMENTS, AND ANY CLAIM BASED ON PURPORTED SETTLEMENT DISCUSSIONS IS BARRED BY THE *NOERR – PENNINGTON* DOCTRINE**

A.    **Defendant has failed the plead the requisite elements for a fraud or negligent misrepresentation claim.**

Defendant's fifth counterclaim seeks recovery for fraud and negligent misrepresentation. As a threshold matter, Plaintiffs dispute Defendant's allegation that they made any misrepresentation to her. Setting aside that factual dispute, this claim should be dismissed because Defendant has not pled the necessary elements of either fraud or negligent misrepresentation.

In Oregon, the elements of a fraud claim are: "(1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) his intent that

PAGE 16 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT _C_ PAGE 23 OF 34

it should be acted on by the person and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) his reliance on its truth; (8) his right to rely thereon; and (9) his consequent and proximate injury." *Vigilante.com, Inc.*, 2005 WL 2218405, at *7; *see also Oregon Pub. Employees' Ret. Bd. ex rel. Oregon Pub. Employees' Ret. Fund v. Simat, Helliesen & Eichner*, 191 Or. App. 408, 424, 83 P.3d 350, 359 (2004). The elements of negligent misrepresentation in Oregon are: "(1) a special relationship between plaintiff and defendants; (2) that defendants failed to exercise reasonable care by negligently making false representations or omitting material facts; (3) plaintiff's reasonable reliance on those false representations or omissions; and (4) damages sustained by plaintiff." *Vigilante.com, Inc.*, 2005 WL 2218405, at *16.

Among other deficiencies, the most glaring element missing from Defendant's counterclaim for fraud and negligent misrepresentation is Defendant's failure to allege her reliance on any misrepresentation, whether negligent or intentional, or the reasonable nature of any such reliance. Indeed, nothing in her Answer suggests she relied in any way on *any* statement made by Plaintiffs or their representatives. To the contrary, if Ms. Andersen were to be believed, she has known all along that the supposed false representations were not true. Without reasonable reliance, Defendant has not stated a claim under either theory of liability. *See id.* at *17; *see also Oregon Pub. Employees' Ret. Bd.*, 191 Or. App. at 428, 83 P.3d at 362 ("[T]he 'right to rely' element of a fraud claim under Oregon law requires proof of the reasonableness of the reliance.").

This counterclaim is subject to dismissal for other reasons as well. Defendant does not contend that she relied upon the allegedly false representations. Likewise, she does not allege those representations were material. Both elements are necessary to establish a fraud claim under Oregon law. *See Vigilante.com, Inc.*, 2005 WL 2218405, at *7.

PAGE 17 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C PAGE 24 OF 34

Similarly, for negligent misrepresentation, Defendant has failed to allege the existence of any special relationship between Plaintiffs and Defendant. This is a necessary element under Oregon law. Oregon's courts will find the existence of a "special relationship" where:

> the party who is owed the duty effectively has authorized the party who owes the duty to exercise independent judgment in the former party's behalf and in the former party's interests. In doing so, the party who is owed the duty is placed in a position of reliance upon the party who owes the duty; that is, because the former has given responsibility and control over the situation at issue to the latter, the former has a right to rely on the latter to achieve a desired outcome or resolution.

*King v. Deutsche Bank AG*, 2005 WL 611954, at *31-32 (D. Or. Mar. 8, 2005) (quoting *Conway v. Pacific Univ.*, 324 Or. 231, 924 P.2d 818 (1996)). Defendant has not, and cannot, allege that Defendant has authorized Plaintiffs to exercise any independent judgment on her behalf. Defendant's failure to plead this element means her counterclaim for negligent misrepresentation should be dismissed. *See Vigilante.com, Inc.*, 2005 WL 2218405, at *16; *King*, 2005 WL 611954, at *31-32.

**B.     Any claim based on purported statements during settlement discussions is barred by the *Noerr-Pennington* doctrine**

In addition to the foregoing, any fraud or negligent misrepresentation claim based on the alleged statements of Plaintiffs' representatives at the Settlement Support Center is barred by the *Noerr-Pennington* doctrine. As discussed above, *Noerr-Pennington* immunity extends to all aspects of the First Amendment right to petition. *White*, 227 F.3d at 1231 ("While the *Noerr-Pennington* doctrine originally arose in the antitrust context, it is based on and implements the First Amendment right to petition and therefore . . . applies equally in all contexts."); *Video Int'l Prod.*, 858 F.2d at 1084 ("There is simply no reason that a common-law tort doctrine can any more permissibly abridge or chill the constitutional right of petition than can a statutory claim such as antitrust.").

PAGE 18 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100  FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C PAGE 25 OF 34

Offers to settle a lawsuit constitute "conduct incidental to the prosecution of the suit" that are also protected under the *Noerr-Pennington* doctrine. *Columbia Pictures Indus., Inc.*, 944 F.2d at 1528; *see also Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 942, 2006 U.S. App. LEXIS 3541, at *29-*35, *46-47 (9th Cir. Feb. 15, 2006) (holding that settlement communications between private parties prior to litigation are protected activity, and that such protection extends to legal representations made during the course of such settlement communications). Even the mere threat of a lawsuit is protected by the *Noerr-Pennington* doctrine. *Coastal States Mktg., Inc. v. Hunt*, 694 F.2d 1358, 1367-68 (5th Cir. 1983) (extending *Noerr-Pennington* immunity to generalized threats to litigate); *Oneida Tribe of Indians of Wisconsin*, 2005 WL 2758038, at *3.

Here, as demonstrated from the face of Defendant's Answer (Answer ¶¶ 41, 42), the alleged statements of Plaintiffs' settlement representatives were made during the course of settlement discussions. Thus, any claim based on such statements is barred by the *Noerr-Pennington* doctrine and should be dismissed.

## VI. DEFENDANT'S CLAIM FOR OUTRAGE (COUNT VI) SHOULD BE DISMISSED BECAUSE SHE HAS FAILED TO STATE A NECESSARY ELEMENT OF HER CLAIM.

Defendant also attempts to assert a claim for "outrage." This claim fails for two reasons. First, Defendant can not show the elements necessary to sustain such a claim. Second, the claim is barred by the *Noerr-Pennington* Doctrine.

### A. Defendant has failed to plead the essential elements of this claim.

While there is no such claim as outrage, Plaintiffs interpret Defendant's claim as one for intentional infliction of emotional distress (or IIED). *See Ault v. Hustler Magazine, Inc.*, 1986 WL 20896, at *8 (D. Or. Oct. 20, 1986) ("Defendants contend that the cause of action for outrage is but another name for the intentional infliction of emotional distress and that this claim

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C PAGE 26 OF 34

should be stricken as redundant. The court agrees."). To prevail on such a claim, Defendant must show:

    (1)    the [actor] intended to inflict severe mental or emotional distress;

    (2)    the [actor's] acts, in fact, caused [the defendant] to suffer severe mental or emotional distress; and

    (3)    the [actor's] acts constituted an extraordinary transgression of the bounds of socially tolerable conduct.

*Campbell v. Safeway, Inc.*, 332 F. Supp. 2d 1367, 1376 (D. Or. 2004).

At this stage, Plaintiffs do not challenge whether Defendant has pled the first two elements of intentional infliction of emotional distress. The third element of Defendant's claim, however, is another matter. Under Oregon law, IIED claims invariably involve situations where the parties possess a "special relationship," such as a "physician-patient, counselor-client, or common carrier passenger." The existence of such a special relationship and conduct that is violative of it are the kinds of situations that typically qualify as an "extraordinary transgression of the bounds of socially tolerable conduct." *See Delaney v. Clifton*, 180 Or. App. 119, 130, 41 P.3d 1099, 1106-07 (2002) ("[a] 'special relationship' between the parties has played a role in every case in this state involving [a successful claim of IIED]."). "In fact, the lack of such a relationship generally defeats a conclusion that the conduct is actionable through an IIED claim." *Id.*

Defendant's counterclaim does not allege that there was a special relationship between her and Plaintiffs; neither does it specify what Plaintiffs did that supposedly qualifies as actionable outrageous conduct. Defendant has complained that Plaintiffs' actions were "without any reasonable basis and reckless" (Answer at 10), "improper" (*id.*), "inappropriate" (*id.,* at 11), and "tortious" (*id.* at 11). These terms are mere conclusory adjectives and do not identify the alleged offending conduct, nor do they allege the existence of any special relationship between

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

EXHIBIT _C_ PAGE _27_ OF _34_

the parties. Indeed, the only relationship between Plaintiffs and Defendant is the instant lawsuit – the result of Defendant's alleged infringement of Plaintiffs' copyrighted sound recordings over the Internet.

The only actual conduct referenced in this counterclaim is "improper debt collection" activity allegedly directed at Defendant by Plaintiffs and their settlement representatives. Defendant does not allege that such conduct constitutes "an extraordinary transgression of the bounds of socially tolerable conduct." Indeed, she does not – and cannot – suggest that *any* of Plaintiffs' conduct clears that high hurdle.

**B.** **Any claim based on purported statements during settlement discussions is barred by the *Noerr-Pennington* doctrine.**

As discussed above, *Noerr-Pennington* immunity extends to offers to settle a lawsuit, as they constitute "conduct incidental to the prosecution of the suit." *Columbia Pictures Indus., Inc.*, 944 F.2d at 1528; *see also Sosa*, 437 F.3d at 942. As set forth in Defendant's Answer (Answer ¶¶ 67-69), this counterclaim is based on alleged statements of Plaintiffs' and their agent(s) made during the course of settlement discussions. As such, any claim based on such statements is barred by the *Noerr-Pennington* doctrine and should be dismissed. *See Sosa*, 437 F.3d at 942.

**VII. DEFENDANT'S CLAIM FOR DECEPTIVE BUSINESS PRACTICES (COUNT VII) SHOULD BE DISMISSED BECAUSE SHE NEVER RELIED ON ANY MISREPRESENTATION BY PLAINTIFFS.**

Defendant's seventh counterclaim alleges that Plaintiffs have violated Oregon's Unlawful Trade Practices Act (UTPA), ORS 646.605 *et seq.* Defendant apparently complains about allegedly "false and deceptive statements" made "in an attempt to mislead, threaten, and coerce her into paying thousands of dollars." (Answer at 12.) Notably, Defendant does not allege that she was *actually* misled, threatened, or coerced into making any payment. Indeed, nothing in her

PAGE 21 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C PAGE 28 OF 34

Answer suggests she paid anything to anyone related to this case. Nor could she make such an allegation.

Apart from the factual dispute concerning whether false and deceptive statements were even made, Defendant's failure to allege that she relied on those allegedly "false and deceptive statements [made] in an attempt to mislead, threaten, and coerce [her]" is fatal to her counterclaim. Under the UTPA, the claimant must show actual reliance on the affirmative representations that are alleged to be false and deceptive. *See Feitler v. Animation Celection, Inc.*, 170 Or. App. 702, 708, 13 P.3d 1044, 1047 (2000) ("Where, as here, the alleged violations are affirmative misrepresentations, the causal/'as a result of' element requires proof of reliance-in-fact by the consumer."). Defendant has not done so here. Accordingly, she does not properly state a claim under the UTPA.

Additionally, for reasons set forth more fully above, because the alleged statements at issue with regard to Defendant's claim for deceptive business practices were made in the context of settlement discussions (Answer ¶ ¶ 74-76), the claim is barred by the *Noerr-Pennington* doctrine and should be dismissed. *See Sosa,* 437 F.3d at 942.

## VIII. DEFENDANT'S CLAIM UNDER THE OREGON RACKETEER INFLUENCED AND CORRUPT ORGANIZATION ACT, ORS 166.175 *ET SEQ.* (COUNT VIII), SHOULD BE DISMISSED BECAUSE SHE FAILS TO STATE THE REQUISITE ELEMENTS FOR THE CLAIM.

For her final counterclaim, Defendant purports to bring a claim under the Oregon Racketeer Influenced and Corrupt Organization Act (ORICO), ORS 166.175 *et seq*. (Answer at 12.) Although Defendant makes sweeping statements about alleged attempts to coerce or extort money from her, as well as a series of "deceptive and unlawful acts" (Answer at 12-13), Defendant fails to state the essential elements of an ORICO claim.

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT *C* PAGE 29 OF 34

It is unclear from the language of the counterclaim which provision of ORICO Defendant contends Plaintiffs have violated. Defendant does not make any allegation in her counterclaim that:

> Plaintiffs have used or invested any proceeds derived from a pattern of racketeering activity or the collection of an unlawful debt in any real estate or enterprise, in violation of ORS 166.720(1);
>
> Plaintiffs have acquired or maintained any interest in any real estate or enterprise through a pattern of racketeering activity or the collection of an unlawful debt, as barred by ORS 166.720(2); or
>
> Plaintiffs engaged in a conspiracy to violate any provision of ORS 166.720(1)-(3); indeed, the words "conspiracy" or "conspire" do not even appear in her counterclaim.

As a result, the only possible subsection of ORS 166.720 upon which Defendant could premise her ORICO claim is subsection (3), which requires Defendant to plead and prove that (1) Plaintiffs were "employed by, or associated with," an enterprise (2) "to conduct or participate, directly or indirectly, in such enterprise" (3) "through a pattern of racketeering activity or the collection of an unlawful debt." ORS 166.720(3); *see also Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S. Ct. 3275, 3285 (1985) (identifying elements of a claim under 18 U.S.C. § 1962(c) as (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity). A claim under ORS 166.720(3) is analogous to 18 U.S.C. § 1962(c). *See Riddle v. Eugene Lodge No. 357 of Benevolent & Protective Order of Elks of the United States*, 95 Or. App. 206, 213, 768 P.2d 917, 920 n.7 (1989). Indeed, Oregon RICO law is modeled after its federal counterpart and "[f]ederal cases interpreting the federal statute are persuasive in interpreting the intent of the Oregon legislature." *Acro-Tech, Inc.*, 2001 WL 1471753, at *7.

Even under this subsection, Defendant's counterclaim fails because she has not even attempted to plead the fundamental elements of such an ORICO claim.

PAGE 23 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

EXHIBIT C PAGE 30 OF 34

**A.** **Defendant has not alleged the existence of an "enterprise," much less that one has been conducted or participated in by Plaintiffs.**

Defendant has not attempted to allege the existence of any enterprise, much less identify the enterprise she claims has been conducted or participated in by Plaintiffs. "To state a claim under [ORS 166.720(3)], plaintiff must allege 'the existence of two entities: person and enterprise.'" *See Abbott v. Good Shepherd Medical Center*, 2004 WL 2847903, at *5 (D. Or. Dec. 9, 2004) (quoting *Kilminster v. Day Mgmt. Corp.*, 133 Or. App. 159, 890 P.2d 1004 (1995)). Here, Defendant has not pled the existence of either of these entities. Indeed, the word "enterprise" does not appear in the text of her counterclaim. This failure is fatal to her claim.

**B.** **Defendant has not alleged that Plaintiffs have engaged in any "pattern of racketeering activity."**

Defendant has not adequately alleged that Plaintiffs have engaged in a "pattern of racketeering activity." In Oregon, a pattern of racketeering must include "engaging in at least two incidents of racketeering activity that have the same or similar intents, results, accomplices, victims or methods of commission or otherwise are interrelated by distinguishing characteristics, including a nexus to the same enterprise, and are not isolated incidents . . ." ORS 166.715(4). A claimant's allegation of a pattern of racketeering activity must contain:

    (a)    A statement of the acts constituting each incident of racketeering activity in ordinary and concise language, and in a manner that enables a person of common understanding to know what is intended;

    (b)    A statement of the relation to each incident of racketeering activity that the conduct was committed on or about a designated date, or during a designated period of time;

    (c)    A statement designating which distinguishing characteristic or characteristics interrelate the incidents of racketeering activity; and

    (d)    A statement that the incidents alleged were not isolated.

ORS 166.720(6).

PAGE 24 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C PAGE 31 OF 34

Defendant's counterclaim falls well short of this requirement. She has not stated the acts constituting each incident of racketeering activity, except to make sweeping allegations of unidentified "unlawful coercion, extortion, fraud, and other criminal conduct." (Answer at 13.)[8] Plaintiffs submit that conclusory allegations such as these are far too generalized to allow "a person of common understanding to know what is intended" in terms of the acts constituting each incident of racketeering activity, as required by ORS 166.720(6)(1). Defendant also has not made any allegation about the "designated date" upon which or "designated period of time" during which the alleged racketeering activity took place. This contravenes her pleading obligations under ORS 166.720(6)(b). Further, Defendant has not made any allegation "designating which distinguishing characteristic or characteristics interrelate the incidents of racketeering activity," as required by ORS 166.720(6)(c). In short, Defendant's counterclaim does not even begin to set forth any pattern of racketeering activity as that term is contemplated by ORICO or the case law interpreting it. Therefore, Defendant's ORICO claim should be dismissed. *See, e.g., Sony Music Entertainment Inc. v. Scimeca*, No. 2:03-cv-05757 (WJM) (D.N.J. Sep. 30, 2004), slip op. at 3 (Ex. A) (dismissing RICO counterclaim where claimant failed to identify "any valid predicate act").[9]

---

[8] To the extent Defendant purports to premise her ORICO claim on Plaintiffs' alleged fraud, her allegations must be pleaded with particularity. *See Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322-23 (6th Cir. 1999) (dismissing RICO claim for failure to plead predicate act with particularity). No such particularity has been provided in her counterclaim.

[9] Moreover, if Defendant intended to allege that a threat to file a lawsuit, the filing of this lawsuit or the service thereof, or any attempt to settle this lawsuit constitute racketeering activity, that allegation must fail. *See Scimeca*, slip. op. at 4 (Ex. A) (dismissing RICO counterclaim in similar lawsuit for invalid allegation of racketeering activity where claimant identified attorney conduct in filing, serving, and attempting to settle lawsuit as predicate acts).

PAGE 25 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C PAGE 32 OF 34

## C.     Defendant's RICO claim is barred by the *Noerr-Pennington* doctrine

As noted above, numerous courts have applied the *Noerr-Pennington* doctrine to confer immunity on litigants from claims relating to the filing of lawsuit. *See, e.g. T.F.T.F. Capital Corp. v. Marcus Dairy, Inc.,* 312 F.3d 90, 93 (2d Cir. 2002); *Chemicor Drugs, Ltd.,* 168 at 128-129; *Video Int'l Prod., Inc.,* 858 F.2d at 1082-83; *Am. Mfg. Servs., Inc. v. Official Comm. of Unsecured Creditors of the Match Elecs. Group, Inc.,* 2006 U.S. Dist. LEXIS 22987, at *15 (N.D.N.Y. 2006). The Ninth Circuit has specifically held that "the *Noerr-Pennington* doctrine requires that, to the extent possible, we construe federal statutes so as to avoid burdens on activity arguably falling within the scope of the Petition Clause of the First Amendment." *Sosa.,* 437 F.3d at 942. This holding is applicable to Defendant's ORICO counterclaim because cases interpreting the federal statute are persuasive in interpreting the parallel Oregon provisions. *See State v. Blossom,* 744 P.2d 281, 283 (Or. Ct. App. 1987).

Here, Defendant points to subpoenas that the Plaintiffs served upon internet service providers ("ISP's") in the course of litigation, as well as to settlement overtures made in the course of litigation as the factual basis for her state RICO claim. Both the subpoenas issued to the ISP's as well as the settlement communications arose from the filing of lawsuits. For this reason, Defendant's claims based on Plaintiffs' actions are once again barred by the *Noerr-Pennington* doctrine.

## IX.     DEFENDANT'S CLAIM FOR ATTORNEY FEES AND COSTS SHOULD BE DISMISSED BECAUSE IT IS PROCEDURALLY DEFICIENT

Defendant's counterclaim is subject to dismissal for failure to comply with Rule 54. That rule provides in pertinent part:

> Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

PAGE 26 - MEMORANDUM IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIMS

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100  FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT *C* PAGE 33 OF 34

FED. R. CIV. 54(d)(2)(A). Thus, Defendant may bring a counterclaim for attorney fees only if the substantive law governing the action provides for recovery of fees as an element of damages.

Here, Plaintiffs have brought this lawsuit under the Copyright Act, 17 U.S.C. § 101 *et seq*. As a result, the "substantive law governing the action" for purposes of Rule 54 is the federal Copyright Act. Section 505 of the Copyright Act provides that, "In any civil action under this title...the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." This language makes it clear that Section 505 is a cost-shifting provision, not a separate claim for relief. That Act does not permit fees to be recovered by counterclaim, and the Court should dismiss Defendant's counterclaim accordingly. *See Elektra Entertainment Group, Inc., v. Perez*, 2006 U.S.Dist. LEXIS 78229 at *8 (D. Or. 2006) ("...the Copyright Act allows the recovery of fees at the court's discretion, not as an element of a claim.") (Judge Aiken).

## CONCLUSION

For all of the above reasons, Plaintiffs ask this Court to dismiss each of Defendant's counterclaims, and for such other relief as the Court deems just and necessary.

DATED: April 12, 2007.

LANE POWELL PC

By_/s/ William T. Patton_____
    Kenneth R. Davis, II, OSB No. 97113
    William T. Patton, OSB No. 97364
    Telephone: (503) 778-2100

Timothy M. Reynolds, *Admitted Pro Hac Vice*
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000

Attorneys for Plaintiffs

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100 FAX: (503) 778-2200

707507.0010/622267.1

EXHIBIT C PAGE 34 OF 34