UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS,
SAN ANTONIO DIVISION

FILED
MAY 2 4 2006
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
          DEPUTY CLERK

ARISTA RECORDS, L.L.C., et al., §
    Plaintiffs, §
 §
v. §   CAUSE NO. SA-05-CA-372-OG
 §
DELINA TSCHIRHART, §
    Defendant. §

# ORDER

Before the Court is plaintiffs' motion to strike defendant's second amended answer and counterclaim and alternative motion to strike her affirmative defenses and dismiss her counterclaims. The scheduling order set a May 1 deadline to file motions to amend pleadings. Defendant tendered her second amended answer and counterclaim that day unaccompanied by a motion for leave to file.

Plaintiffs have sued defendant for infringement of their copyrighted sound recordings. Plaintiffs allege that they have found defendant openly disseminating the sound recordings by enabling the file-sharing feature of her iMesh peer-to-peer (P2P) software. Plaintiffs allege that MediaSentry, Inc., their investigator, logged onto the P2P network and viewed hundreds of copyrighted sound recordings in defendant's iMesh folder that she was offering to other network users. Plaintiffs attached as an exhibit to their complaint the "screen shots" of defendant's "share folder" showing the computer files disseminated through her P2P network.

## I. Rule 15(a).

Plaintiffs first seek to strike the amended answer on the ground that defendant failed to seek leave to amend. After responsive pleadings have been filed, a party may amend only by leave of court. FED. R. CIV. P. 15(a). Rather than strike the amended complaint for failure to

EXHIBIT G PAGE 1 OF 10

seek leave to amend, the Court will construe defendant's response to plaintiffs' motion to strike as her request for leave to amend.

Rule 15(a) instructs that "leave [to amend] shall be freely given when justice so requires." The rule evinces a strong bias in favor of granting leave to amend, FDIC v. Conner, 20 F.3d 1376, 1385 (5th Cir. 1994), but leave should not be granted automatically, In re Southmark Corp., 88 F.3d 311, 314 (5th Cir. 1996). Instead, the decision whether to grant leave lies within the sound discretion of the trial court. Louisiana v. Litton Mortgage Co., 50 F.3d 1298, 1302-03 (5th Cir. 1995). In exercising its discretion, the Court may consider such factors as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment. Foman v. Davis, 371 U.S. 178, 182 (1962); In re Southmark Corp., 88 F.3d at 314-15. Even if there is substantial reason to deny leave to amend, the court should consider prejudice to the movant, as well as judicial economy, in determining whether justice requires granting leave. Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985).

## II. Affirmative defenses.

Defendant seeks to add numerous affirmative defenses in her second amended answer. Plaintiffs argue that defendant's affirmative defenses should be struck because she failed to include them in her original answer and can offer no justification for her failure to raise them then. Affirmative defenses must be pleaded or they are waived. FED. R. CIV. P. 8(c); Davis v. Huskipower Outdoor Equipment Corp., 936 F.2d 193, 198 (5th Cir. 1991).

Plaintiffs point out that the case had been pending for nearly a year when defendant filed her second amended answer and that the parties have already served and responded to written

discovery and are in the midst of depositions. Defendant argues that she did not file the affirmative defenses earlier because she waited until she had the facts to support them. She also argues that she initially defended the suit pro se. In her response, defendant sets out the facts she alleges support her affirmative defenses.

The Court notes that discovery is set to close on August 1, 2006, five months from the time her second amended complaint was filed. Thus, it appears that there is adequate time to pursue these defenses in discovery. Plaintiffs do not argue that they are prejudiced or surprised by the affirmative defenses. The Court will permit the affirmative defenses to be filed.

### III. Counterclaims.

Plaintiffs move to dismiss each of defendant's counterclaims on the ground that they fail to state claims for relief. FED. R. CIV. P. 12(b)(6). Because the Court has not yet granted the motion for leave to amend, however, it is more appropriate to examine these claims according to plaintiffs' allegations that it would be futile to permit the amendment. "When futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation ...." Jamieson By and Through Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985). See also Davis v. United States, 961 F.2d 53, 57 (5th Cir. 1991) (if proposed amendment would offer plaintiff no avenue of redress, there is no reason to allow it). Further, if a complaint as amended is subject to dismissal, leave to amend need not be given. Pan-Islamic Trade Corp. v. Exxon, 632 F.2d 539, 546 (5th Cir. 1980).

### A. Defamation and fraud.

Defendant asserts in her response that plaintiffs used MediaSentry to access her hard

drive to determine whether she had violated provisions of the Copyright Act, 17 U.S.C. § 101. Defendant pleaded that plaintiffs "published orally and, presumably, in writing to representatives of MediaSentry and others" that she had infringed plaintiffs' copyrights. Defendant also pleaded that William Pitzl, an attorney representing plaintiffs, contacted her by telephone and asserted that she had infringed plaintiffs' copyrights and owed them hundreds of thousands of dollars. In her response, defendant asserts that plaintiffs had also disseminated to Pitzl the false statement that she had infringed their copyrights. Defendant's fraud cause of action is also based on the conversation she allegedly had with plaintiffs' attorney Pitzl. She alleges that he knowingly made materially false representations and omissions of material facts in an attempt to extort thousands of dollars from her.

The communications between plaintiffs and their attorneys cannot support a defamation or fraud action; those communications are protected by the attorney-client privilege. In addition, out-of-court communications by attorneys preliminary to a judicial proceeding are absolutely privileged. Russell v. Clark, 620 S.W.2d 865, 868-70 (Tex.Civ.App.--Dallas 1981, writ ref'd n.r.e.). "Communications made during the course of judicial proceedings are privileged. The privilege also extends to pre-trial proceedings, including affidavits filed with the court." Bird v. W.C.W., 868 S.W.2d 767, 771 (Tex. 1994) (citations omitted). The absolute immunity Texas law affords those in the judicial process extends not only to courtroom testimony, but to all preliminary matters connected with the litigation. James v. Brown, 637 S.W.2d 914, 916-17 (Tex. 1982). Thus, the communications plaintiffs made to MediaSentry in anticipation of this litigation and Pitzl's communications to defendant are privileged and cannot support a defamation or fraud claim.

### B. Invasion of privacy.

Defendant alleges that plaintiffs invaded her privacy through improper use of the subpoena provisions of § 512(h) of the Digital Millennium Copyright Act. Defendant alleges that plaintiffs used the Act to discover her name through a subpoena served on her internet service provider ("ISP"). She alleges that the Act does not authorize the issuance of a subpoena to an ISP that is acting solely as a conduit for communications not stored on its servers. Whether or not the Act permits the issuance of a subpoena, it appears — as defendant admits in paragraph 48 of her second amended answer and counterclaim — that the subpoena was obtained by court order pursuant to a Rule 45 subpoena in a Doe lawsuit. See Ex. A, Plaintiffs' Memorandum of Law in Support of Motion to Strike.

Nor as a matter of law will accessing defendant's hard drive support an invasion of privacy. The elements of a cause of action for invasion of privacy are: (1) an intentional intrusion, physically or otherwise, upon another's solitude, seclusion, or private affairs or concerns, which (2) would be highly offensive to a reasonable person. Valenzuela v. Aquino, 853 S.W.2d 512, 513 (Tex. 1993). When assessing the offensive nature of the invasion, courts further require the intrusion to be unreasonable, unjustified, or unwarranted. Billings v. Atkinson, 489 S.W.2d 858, 860 (Tex. 1973). Consequently, one is liable only for an unwarranted intrusion into another's private affairs.

Plaintiffs argue that there has been no invasion of privacy because the alleged music files detected by their investigators in defendant's iMesh folder were made available to the public to view and copy. While defendant maintains that she did not infringe plaintiffs' copyrights, download music, or engage in file-sharing activities, she does not dispute that the sound

EXHIBIT G PAGE 5 OF 10

recordings plaintiffs discovered were located in the share folder of the P2P software on her computer. A user of a P2P file-sharing network has little or no expectation of privacy in the files he or she offers to others for downloading. See In re Verizon Internet Services, Inc., 257 F.Supp.2d 244, 267 (D. D.C.) ("if an individual subscriber opens his computer to permit others, through peer-to-peer file sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world"), rev'd on other grounds, 351 F.3d 1229 (2003); Sony Music Entertainment Inc. v. Does 1-40, 326 F.Supp.2d 556, 566 (S.D. N.Y. 2004) (minimal expectation of privacy in downloading and distributing copyrighted songs without permission); United States v. Kennedy, 81 F.Supp.2d 1103, 1110 (D. Kan. 2000) (no expectation of privacy where user has opened files up on home computer to anyone who wants to receive them).

Further, if it is true as defendant suggests that the files being shared in the computer's iMesh folder did not belong to her or if the computer did not belong to her, then defendant still has no action for invasion of privacy. Defendant cannot have an actionable privacy interest in someone else's files or computer. See Warth v. Seldin, 422 U.S. 490, 499 (1975) ("plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). In other words, any intrusion would not be into defendant's private affairs.

### C. Abuse of process or malicious prosecution.

Defendant asks that she be permitted to entitle this portion of her counterclaim "Malicious Civil Prosecution" rather than "Abuse of Process" and that she be permitted to amend her counterclaim to assert a malicious prosecution cause of action. In a suit alleging the

malicious prosecution of a civil claim, the plaintiff must establish the following elements: (1) the institution or continuation of civil proceedings against the plaintiff; (2) by or at the insistence of the defendant; (3) malice in the commencement of the proceedings; (4) lack of probable cause for the proceeding; (5) termination of the proceeding in plaintiff's favor; and (6) special damages. Texas Beef Cattle Co. v. Green, 921 S.W.2d 203, 207 (Tex. 1996). The civil prosecution defendant complains of is the present one. She therefore cannot show that it has terminated in her favor. See Id. at 207-08 (at time plaintiff brings a malicious prosecution suit, the underlying civil suit must have terminated in plaintiff's favor). A malicious prosecution cause of action will not lie as a matter of law.

### D. Electronic trespass.

Defendant relies on the facts asserted in her invasion of privacy claim to support her claim for "electronic trespass" — that plaintiffs illegally "entered her home" by accessing the files on her computer's hard drive. As there apparently exists no cause of action in Texas for "electronic trespass", the Court interprets defendant's claim as one for trespass to chattels. A trespass to chattels is a wrongful interference with or injury to property that causes actual damage to the property or deprives the owner of its use for a substantial period of time. Armstrong v. Benavides, 180 S.W.3d 359, 363 (Tex.App.--Dallas 2005, no pet.).

As indicated above, there was no "wrongful interference" because plaintiffs' investigators did not enter the private portion of her computer, but only accessed the publically-shared files. Defendant does not deny this; she merely reiterates that plaintiffs committed trespass by entering her home without permission. Nor does defendant complain that plaintiffs damaged her computer or denied her access to it. Thus, she cannot maintain her cause of action for electronic

trespass or trespass to chattels.

### E. Computer Fraud and Abuse Act.

Defendant has asserted a counterclaim under the Computer Fraud and Abuse Act, 18 U.S.C. § 1030 ("CFAA"). She alleges that plaintiffs broke into her computer without authorization to obtain information. She further alleges that plaintiffs willfully used her computer without authorization to appropriate property for their own purposes.

The CFAA is a criminal statute that allows prosecution of civil actions if certain prerequisites are satisfied. 18 U.S.C. § 1030(g). The CFAA makes it a crime for anyone to "intentionally access[ ] a protected computer without authorization, and as a result of such conduct, cause[ ] damage and ... loss to 1 or more persons during any 1-year period ... aggregating at least $5,000 in value ..."18 U.S.C. § 1030(a)(5)(A)(iii) and (a)(5)(B)(i). The CFAA also provides that "[a]ny person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief." 18 U.S.C. § 1030(g). "Damages for a violation involving only conduct described in subsection (a)(5)(B)(i) are limited to economic damages." Id. A "protected computer" includes a computer "which is used in interstate or foreign commerce or communication ...."18 U.S.C. § 1030(e)(2)(B). "Loss" is defined as "any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service." 18 U.S.C. § 1030(e)(11).

Defendant alleged that the computer was her personal computer located in her home and

8

that she used it "to communicate with friends and family across the country and for interstate e-commerce." She claims economic and emotional damages including expenses, lost earnings and medical expenses. All the plaintiffs have done, however, is to access the area of her computer open to the public and make printed images of those public files. Defendant does not allege any damage to her computer or loss of its use. Even assuming that "interstate e-commerce" involves income-producing activity rather than merely purchasing consumer items online, other than a vague reference to "economic damages", defendant has not asserted any loss of income or other business opportunities based on plaintiffs' accessing her computer.

In addition and as discussed above, assuming that the files in the iMesh folder plaintiffs accessed were made available by defendant to the public for copying and further distribution, plaintiffs' access of the folder containing those files was not "unauthorized." Defendant asserts that *she* did not make any portion of her computer available to the public. She does not, however, contend that the public iMesh folder was not installed on her computer. She merely asserts that if it was there she did not install it. If it was on the computer, access by the public — including plaintiffs' investigator — was not "unauthorized." See <u>International Ass'n of Machinists and Aerospace Workers v. Werner-Masuda</u>, 390 F.Supp.2d 479, 498 (D. Md. 2005) (dismissing CFAA claim where defendant had authorization to access computer).

### F. Declaratory judgment.

Finally, defendant seeks a declaratory judgment that she did not infringe plaintiffs' copyrights. The issue of copyright infringement will be decided by this Court regardless of the declaratory judgment claim unless the parties settle the case or the plaintiffs move for dismissal under FED. R. CIV. P. 41(a)(2). Therefore, defendant's claim for a declaratory judgment is

9

redundant and unnecessary.

### IV. Conclusion.

Plaintiffs' motion to strike is GRANTED in part and DENIED in part. Rather than require defendant to file another amended answer, the Court will permit her to file the Second Amended Answer tendered on March 1, 2006, but will strike her counterclaims on the ground of futility. It is so ORDERED.

SIGNED this 24 day of May, 2006.

_____
ORLANDO L. GARCIA
UNITED STATES DISTRICT JUDGE

Kenneth R. Davis, II, OSB No. 97113
davisk@lanepowell.com
William T. Patton, OSB No. 97364
pattonw@lanepowell.com
LANE POWELL PC
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204
Phone: (503) 778-2100
Fax: (503) 778-2200

Attorneys for Plaintiffs
ATLANTIC RECORDING CORP.; PRIORITY
RECORDS LLC; CAPITOL RECORDS, INC.;
UMG RECORDINGS, INC.; and BMG MUSIC

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, a Delaware corporation; PRIORITY RECORDS LLC, a California limited liability company; CAPITOL RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,<br><br>Plaintiffs,<br><br>v.<br><br>TANYA ANDERSEN,<br><br>Defendant. | No. '05-933 AS<br><br>COMPLAINT FOR COPYRIGHT INFRINGEMENT<br>Copyright Infringement (17 U.S.C. § 101 et seq.) |

## JURISDICTION AND VENUE

PAGE 1 – COMPLAINT FOR COPYRIGHT INFRINGEMENT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100
FAX: (503) 778-2200

EXHIBIT H PAGE 1 OF 7

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States (17 U.S.C. §101 et seq.).

2. This Court has jurisdiction under 17 U.S.C. § 101 *et seq.*; 28 U.S.C. §1331 (federal question); and 28 U.S.C. §1338(a) (copyright).

3. This Court has personal jurisdiction over the Defendant, and venue in this District is proper under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(a), in that the Defendant resides in this District, and the acts of infringement complained of herein occurred in this District.

## PARTIES

4. Plaintiff Atlantic Recording Corporation is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

5. Plaintiff Priority Records LLC is a limited liability company with its principal place of business in the State of California.

6. Plaintiff Capitol Records, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of New York.

PAGE 2 – COMPLAINT FOR COPYRIGHT INFRINGEMENT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100
FAX: (503) 778-2200

EXHIBIT H PAGE 2 OF 7

7. Plaintiff UMG Recordings, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with its principal place of business in the State of California.

8. Plaintiff BMG Music is a general partnership duly organized and existing under the laws of the State of New York, with its principal place of business in the State of New York.

9. Plaintiffs are informed and believe that Defendant is an individual residing in this District.

## COUNT I
## INFRINGEMENT OF COPYRIGHTS

10. Plaintiffs incorporate herein by this reference each and every allegation contained in each paragraph above.

11. Plaintiffs are, and at all relevant times have been, the copyright owners or licensees of exclusive rights under United States copyright with respect to certain copyrighted sound recordings (the "Copyrighted Recordings"). The Copyrighted Recordings include but are not limited to each of the copyrighted sound recordings identified in Exhibit A attached hereto, each of which is the subject of a valid Certificate of Copyright Registration issued by the Register of Copyrights. In addition to the sound recordings listed on Exhibit A, Copyrighted Recordings also include certain of the sound recordings listed on Exhibit B which are owned by or exclusively licensed to one or more of the Plaintiffs or Plaintiffs' affiliate record labels, and

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100
FAX: (503) 778-2200

EXHIBIT H PAGE 3 OF 7

which are subject to valid Certificates of Copyright Registration issued by the Register of Copyrights.

12. Among the exclusive rights granted to each Plaintiff under the Copyright Act are the exclusive rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public.

13. Plaintiffs are informed and believe that Defendant, without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others. In doing so, Defendant has violated Plaintiffs' exclusive rights of reproduction and distribution. Defendant's actions constitute infringement of Plaintiffs' copyrights and exclusive rights under copyright.

14. Plaintiffs have placed proper notices of copyright pursuant to 17 U.S.C. § 401 on each respective album cover of each of the sound recordings identified in Exhibit A. These notices of copyright appeared on published copies of each of the sound recordings identified in Exhibit A. These published copies were widely available, and each of the published copies of the sound recordings identified in Exhibit A was accessible by Defendant.

15. Plaintiffs are informed and believe that the foregoing acts of infringement have been willful and intentional, in disregard of and with indifference to the rights of Plaintiffs.

PAGE 4 – COMPLAINT FOR COPYRIGHT INFRINGEMENT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100
FAX: (503) 778-2200

16. As a result of Defendant's infringement of Plaintiffs' copyrights and exclusive rights under copyright, Plaintiffs are entitled to statutory damages pursuant to 17 U.S.C. § 504(c) for Defendant's infringement of each of the Copyrighted Recordings. Plaintiffs further are entitled to their attorneys' fees and costs pursuant to 17 U.S.C. § 505.

17. The conduct of Defendant is causing and, unless enjoined and restrained by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiffs are entitled to injunctive relief prohibiting Defendant from further infringing Plaintiffs' copyrights, and ordering Defendant to destroy all copies of sound recordings made in violation of Plaintiffs' exclusive rights.

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For an injunction providing:

"Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and any sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (*i.e.*, download) any of Plaintiffs' Recordings, to

PAGE 5 – COMPLAINT FOR COPYRIGHT INFRINGEMENT

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100
FAX: (503) 778-2200

EXHIBIT H PAGE 5 OF 7

distribute (*i.e.*, upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control."

2. For statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. Section 504.

3. For Plaintiffs' costs in this action.

4. For Plaintiffs' reasonable attorneys' fees incurred herein.

5. For such other and further relief, either at law or in equity, general or special, to which they may be entitled.

LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100
FAX: (503) 778-2200

EXHIBIT H PAGE 6 OF 7

Dated: 6/24/2005

LANE POWELL PC

By: /s/ 
Kenneth R. Davis, II, OSB No. 97113
William T. Patton, OSB No. 97364
(503) 778-2100
Attorneys for Plaintiffs

PAGE 7 – COMPLAINT FOR COPYRIGHT INFRINGEMENT
LANE POWELL PC
601 SW SECOND AVENUE, SUITE 2100
PORTLAND, OREGON 97204-3158
PHONE: (503) 778-2100
FAX: (503) 778-2200

EXHIBIT H PAGE 7 OF 7