**Kenneth R. Davis, II**, OSB No. 97113
davisk@lanepowell.com
**William T. Patton**, OSB No. 97364
pattonw@lanepowell.com
**LANE POWELL PC**
601 SW Second Avenue, Suite 2100
Portland, Oregon 97204-3158
Telephone: 503.778.2100
Facsimile: 503.778.2200

**Timothy Reynolds**, *Admitted Pro Hac Vice*
timothy.reynolds@hro.com
**HOLME ROBERTS & OWEN LLP**
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone: (303) 861-7000
Facsimile: (303) 866-0200

Attorneys for Plaintiffs Atlantic Recording Corporation, Priority Records LLC, Capitol Records, Inc., UMG Recordings, Inc. and BMG Music

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **ATLANTIC RECORDING CORPORATION**, a Delaware corporation; **PRIORITY RECORDS LLC**, a California limited liability company; **CAPITOL RECORDS, INC.**, a Delaware corporation; **UMG RECORDINGS, INC.**, a Delaware corporation; and **BMG MUSIC**, a New York general partnership,<br><br>Plaintiffs,<br><br>v.<br><br>**TANYA ANDERSEN,**<br><br>Defendant. | Case No. 3:05-CV-933-AS<br><br>Plaintiffs'<br>**RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO VOLUNTARILY DISMISS COUNTERCLAIMS** |

PAGE 1 - RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
    VOLUNTARILY DISMISS COUNTERCLAIMS

Plaintiffs respectfully submit this Response in Opposition to Defendant's Motion to Voluntarily Dismiss Counterclaims ("Motion"). For the reasons set forth below, Defendant's Motion should be denied.

## I. INTRODUCTION

Defendant's counterclaims have no merit and never have. On three separate occasions Plaintiffs have briefed and filed a motion to dismiss. Each time, Defendant has maneuvered to avoid having this Court rule on Plaintiffs' motion. Now, Defendant is trying to avoid a ruling once again. Defendant's new motion is a blatant effort to split claims—and to do an end run around this Court's scheduling orders in this case—by dismissing her claims so that she can start over, with new claims and new parties, in the separate action that Defendant has now filed. (*See Andersen v. Atlantic Recording Corp., et al.*, No. 3:07-cv-00934-BR, Doc. No. 1, attached hereto as Ex. A). This Court should reject such gamesmanship and deny Defendant's motion.

Defendant filed her original counterclaims nearly two years ago. Since that time, Defendant has had, and has taken advantage of, many opportunities to amend her counterclaims in the present action. Nonetheless, Defendant has repeatedly chosen not to name the additional parties or to assert the additional claims raised in her new action. Defendant has failed to do so even though she has had knowledge of the additional parties, and her newly-filed claims arise from the exact same facts as her originally asserted counterclaims. Defendant has taken very little discovery in the present case, despite ample opportunity to do so. Moreover, Plaintiffs' motion to dismiss Defendant's counterclaims is fully briefed and awaiting decision, and has been for some time. Indeed, Plaintiffs have been attempting to obtain a decision on the merits on a motion to dismiss Defendant's counterclaims for over a year, only to be confronted by repeated efforts by Defendant to prevent this Court from deciding that issue. On these facts, Plaintiffs should not be forced to start from scratch in another court due to Defendant's lack of diligence in pursuing her counterclaims in the present action. Defendant's Motion is a thinly-veiled attempt to avoid the consequences of her own delay, and, for reasons set forth herein, should be denied.

PAGE 2 - RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
VOLUNTARILY DISMISS COUNTERCLAIMS

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158

## II. BACKGROUND

Plaintiffs filed their complaint for copyright infringement against Defendant on June 2, 2005. (Doc. 1). On September 30, 2005, Defendant filed her Answer and Counterclaims (Doc. No. 7), asserting counterclaims for electronic trespass, violation of the Computer Fraud and Abuse Act ("CFAA"), invasion of privacy, abuse of legal process, fraud and negligent misrepresentation, outrage, deceptive business practice, and violation of Oregon's Racketeer Influenced and Corrupt Organizations Act ("ORICO"). Plaintiffs moved to dismiss each of Defendant's eight counterclaims on November 18, 2005. (Doc. Nos. 18 and 21.) Having learned the deficiencies in her counterclaims from Plaintiffs' motion to dismiss, Defendant attempted to save them by filing an Amended Answer and Counterclaims (Doc. No. 29) on January 27, 2006, simultaneously with her response in opposition to Plaintiffs' motion (Doc. No. 31).

On December 13, 2006, following an extended stay of proceedings (Doc. No. 35), this Court entered an Order denying Plaintiffs' motion to dismiss but striking Defendant's Amended Answer and Counterclaims, both with leave to re-file. (Doc. No. 78.) Shortly thereafter, on January 2, 2007, Defendant filed a Motion for Leave to File Second Amended Answer (Doc. No. 79). This motion was granted on January 25, 2007 (Doc. No. 81), with instructions that Defendant was to file her Second Amended Answer "no later than" January 31, 2007. Because Defendant did not file her Second Amended Answer within the time period set by the Court, however, Plaintiffs renewed their motion to dismiss Defendant's initial counterclaims. (Doc. Nos. 94 and 95). The Court denied Plaintiffs' renewed motion to dismiss, and allowed Defendant another opportunity to file her Second Amended Answer (Doc. No. 110), which Defendant did on March 27, 2007. (Doc. No. 112.)

Having benefited again from Plaintiffs' renewed motion to dismiss, Defendant's Second Amended Answer included the eight originally filed counterclaims, with amendments, plus a ninth purported counterclaim for attorneys' fees. (*Id.*). On April 7, 2007, Plaintiffs filed a *third* motion seeking the dismissal of Defendant's counterclaims (Doc. Nos. 114 and 115, "Motion to

PAGE 3 - RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
VOLUNTARILY DISMISS COUNTERCLAIMS

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158

Dismiss"). This motion has been fully briefed since May 17, 2007, and was scheduled for oral argument on July 9, 2007 (Doc. No. 124).

Shortly before this Court was to hear oral argument on the Motion to Dismiss, however, Defendant, apparently recognizing that she was well out of time to amend her claims yet again, and having taken very little discovery on her counterclaims despite ample opportunity to do so, filed a new lawsuit, naming Plaintiffs and three additional parties as defendants. (*See* Ex. A). Defendant's new lawsuit raises eight of the nine claims currently pending before this Court and five additional claims arising from the same nucleus of operative facts. Specifically, although Defendant's new action does not contain a claim for attorneys' fees, it does include claims for negligence, federal RICO violations, malicious prosecution, libel and slander, and misuse of copyrights. *Id.* Facing an impending motion to dismiss her new action based on multiple grounds, including improper claim-splitting, Defendant has now raced to file a motion to dismiss her own counterclaims in this action.

Plaintiffs submit that Defendant's counterclaims in this case, which are duplicative of those pending in the newly-filed case, should be decided by this Court in connection with the Motion to Dismiss that has been pending for some time. Defendant's attempt to dismiss at the eleventh hour so that she can start again in another court, thereby avoiding the deadlines set by this Court, amounts to improper claim-splitting and should be rejected.

### III. ARGUMENT

**A. Defendant Seeks to Dismiss Counterclaims for the Improper Purpose of Pursuing a Duplicative Complaint.**

In general, a party has "no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977) (en banc)). In determining whether a suit is improperly duplicative, or the result of claim-splitting, the Ninth Circuit borrows from the test for claim

PAGE 4 - RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
VOLUNTARILY DISMISS COUNTERCLAIMS

**LANE POWELL PC**
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158

preclusion. *Id*. Specifically, the court asks "whether the second suit raises issues that should have been brought in the first." *Id*. at 689 (quoting *Curtis v. Citibank, N.A.*, 226 F.3d 133, 139-140 (2d Cir. 2000)); *see also Davis v. Sun Oil Co.*, 148 F.3d 606, 613 (6th Cir. 1998) (*per curiam*) (referring to the doctrine against claim-splitting as "the 'other action pending' facet of the *res judicata* doctrine"). This inquiry requires the court to examine whether the causes of action, the parties or privies to the action, and the relief sought are the same. *Adams*, 487 F.3d at 689; *see also Curtis*, 226 F.3d at 140 (holding that the trial court did not abuse its discretion in dismissing "*Curtis II* claims arising out of the same events as those alleged in *Curtis I*," which claims "would have been heard if plaintiffs had timely raised them"); *Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions.") (internal quotes omitted).

Applying these settled principles here demonstrates that Defendant's two causes of action are duplicative and evidence an improper effort to split claims.

1. **The two causes of action brought by Defendant are the same.** First, the causes of action in the separate lawsuits are the same. In determining whether two causes of action are the same, the Ninth Circuit applies the same transaction test utilized in the context of a claim preclusion analysis. *Adams,* 487 F.3d at 689. The transaction test employs the following four criteria: (1) whether rights or interests established in the prior matter would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *See id*. (citing *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982)). The courts have made clear that these factors are to be used as "mere tools of analysis." *Derish v. San Mateo-Burlingame Board of Realtors,* 724 F.2d 1347, 1349 (9th Cir. 1983) (quoting *Abramson v. University of Hawaii*, 594 F.2d 202, 206 (9th Cir. 1979)). Courts have consistently held,

PAGE 5 - RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
        VOLUNTARILY DISMISS COUNTERCLAIMS

however, that the fourth criterion, whether the two suits arise out of the same transactional nucleus of facts, is the most significant factor to be considered. *Id., see also C.D. Anderson & Co. v. Lemos*, 832 F.2d 1097, 1100 (9th Cir. 1987); *Costantini*, 681 F.2d at 1201. In the present case, analysis of the foregoing factors demonstrates that Defendant's newly filed action is duplicative of the counterclaims that are ripe for adjudication before this Court.

First, the rights or interests that Plaintiffs would establish were this Court to grant their pending Motion to Dismiss would clearly be impaired by allowing Defendant to prosecute a second action. The prosecution of the second action would be the quintessential "second bite at the apple."

Second, substantially the same, if not exactly the same, evidence would be presented in both actions. All of the claims asserted by Defendant in both actions go to the propriety of Plaintiffs' tactics in investigating and pursuing their claims against Defendant. Thus, substantially, if not precisely, the same evidence would be presented in both cases.

Third, the two sets of claims filed by Defendant involve alleged violation of the same rights. As stated previously, eight of Defendant's 13 claims filed in the new action are pending before this Court. As to the five additional claims asserted in the new action, those claims arise from precisely the same facts and depend on substantially the same evidence as do the claims in this case. (*Compare* Doc. No. 112, ¶¶ 1-32 and Ex. A, ¶¶ 5.1-5.45) All of such claims relate to Defendant's assertion of rights with regard to Plaintiffs' investigation and pursuit of their claim for copyright infringement.

Finally, the two suits arise out of the same transactional nucleus of facts. A recent Ninth Circuit decision, *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684 (9th Cir. 2007), is substantially on point. In *Adams*, the Ninth Circuit affirmed the lower court's dismissal, with prejudice, of a duplicative cause of action where the later-filed action included four additional claims that arose from the same facts giving rise to the original complaint. The court found that, despite the addition of five new parties and four new claims, the transactional nucleus of facts

PAGE 6 - RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO
 VOLUNTARILY DISMISS COUNTERCLAIMS

did not differ between the two actions, and, therefore, the subsequent suit was duplicative and was properly dismissed. *Id.* at 689.

In the present case, as in *Adams*, a review of the facts alleged in support of Defendant's counterclaims in this action, and in support of her claims in the new action, reveals that all of these claims arise out of the exact same transactional nucleus of facts. (*Compare* Doc. No. 112, ¶¶ 1-32 and Ex. A, ¶¶ 5.1-5.45).

Notably, in her Motion, although Defendant focuses on the newly-named parties and newly-asserted claims, she does not and could not contend that the matters do not arise from the same transactional nucleus of facts. At best, Defendant tries to point to additional evidentiary details. As the Ninth Circuit has made clear, however, such details would "scarcely [be] enough to establish that the [newly filed] lawsuit arises out of a different 'transactional nucleus of facts' than that which generated the [first] suit." *Costantini*, 681 F.2d at 1202.

For all of these reasons, Defendant's counterclaims in the present suit and her claims in the newly-filed action involve the same causes of action.

2. **Both sets of claims brought by Defendant involve the same parties or privies.**
Parties added to a new action are said to be in privity with parties to the original action where they have been, or are, "virtually represented" by the parties in the original action. *Adams*, 487 F.3d at 691. The concept of virtual representation encompasses a variety of relationships. *Id.* (citing *Kourtis v. Cameron*, 419 F.3d 989, 996 (9th Cir. 2005)). The only requirements for virtual representation are an identity of interests and adequate representation. *Id.*

Again *Adams* is substantially on point. In *Adams*, the newly-filed complaint named five defendants not named in the original action. Three of the new parties were employees of an original defendant. As to these parties, the court found that they were virtually represented, because the original defendant's liability was "predicated largely upon a finding of wrongdoing by its employees." *Id.* The other new defendants in that case were contractors who where "hired to conduct the background investigation." *Id.* at 692. As to those new defendants, the court

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND. OREGON 97204-3158

found that they were virtually represented by the original defendant because they had an identity of interest with the original defendant. *See id.*

The present case is strikingly similar to *Adams*. In this action, Defendant filed counterclaims against several record companies. (Doc. No. 112). In the newly-filed matter, Defendant has added (1) the Recording Industry Association of America ("RIAA"), a trade group to which the named record companies belong, (2) the Settlement Support Center, a contractor retained to help facilitate settlement communications, and (3) SafeNet, Inc., the parent company of MediaSentry Inc., a contractor that assists Plaintiffs in their pretrial investigation. (*See* Ex. C).

As in *Adams*, Plaintiffs' alleged liability rests, in large part, on the conduct of these additional parties. Specifically, each of Defendant's pending counterclaims—electronic trespass, violation of the CFAA, invasion of privacy, abuse of legal process, fraud and negligent misrepresentation, outrage, deceptive business practice, and violation of ORICO—arise from acts allegedly undertaken by the additional parties named in the newly filed action. (Doc. No. 112). As such, the new defendants' interests are identical to those of the Plaintiffs in this action and, as such, those interests have been adequately represented by Plaintiffs here.

For all of these reasons, the two sets of claims at issue involve the same parties or privies.

**3. The relief sought by Defendant in both actions is the same.** Finally, the relief sought in both actions is the same. *Adams*, 487 F.3d at 689. In the present case, Defendant seeks (1) direct and consequential damages; (2) statutory and punitive damages pursuant to ORS 646.605, *et seq.,* and ORS 166.715, *et seq.;* (3) fees and costs pursuant to pursuant to ORS 646.605, *et seq.,* ORS 166.715, *et seq.,* and 17 U.S.C. § 505; (4) post-judgment interest; and (5) declaratory and injunctive relief. (Doc. No. 112). In her newly filed action, Defendant seeks to recover the exact same relief and the exact same damages, although she no longer seeks sanctions. In addition, Defendant has added a claim for statutory and punitive damages under

the federal RICO statute, 18 U.S.C. § 1961, *et seq*, but these claims seek precisely the same relief as the ORICO claims pending in this case. (*See* Ex. A).

In light of the foregoing, the relief sought by Defendant in both actions is the same, and she would not be prejudiced in terms of available damages should her claims be resolved before this Court.

For all of these reasons, Defendant is clearly seeking to dismiss her claims here for the sole purpose of pursing a duplicative complaint in another court. Defendant is doing this so she can attempt to assert claims that she can no longer properly assert in this case, and so she can pursue discovery that she failed to undertake here. This Court should not countenance such an end run around its rules and orders. Defendant's Motion should be denied, and Plaintiffs respectfully request that this Court decide the pending Motion to Dismiss.

**B.  Defendant's Failure to Pursue Parties and Claims Diligently in the Present Case Should Not be Rewarded.**

As noted above, Defendant "was required to bring at one time all of the claims against a party or privies relating to the same transaction or event." *Adams*, 487 F.3d at 693; *see also N. Assur. Co. of Am. v. Square D Co.*, 201 F.3d 84, 88 (2d Cir. 2000); *Nilsen v. City of Moss Point*, 701 F.2d 556, 564 (5th Cir. 1983) *(en banc)*; Restatement (Second) of Judgments § 25, cmt. b (1982) ("It is immaterial that the plaintiff in the first action sought to prove the acts relied on in the second action and was not permitted to do so because they were not alleged in the complaint and an application to amend the complaint came too late.").

In the present case, Defendant does not, and could not, provide any justification for her failure to pursue all claims and parties in the matter currently before this Court. In Plaintiffs' earliest communication to Defendant, dated February 2, 2005, Plaintiffs made Defendant aware of the Settlement Support Center. (*See* Letter to Tanya Andersen, dated February 2, 2005, attached hereto as Ex. B). In fact, Defendant contacted the Settlement Support Center between February 9, 2005 and March 10, 2005—more than seven months prior to filing her first answer

and counterclaim in this matter (Doc. No. 7). Likewise, Defendant was made aware of the roles of the RIAA and MediaSentry, at the very latest, upon receipt of Plaintiffs' initial disclosures, dated December 12, 2005 (attached hereto as Ex. C), more than a year before the filing of Defendant's second amended answer and counterclaims (Doc. No. 112). On these facts, Defendant knew of the Settlement Support Center, the RIAA, and MediaSentry long before she filed her counterclaims, but she never tried to join them here.

Although Defendant's counterclaims are frivolous and groundless, Defendant could have asserted in this case long ago the claims that she is now trying to bring against the new defendants in a separate case. Having failed to do so on a timely basis, Defendant should not be permitted to do so now. Simply stated, Defendant's inexcusable delay in raising the claims at issue does not justify the granting of Defendant's Motion so that she can pursue in a new case, with new deadlines, claims that would be barred in this case.

## IV. CONCLUSION

Defendant was required to bring at one time all of the claims she purports to have against Plaintiffs and their privies relating to Plaintiffs' investigation and efforts to settle or otherwise resolve the infringement of their copyrights. Defendant had a full and fair opportunity to raise and litigate in this action the very same claims that she now seeks to assert in her newly filed action. Defendant should not be permitted to dismiss her counterclaims in the present action solely to remedy her failure to prosecute her claims diligently here.

For the above reasons, Plaintiffs respectfully request that the Court deny Defendant's Motion and hear oral argument on Plaintiffs' fully briefed Motion to Dismiss. In the alternative,

LANE POWELL PC
SUITE 2100
601 SW SECOND AVENUE
PORTLAND, OREGON 97204-3158

Plaintiffs request that this Court stay all proceedings in this matter pending the outcome of Plaintiffs' impending motion to dismiss in the duplicative action.

DATED: August 10, 2007

LANE POWELL PC

By s/ William T. Patton
Kenneth R. Davis, II, OSB No. 97113
William T. Patton, OSB No. 97364
(503) 778-2100

Timothy Reynolds, *Admitted Pro Hac Vice*
HOLME ROBERTS & OWEN LLP
1700 Lincoln Street, Suite 4100
Denver, Colorado 80203
Telephone: 303.861.7000
Facsimile: 303.866.0200

Attorneys for Plaintiffs Atlantic Recording Corporation, Priority Records LLC, Capitol Records, Inc., UMG Recordings, Inc., and BMG Music