IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ATLANTIC RECORDING CORPORATION, a Delaware corporation; PRIORITY RECORDS, LLC, a California limited liability company; CAPITOL RECORDS, INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; and BMG MUSIC, a New York general partnership,<br><br>        Plaintiffs,<br><br>   v.<br><br>TANYA ANDERSON,<br><br>        Defendant. | CV No. 05-933-AS<br><br>FINDINGS AND RECOMMENDATION |

ASHMANSKAS, Magistrate Judge:

      Presently before the court is Defendant's Motion to Voluntarily Dismiss Counterclaims (No. 136). For the reasons that follow, defendant's motion should be GRANTED.

      Pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, defendant seeks leave to dismiss her counterclaims without prejudice so they may be heard as part of the related action, <u>Andersen v. Atlantic Recording Corporation, *et al.*</u>, CV No. 07-934-BR, which defendant initiated

1 - FINDINGS AND RECOMMENDATION

on June 22, 2007, and which is currently pending in this district before the Honorable Anna J. Brown. Plaintiffs oppose defendant's motion on the grounds that her counterclaims are duplicative of her claims in the later-filed action and that she had a full and fair opportunity to prosecute her counterclaims in the present action. One these bases, plaintiffs assert that the counterclaims are barred from being incorporated into the related action and should be dismissed with prejudice in the this action.

## BACKGROUND

Plaintiffs had sought damages, injunctive relieve and attorney fees, alleging that defendant had infringed their copyrights to various sound recordings. As characterized by plaintiffs in their first discovery motion, filed approximately eight months after they initiated this action:

> "On May 20, 2004, Plaintiffs' investigators detected an individual with the username 'gotenkito@Kazaa' using the Kazaa online media distribution system over a P2P file-sharing network. This individual had 1,288 music files on her computer and was distributing them to the millions of people who use peer-to-peer networks. On information and belief, the individual previously downloaded all or many of the sound recordings without the permission of the record company copyright owners. Plaintiffs' investigator further determined that the individual used the Internet Protocol ('IP') address 4.41.209.23 to connect to the Internet.
>
> Plaintiffs then filed a 'John Doe' complaint against this individual and, after obtaining a court order, issued a subpoena to Verizon Internet Services, Inc. ("Verizon") in order determine who used the above-referenced IP address. Verizon identified Tanya Andersen. On June 21, 2005, Plaintiffs filed a Complaint against Tanya Andersen for copyright infringement."

Memorandum in Support of Plaintiffs' Motion to Compel, pp. 2-3, March 8, 2006 (No. 38).

Defendant has long maintained that this is a case of mistaken identity, and ultimately, that plaintiffs were not concerned with discovering the true identity of the actual infringer. See, *e.g.*, Concise Statement of Facts in Support of Motion for Summary Judgment, ¶ 3, p. 2, ¶ 12, pp. 3-4, and ¶ 22, p. 5 (No. 121). To force the issue, after providing plaintiffs the opportunity to inspect her

2 - FINDINGS AND RECOMMENDATION

computer hard drive and to depose herself and her minor daughter—the only other member of defendant's household—defendant filed a motion for summary judgment. Plaintiffs' opposition was to be filed by June 1, 2007. On that date, almost two years after filing their complaint, plaintiffs' claims against defendant were dismissed with prejudice, by stipulation of the parties (Nos. 127, 129).

Three weeks later, on June 22, 2007, defendant initiated a separate action in this district against plaintiffs and three other parties: *Andersen v. Atlantic Recording Corp., et al.*, CV No. 07-934-BR. Seeking class certification, she alleges claims for: (1) negligence; (2) fraud and negligent misrepresentation; (3) violation of the Oregon Racketeer Influenced and Corrupt Organization Act; (4) violation of the federal Racketeer Influenced and Corrupt Organization Act; (5) abuse of legal process; (6) malicious prosecution; (7) intentional infliction of emotional distress; (8) violation of the Computer Fraud and Abuse Act, 18, U.S.C., § 1030, *et seq.*; (9) trespass to chattels; (10) invasion of privacy; (11) libel and slander; (12) deceptive business practices; and (13) misuse of copyright laws. Complaint, 07-934-BR (No. 1). Her complaint identifies the claims that she previously asserted as counterclaims in the present action: counts 2, 3, 5, 7, 8, 9, 10, and 12. She names three defendants that are not plaintiffs (or parties) in the present action: (1) the Recording Industry Association of America; (2) Safenet, Inc., f.k.a., Media Sentry, Inc.; and (3) Settlement Center, LLC.

The complaint in the more recent action includes allegations not common to her counterclaims in the present action. Some of the new allegations concern plaintiffs' recent conduct in the present action. *Compare* Complaint, 07-934-BR, (No. 1) pp. 11-13, *with* Defendant's Second Amended Answer, Affirmative Defenses and Counterclaims, 05-933-AS (No. 112).

3 - FINDINGS AND RECOMMENDATION

DISCUSSION

Even a superficial comparison of the counterclaims in the present action with the claims in the more recently filed case belies plaintiffs' assertion that the second action is duplicative. Moreover, plaintiffs' argument that defendant was dilatory in pursuing her counterclaims is undermined by the record. Defendant's characterization of the course of this case is generally accurate. *See* Defendant's Reply to Plaintiffs' Response in Opposition to Motion to Voluntarily Dismiss Counterclaims, pp. 3-4 (No. 148).

In contrast to plaintiffs' assertion that defendant has had a chance to fully and fairly litigate her counterclaims, there has been very little discovery and no ruling on the merits. To the extent discovery has occurred, it has been in response to plaintiffs' requests, in light of plaintiffs' frequent assurances that the "smoking gun" would be revealed if defendant was compelled to produce the discovery plaintiffs sought. *See, e.g.*, Nos. 35-38, 40-60, 69-80 (concerning inspection of defendant's computer hard drive); Nos. 66-69, 73-78, 84-92 (concerning deposition of defendant); Nos. 100, 104-107, 109 (concerning deposition of defendant's daughter). Plaintiffs have forestalled discovery by defendant, asserting at oral argument, in response to defendant's complaints (e.g., Nos. 71, 72, 76, 88) that—except for what they sought to compel—discovery was in various respects premature. Thus, rather than the merits of either the claims or the counterclaims, the parties and the court have been engaged with discovery disputes concerning evidence that putatively would establish plaintiffs' claims and speed the resolution of this case.

Plaintiffs assert that the legal sufficiency of the counterclaims has been briefed repeatedly. Plaintiffs have maintained a series of motions to dismiss the counterclaims (Nos. 19, 94, 114), but for the reasons that follow, it has not been appropriate to reach a ruling on the merits. After

4 - FINDINGS AND RECOMMENDATION

conferring with counsel, the first motion to dismiss the counterclaims was stayed while plaintiffs pursued discovery of the contents of defendant's computer hard drive, putatively in furtherance of judicial economy (Nos. 18, 35, 42, 58, 65). Plaintiffs' renewed motion to dismiss (No. 94) was denied for failing to confer in violation of Local Rule 7.1, under circumstances in which conferring would have substantially affected the substance of plaintiffs' motion and defendant's opposition (No. 110). The plaintiffs' third motion to dismiss (No. 114) was stayed on June 29, 2007, (No. 134) after the court was informed that defendant had initiated *Andersen v. Atlantic Recording et al.*, CV No. 07-934-BR, the action currently pending before Judge Brown, which incorporated the counterclaims along with new causes of action. At the same time, plaintiff successfully moved to stay discovery on the counterclaims while their most recent motion to dismiss remained pending (No. 134). Thus, as currently pled, neither the legal sufficiency, nor the underlying facts, of the counterclaims have been substantially explored.

In sum, defendant's prosecution of her counterclaims has been affected by the fact that she has had to defend the prosecution of plaintiffs' claims. To wit, she filed a motion for summary judgment. Rather than respond—almost two years after they initiated this action—plaintiffs stipulated to dismiss their case with prejudice. If it were appropriate to characterize either party as engaging in "gamesmanship," to borrow plaintiffs' term, it would not be defendant.

Plaintiffs' characterization of the course of this action is generally incongruous with the record. Defendant has not had a full and fair opportunity to litigate her counterclaims in the present action. There has been little to no discovery, especially in regard to the counterclaims, while plaintiffs have successfully compelled discovery on the claims they ultimately dismissed.

/ / /

## CONCLUSION

For these reasons as well as the arguments set forth in defendant's briefs, her motion to voluntarily dismiss her counterclaims without prejudice (No. 136) should be GRANTED so that they may be heard as part of *Andersen v. Atlantic Recording Corp., et al.*, CV No. 07-934-BR.

## SCHEDULING ORDER

The above Findings and Recommendation will be referred to a United States District Judge for review. Objections, if any, are due no later than October 3, 2007. If no objections are filed, review of the Findings and Recommendation will go under advisement on that date.

If objections are filed, any party may file a response within fourteen days after the date the objections are filed. Review of the Findings and Recommendation will go under advisement when the response is due or filed, whichever date is earlier.

DATED this 18th day of September, 2007.

/s/Donald C. Ashmanskas
DONALD C. ASHMANSKAS
United States Magistrate Judge