UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UMG RECORDINGS, INC.,
a Delaware corp., et al.,

　　　　Plaintiffs,

v.　　　　　　　　　　　　　　　　　　　　　CASE NO: 8:07-cv-368-T-26TGW

SUZY DEL CID a/k/a
SUZANA BLANCA DEL CID,

　　　　Defendant.
　　　　　　　　　　　　　　　　　　　　/

**O R D E R**

This cause comes before the Court on Plaintiffs' motion to dismiss amended counterclaims and exhibits (dkt. 20) and Defendant's memorandum in opposition thereto (dkt. 22).

The complaint in this action seeks redress for the infringement of copyrighted sound recordings pursuant to the Copyright Act, 17 U.S.C. § 101, *et seq*. Plaintiffs are recording companies that own or control exclusive rights to copyrights in various sound recordings. Plaintiffs allege that Defendant, by way of an online media distribution

1

system over a peer-to-peer sharing network, downloaded 1,062 of their copyrighted audio files to her personal computer and then allowed the files to be accessed by others who use peer-to-peer networks via a "shared folder." Defendant filed an answer, affirmative defenses, and five counterclaims in response to the complaint. (Dkt. 7.) Defendant then amended her counterclaims to include the following six claims: (1) trespass to chattels; (2) computer fraud and abuse under 18 U.S.C. § 1030; (3) copyright misuse; (4) deceptive and unfair trade practices under Section 501.201, Florida Statutes ("FDUTPA"); (5) declaratory judgment; and (6) civil conspiracy. Plaintiffs assert that each of the counterclaims should be dismissed under Rule 12(b)(6), Florida Rules of Civil Procedure, for failure to state a claim on which relief can be granted.

In determining whether to grant a Fed. R. Civ. P. 12(b)(6) motion, the Court shall not dismiss a claim if it includes "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007) (dismissing complaint because plaintiffs had not "nudged their claims across the line from conceivable to plausible"); see also Franklin v. IRS, 2007 WL1831787 *1 (M.D. Fla. 2007); Anderson v. Nichols, 2007 WL2020165 *1 (N.D. Fla. 2007). The Court takes the well-pled facts of a claim as true and construes the facts favorably to the plaintiff. See 5A Charles A.Wright & Arthur R. Miller, Federal Practice and Procedure § 1368 (1990). While a claim attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action will not do." Twombly, 127 S. Ct. at 1964-65.  To survive a motion to dismiss under Twombly, a complaint's factual allegations, if assumed to be true, "must be enough to raise the right to relief above the speculative level." Id. at 1965.

At the outset of their motion, Plaintiffs assert that all of Defendant's counterclaims should be dismissed because they are based on alleged conduct that is protected by Florida's litigation privilege and the Noerr-Pennington[1] Doctrine.  Plaintiffs maintain that all of the conduct alleged in the counterclaims occurred either during the course of judicial proceedings or as a necessary precursor to Plaintiffs' efforts to legitimately enforce their copyrights in the underlying action.  However, neither Florida's litigation privilege nor the Noerr-Pennington Doctrine serves as a shield for sham litigation.  See Professional Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc., 508 U.S. 49 (1993); Echevarria v. Cole, 950 So. 2d 380 (Fla. 2007) (citing Fridovich v. Fridovich, 598 So. 2d 65 (Fla. 1992)).  In paragraphs 6-17 of the amended counterclaims ("Facts Common to All Counterclaims"), Defendant alleges that Plaintiffs' copyright infringement suits amount to sham litigation.  The allegations are sufficient to overcome a Rule 12(b)(6) motion to dismiss.

In her first counterclaim, Defendant asserts an action for trespass to chattels.  Trespass to personal property is the intentional use of, or interference with, a chattel

---

[1] Eastern R.R. Presidents Conference v. Noerr Motor Freight, Inc., 365 U.S. 127 (1961); United Mine Workers v. Pennington, 381 U.S. 657 (1965).

which is in the possession of another, without justification. See Coddington v. Staab, 716 So. 2d 850, 851 (Fla. Dist. Ct. App. 1998); see also Restatement 2d Torts § 218 ("one who commits a trespass to a chattel is subject to liability to the possessor of the chattel if, but only if, (a) he dispossesses the other of the chattel, or (b) the chattel is impaired as to its condition, quality, or value, or (c) the possessor is deprived of the use of the chattel for a substantial time, or (d) bodily harm is caused to the possessor, or harm is caused to some person or thing in which the possessor has a legally protected interest.")  Plaintiffs argue that none of the elements of trespass to chattels appears on the face of Defendant's counterclaim, nor can they be implied or derived from her pleading.  However, Plaintiffs acknowledge that they accessed files on Defendant's personal computer and Defendant alleges that she did not authorize any person to obtain information from her computer, that she did not configure her computer to share files, and that the Plaintiffs' intrusion into her computer deprived her of use and possession of the computer.  As such, there is, at this early juncture in the proceedings, a genuine issue of fact as to whether Plaintiffs' access to Defendant's computer was "authorized."  Further, a property owner may be entitled to nominal damages for trespass to chattels, if unable to prove anything more. See Stockman v. Duke, 578 So. 2d 831, 832 (Fla. Dist. Ct. App. 1991).  Defendant actually alleges that Plaintiff's intrusion into her computer and breach to the integrity of the data therein caused damages in an amount exceeding $5,000.  In light of the foregoing, there is no basis to dismiss Defendant's first counterclaim.

Defendant's second counterclaim alleges that Plaintiffs actions in accessing her computer files violated the Computer Fraud and Abuse Act ("the Act"), 18 U.S.C. § 1030. Under the Act, the elements of a claim are: (1) intentional access to a computer; (2) without authorization; (3) resulting in any impairment to the integrity or availability of data, a program, a system, or information; and (4) that causes "any reasonable costs to any victim" in excess of $5,000 in the course of a year. 18 U.S.C. § 1030(a). Plaintiffs dispute the Defendant has adequately pleaded the required elements of a claim under the Act. Nevertheless, they concede that they intentionally accessed her computer and Defendant alleges that she did not authorize anyone to obtain information from her computer, that she did not configure her computer to share files, and that the Plaintiffs' intrusion into her computer deprived her of use and possession of the computer. She adds that Plaintiff's intrusion into her computer and breach to the integrity of the data therein caused damages in an amount exceeding $5,000. Defendant's allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss.

Defendant next asserts, in her third counterclaim, that Plaintiffs' actions amount to copyright misuse. Copyright misuse is derived from the equitable defenses of misuse and unclean hands, forbids a copyright holder from using a copyright "to secure an exclusive right or limited monopoly not granted by the [Copyright] Office and which it is contrary to public policy to grant." Alcatel USA, Inc. v. DGI Techs., Inc., 166 F.3d 772, 792 (5th Cir. 1999) (quoting Lasercomb, Am. Inc. v. Reynolds, 911 F.2d 970, 979 (4th Cir. 1990) (quoting Morton Salt Co. v. G.S. Suppiger, 314 U.S. 488, 492 (1942)). Plaintiffs

correctly argue that copyright misuse is not recognized by courts of this Circuit as a cause of action.  See Microsoft Corp. v. Jesse's Computer & Repair, Inc., 211 F.R.D. 681, 684 (M.D. Fla. 2002) (noting that the Eleventh Circuit courts have not applied a copyright misuse affirmative defense, let alone an affirmative claim for relief) (citing Bellsouth Adver. & Publ'g Corp. v. Donnelley Info. Publ'g, Inc., 933 F.2d 952 (11th Cir. 1991), vacated, 977 F.2d 1435 (11th Cir. 1992).  The cases cited by Defendant in her response to the instant motion, at best, show that other circuits may recognize copyright misuse as an affirmative defense in limited factual circumstances.  The doctrine of copyright misuse has its historical roots in the unclean hands defense, see Qad. Inc. v. ALN Assocs., Inc., 974 F.2d 834, 836 (7th Cir. 1992); Supermarket of Homes, Inc. v. San Fernando Valley Bd. of Realtors, 786 F.2d 1400, 1408 (9th Cir. 1986), which Defendant raises in her affirmative defenses (dkt. 7, p. 2).  Therefore, Plaintiff's third counterclaim is due to be dismissed.

In her fourth counterclaim, Defendant alleges that Plaintiffs' actions violated the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Sections 501.201, *et seq.*, Florida Statutes.  To maintain a FDUTPA claim, a party must allege: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages."  Rollins, Inc. v. Orkin Exterm. Co., Inc., 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006).  The FDUTPA prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce."  § 501.204, Fla. Stat.  Plaintiffs contend that Defendant fails to plead any of the required elements of a FDUTPA claim.  To the contrary, the Court finds that Defendant sets out

the elements of a FDUTPA claim in paragraphs 40 through 42 ("Count IV") of her amended counterclaims and then alleges adequate facts to support these elements in paragraphs 4 through 21 ("Facts Common to All Counterclaims") of her amended counterclaims. (See Dkt. 16.) Defendant's allegations in her fourth counterclaim are sufficient to survive a Rule 12(b)(6) motion to dismiss.

In her fifth counterclaim, Defendant seeks a declaratory judgment of non-infringement of copyright. Plaintiffs argue that the claim is a mirror image of their claim for declaratory judgment and should be dismissed as redundant and unnecessary. However, in light of Defendant's allegations that Plaintiffs have a pattern and practice of bringing these copyright infringement actions, alleging civil and criminal wrongdoing against the defendants, and then dismissing the actions without prejudice once contested, the Court finds that Defendant's counterclaim should proceed. Defendant is entitled to resolution of the matter of copyright infringement. No prejudice will be caused to Plaintiff because the facts and legal questions at issue in the counterclaim mirror those in the complaint and, thus, the motion to dismiss is due to be denied as it relates to Defendant's fifth counterclaim.

Defendant's sixth, and final, counterclaim alleges that Defendants engaged in a civil conspiracy. Under Florida law, the following elements are required to establish such a claim:

> (a) a conspiracy between two or more parties; (b) to do an unlawful act or to do a lawful act by unlawful means; (c) the doing of some overt act in

> pursuance of the conspiracy; and (d) damage to plaintiff as a result of the acts done under the conspiracy.

Additionally, an actionable conspiracy requires an actionable underlying tort or wrong. See Raimi v. Furlong, 702 So. 2d 1273, 1284 (Fla. Dist. Ct. App. 1997). Plaintiffs maintain that Defendant fails to plead any of these required elements. However, paragraphs 49 through 53 of the amended counterclaims ("Count VI - Civil Conspiracy") set out the elements of a civil conspiracy claim and paragraphs 4 through 21 ("Facts Common to All Counterclaims") allege adequate facts to support these elements. (See Dkt. 16.) Although Plaintiffs argue that Defendant fails to plead any underlying tort or wrong, the Court finds that at this juncture of the proceedings Defendant sufficiently alleges an alternative basis for the civil conspiracy claim, namely, a peculiar power of coercion possessed by Plaintiffs virtue of their combination, which an individual acting alone would not possess. See Walters v. Blankenship, 931 So. 2d 137, 140 (Fla. Dist. Ct. App. 2006). Therefore, the motion to dismiss is due to be denied as it relates to Defendant's sixth counterclaim.

**ACCORDINGLY**, it is **ORDERED AND ADJUDGED**:

Plaintiffs' motion to dismiss amended counterclaims (dkt. 20) is granted to the extent that Defendant's third counterclaim ("Count III - Copyright Misuse") is dismissed. The motion (dkt. 20) is denied in all other respects. Plaintiffs shall file an answer to amended counterclaims 1, 2, 4, 5, and 6 within ten (10) days from the date of this Order.

**DONE AND ORDERED** at Tampa, Florida, on September 19, 2007.

        s/*Richard A. Lazzara*
        **RICHARD A. LAZZARA**
        **UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record