IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


TANYA ANDERSEN,                                07-CV-934-BR

        Plaintiff,
                                               ORDER
v.

ATLANTIC RECORDING
CORPORATION, a Delaware
corporation; PRIORITY RECORDS
LLC, a California limited
liability company; CAPITOL
RECORDS, INC., a Delaware
corporation; UMG RECORDINGS,
INC., a Delaware corporation;
BMG MUSIC, a New York general
partnership; RECORDING
INDUSTRY ASSOCIATION OF
AMERICA; SAFENET, INC. f/k/a
MEDIA SENTRY, INC, a Delaware
corporation; and SETTLEMENT
SUPPORT CENTER, LLC, a
Washington limited liability
company,

        Defendants.


1 - ORDER

**LORY RAY LYBECK**
**BENJAMIN R. JUSTUS**
Lybeck Murphy, LLP
7525 SE 24th Street
Suite 500
Mercer Island, WA 98040-2336
(206) 230-4255

**COREY D. MCGAHA**
**JAMES C. WYLY**
**LEISA B PEARLMAN**
**RICHARD A. ADAMS**
**SHIVALI SHARMA**
Patton, Roberts, McWilliams, & Capshaw, LLP
Century Bank Plaza
Suite 400
2900 St. Michael Drive
Texarkana, TX 75503
903.334.7000

		Attorneys for Plaintiff

**KENNETH R. DAVIS, II**
**WILLIAM T. PATTON**
Lane Powell P.C.
601 S.W. Second Avenue
Suite 2100
Portland, OR 97204-3158
(503) 778-2121

**AMY BAUER**
**RICHARD L GABRIEL**
**TIMOTHY M. REYNOLDS**
Holme Robert & Owen, LLP
1700 Lincoln Street
Suite 4100
Denver, CO 80203
(303) 866-0417

		Attorneys for Defendants


**BROWN, Judge.**

	On September 12, 2007, Defendants Atlantic Recording

Corporation; BMG Music; Capitol Records, Inc.; Priority Records,

2 - ORDER

LLC; Recording Industry Association of America; Settlement Support Center, LLC; and UMG Recordings, Inc., filed a Motion to Dismiss (#13) Plaintiff Tanya Andersen's First Amended Complaint.  On October 22, 2007, Defendant Safenet, Inc., also filed a Motion to Dismiss (#32) Andersen's First Amended Complaint.  On February 13, 2008, the Court heard oral argument on Defendants' Motions.

Defendants move the Court to dismiss all of Andersen's claims in this action on the ground that they are compulsory counterclaims that should have been asserted in *Atlantic Recording v. Andersen*, No. 05-CV-933-AS (*Andersen I*).  The Court disagrees.  After reviewing the cases that Defendants cite to support their compulsory-counterclaim argument, the Court concludes those cases are distinguishable from the unique circumstances here.  In particular, other judges of the Court expressly allowed Andersen to voluntarily dismiss her Counterclaims in *Andersen I* and specifically gave Andersen permission to bring those claims in this action, which already was pending at the time of the Court's decision in *Andersen I*. The Court, in the exercise of its discretion, viewed this action as a management tool that significantly favored judicial economy. At this stage, after Andersen has acted in reliance on Court orders in Andersen I, this Court concludes it would be patently unfair to revisit those orders in this case.  On this record,

3 - ORDER

therefore, the Court declines to grant Defendants' Motions to Dismiss Andersen's claims on the ground that they should have been raised in *Andersen I*.

Defendants also move the Court to dismiss Andersen's claim for intentional infliction of emotional distress (IIED) because, according to Defendants, Andersen has not met the requirement to plead and to prove a special relationship between her and Defendants as an element of her IIED claim. Defendants rely on *Delaney v. Clifton*, 180 Or. App. 119 (2002), to support their contention. In *Delaney,* the court noted "the lack of such a [special] relationship generally defeats a conclusion that the conduct is actionable through an IIED claim." The court, however, did not require a plaintiff to plead or to prove a special relationship, but merely designated the existence of a special relationship as a factor that "bear[s] upon the offensiveness of the conduct." *Id*. at 130. Thus, *Delaney* does not hold the pleading of a special relationship is mandatory, and, therefore, the Court declines to dismiss Andersen's IIED claim for failure to do so.

As to Defendants' Motions against Andersen's other claims and the inadequacies of her First Amended Complaint generally, the Court provided the parties with a specific and detailed analysis of each claim and its deficiencies at oral argument as reflected on the record.

4 - ORDER

In summary, based on the record as developed at the hearing, the Court **GRANTS** Defendants' Motions to Dismiss (#13, #32) on the ground that Andersen has not adequately stated claims for relief. The Court, however, grants Andersen leave to amend her First Amended Complaint no later than March 14, 2008.

The Court also advises Andersen that her Second Amended Complaint must satisfy Federal Rule of Civil Procedure 8 with respect to each claim.  In addition, the caption of each of Andersen's claims must specify the authority for the claim; for example, "Negligence (under Oregon law)."  Andersen must also allege each of her claims separately with its own statement of the elements of the claim and specify the Defendant(s) against whom she asserts the claim.

Andersen also must satisfy the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) if she reasserts claims for fraud and for violation of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961, *et seq*.  To the extent Andersen reasserts a RICO claim, the Court advises Andersen that she must replead the elements of this claim consistent with *Sosa v. DIRECTV, Inc.*, 437 F.3d 923 (9th Cir. 2006).  With respect to the predicate acts required to state a claim under RICO, the Ninth Circuit held in *Sosa* that it "does not believe the Hobbs Act imposes liability for threats of litigation where the asserted claims do not rise to the level of

5 - ORDER

a sham." *Id*. at 939. The Ninth Circuit reached a similar conclusion with respect to predicate acts of mail and wire fraud. *Id*. at 940.

Finally, the Court advises the parties that it will not permit any more motions to dismiss to be filed in this matter for the reasons set forth on the record. Further dispositive motions shall proceed under Rule 56 pursuant to a case-management plan to be developed in consultation with the parties.

## CONCLUSION

For these reasons, the Court **GRANTS** Defendants' Motions to Dismiss (#13, #32) on the ground that Andersen has not adequately stated claims for relief. The Court, however, grants Andersen leave to amend her First Amended Complaint no later than March 14, 2008, to cure the deficiencies as set forth at the hearing.

IT IS SO ORDERED.

DATED this 19th day of February, 2008.

/s/ Anna J. Brown

ANNA J. BROWN
United States District Judge

6 - ORDER