IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

TANYA ANDERSEN,                              07-CV-934-BR

       Plaintiff,                       OPINION AND ORDER

v.

ATLANTIC RECORDING
CORPORATION, a Delaware
corporation; PRIORITY RECORDS
LLC, a California limited
liability company; CAPITOL
RECORDS, INC., a Delaware
corporation; UMG RECORDINGS,
INC., a Delaware corporation;
BMG MUSIC, a New York general
partnership; RECORDING
INDUSTRY ASSOCIATION OF
AMERICA; SAFENET, INC. f/k/a
MEDIASENTRY, INC., a Delaware
corporation; and SETTLEMENT
SUPPORT CENTER, LLC, a
Washington limited liability
company,

       Defendants.

1 - OPINION AND ORDER

**LORY RAY LYBECK**
**BENJAMIN R. JUSTUS**
Lybeck Murphy, LLP
7525 S.E. 24th Street, Suite 500
Mercer Island, WA 98040-2336
(206) 230-4255

**COREY D. MCGAHA**
**JAMES C. WYLY**
**LEISA B PEARLMAN**
**RICHARD A. ADAMS**
**SHIVALI SHARMA**
**REID D. MILLER**
Patton, Roberts, McWilliams, & Capshaw, LLP
Century Bank Plaza, Suite 400
2900 St. Michael Drive
Texarkana, TX 75503
(903) 334-7000

   Attorneys for Plaintiff

**KENNETH R. DAVIS, II**
**WILLIAM T. PATTON**
**PARNA A. MEHRBANI**
Lane Powell P.C.
601 S.W. Second Avenue, Suite 2100
Portland, OR 97204-3158
(503) 778-2121

**AMY BAUER**
**LINNEA BROWN**
**TIMOTHY M. REYNOLDS**
Holme Robert & Owen, LLP
1700 Lincoln Street, Suite 4100
Denver, CO 80203
(303) 866-0417

   Attorneys for Defendants


**BROWN, Judge.**

  This matter comes before the Court to resolve issues raised in the parties Joint Status Report (#174).

2 - OPINION AND ORDER

**BACKGROUND**

On November 12, 2009, the Court issued an Opinion and Order in which it granted Defendants' Motion for Summary Judgment (#127) "with respect to all aspects of Plaintiff's claims that arise from Defendants' initiation of civil proceedings against Plaintiff." Subsequently, the parties filed a Joint Status Report in which they disagree as to what issues remain to be resolved based on the current pleadings in this matter.

**DISCUSSION**

After a review of the parties' Joint Status Report; the Court's Opinion and Order issued November 12, 2009; Plaintiff's Motion for Class Certification; and Plaintiff's Fourth Amended Complaint, the Court concludes as follows:

1. In its November 12, 2009, Opinion and Order, the Court concluded Plaintiff's claims were barred by the *Noerr-Pennington* Doctrine up to June 24, 2005, when Atlantic Recording Corporation; Priority Records LLC; Capitol Records, Inc.; UMG Recordings, Inc.; and BMG Music (Record Companies) brought an action against Plaintiff for copyright infringement in this Court (05-CV-933-AS)(*Andersen I*).

    Accordingly, Plaintiff's claims in this matter (*Andersen II*) for civil conspiracy, abuse of legal

3 - OPINION AND ORDER

     process, and negligence survive only to the extent that they are based on Defendants' actions that allegedly took place after June 24, 2005.

2. The Court's conclusion in its November 12, 2009, Opinion and Order that Defendants had probable cause to bring *Andersen I* requires dismissal of Plaintiff's claim for wrongful initiation of civil process because, as the Court noted, that claim can only survive if Plaintiff can establish that Defendants lacked probable cause to prosecute the action.

    Accordingly, the Court **DISMISSES with prejudice** Plaintiff's claim for wrongful initiation of civil process.

3. The Court's finding in its November 12, 2009, Opinion and Order that MediaSentry's evidence-gathering methods were legally proper and gave rise to probable cause in this matter requires dismissal of Plaintiff's claims for injunctive and/or declaratory relief prohibiting the Record Companies from using MediaSentry-gathered IP addresses as the basis for any legal action.

    Accordingly, the Court **DISMISSES** these claims **with prejudice.**

4. In its November 12, 2009, Opinion and Order, the Court indicates dismissal of MediaSentry and Settlement

Support Center from this action may be appropriate because their involvement appears to have ended prior to initiation of *Andersen I*; specifically, the record reflects MediaSentry's involvement ended when it produced evidence of IP address 4.41.209.23 and evidence that the IP address had been used to illegally download sound recordings to the record companies, which was done before *Andersen I*. The record also reflects Settlement Support Center's involvement also ended before *Andersen I*. Although Plaintiff asserts in her portion of the Joint Status Report that MediaSentry and Settlement Support Center should remain in this action because of Plaintiff's conspiracy claim, the Court notes Plaintiff does not make allegations in her Fourth Amended Complaint to support her assertions.

Because there is not anything in Plaintiff's Fourth Amended Complaint or the record on summary judgment that suggests the underlying conduct of these Defendants continued beyond the time the Record Companies filed *Andersen I*, the Court believes it is appropriate at this stage to enter a judgment of dismissal as to these Defendants on the existing summary-judgment record unless Plaintiff can show cause why the existing record should be construed otherwise.

      Accordingly, the Court **DIRECTS** Plaintiff to show cause **by January 22, 2010,** in writing limited to ten (10) pages as to why the Court should not dismiss her claims against MediaSentry and/or Settlement Support Center based on the record currently before the Court. Defendants shall file a response limited to ten (10) pages by **February 5, 2010.** Plaintiff may not file a reply. The Court then will resolve this issue on the record.

5. Plaintiff's Motion (#120) for Class Certification is based substantially on alleged conduct by Defendants that the Court has concluded as a matter of law is not actionable. The Court, therefore, **DENIES** Plaintiff's Motion (#120) for Class Certification in its current form.

      If Plaintiff wishes leave to file another class-certification motion based only on the existing record, Plaintiff may file a motion in writing limited to ten (10) pages by **January 22, 2010**, requesting leave to do so and setting forth the specific basis for the motion. Defendants shall file a response limited to ten (10) pages by **February 5, 2010.** Plaintiff may not file a reply. The Court then will resolve this issue on the record.

6 - OPINION AND ORDER

6.  To the extent Plaintiff seeks leave to file a Fifth Amended Complaint "to include an additional class representative," the Court **DENIES** Plaintiff's request. The Court notes these parties have been litigating these issues for over four years in two separate actions. Plaintiff has filed five Complaints in the current action, and the Court has expended significant resources addressing the parties' issues relating to each of Plaintiff's Complaints. If the Court were to allow Plaintiff to file a Fifth Amended Complaint to add an additional class representative, the parties would likely litigate as to the suitability of the new representative. In the exercise of its discretion pursuant to Federal Rule of Civil Procedure 15, the Court declines to expand the parties and claims in this matter at this stage of these proceedings.

    Accordingly, the Court **DENIES** any request by Plaintiff to file a Fifth Amended Complaint to include an additional class representative.

7.  To the extent Defendants seek to file another motion for summary judgment as to the remaining claims in this matter, Defendants may file a motion in writing limited to ten (10) pages by **January 22, 2010**, requesting leave to do so and including the specific bases on which they

7 - OPINION AND ORDER

      seek to move for summary judgment.  Plaintiff shall file a response as to whether Defendants should be permitted to file such a motion limited to ten (10) pages by **February 5, 2010.**  Defendants may not reply.  The Court will resolve this issue on the record.

IT IS SO ORDERED.

DATED this 5th day of January, 2010.

                                      /s/ Anna J. Brown

                                      ANNA J. BROWN
                                      United States District