DEBEVOISE & PLIMPTON LLP
FILED'10 SEP 10 10:16USDC-ORP

919 Third Avenue
New York, NY 10022
Tel  212 909 6000
www.debevoise.com

Jeffrey S. Jacobson
Partner
Tel  212 909 6479
Fax  212 521 7479
jsjacobson@debevoise.com

August 30, 2010

BY ELECTRONIC MAIL

The Honorable Anna J. Brown
United States District Court
 for the District of Oregon
1000 SW Third Avenue
Portland, Oregon 97204

*Andersen v. Atlantic Recording Corp.*, No. 3:07-CV-934-BR

Dear Judge Brown:

The parties have just completed briefing the defendant Record Companies' motion for summary judgment on Ms. Andersen's negligence claim. By virtue of that briefing, the Record Companies believe they can demonstrate that there are no disputed issues of material fact regarding Ms. Andersen's only other remaining claim, for abuse of process. As the Court recognized in its order dated May 4, 2010 (Docket No. 192), at 25, now that the Court has dismissed Ms. Andersen's claims respecting the Record Companies' *initiation* of their suit against her, her remaining abuse of process claim is premised on a single factual contention: That the Record Companies unreasonably ignored evidence that Chad Alstad, a resident of Washington, was responsible for the infringement that led to the underlying lawsuit. If the Record Companies unreasonably ignored Mr. Alstad as a suspect, she argues, it was "abusive" for them to take five depositions over two days to determine whether, as Verizon Online's identification suggested was probable, Ms. Andersen's computer and internet connection had been used for infringement.

In its May 4 Order, the Court accepted Ms. Andersen's assertion that she had adduced actual facts to support her claims of deliberate ignorance and improper motive, and therefore held the matter to be unripe for summary judgment resolution. At no point prior to now, however, has Ms. Andersen identified the evidence in the record on which she would rely at trial to attempt to prove this contention.

In briefing completed today on the negligence issue, both sides addressed the reasonableness of the Record Companies' actions during the case, including Mr. Alstad's potential culpability. The Record Companies established that they spoke to Mr. Alstad, but had no basis to proceed against him after he denied being responsible for the infringements at issue, while Verizon stood by its identification of Ms. Andersen. The Record Companies set forth the record evidence establishing this in Item #17 of their

Statement of Undisputed Facts, and Ms. Andersen's response to that item demonstrated that she has adduced no evidence giving rise to a genuine dispute as to whether the Record Companies contacted Mr. Alstad or had any improper motive in taking limited discovery related to their infringement claims against her.

Accordingly, the Record Companies respectfully request that the Court grant them relief from its May 4, 2009 Order, and permit them leave to seek summary judgment on Ms. Andersen's claim for abuse of process.[1] The Record Companies can establish, in a succinct fashion, that no genuine dispute remains with respect to this claim. It therefore makes sense, as a matter of judicial economy, to resolve this claim by motion. The Record Companies stand ready to submit this motion on any schedule the Court may direct, and would have no objection to the Court's reviewing the motion in full before deciding whether and when Ms. Andersen must respond to it. If the Court believes that a conference would aid its consideration of this request, the Record Companies would be happy to discuss this request with the Court in a telephonic or in-person hearing at the Court's convenience.

Respectfully submitted,

Jeffrey S. Jacobson

cc:  All counsel of record

---

[1] Rule 16(b)(4) states that "A schedule may be modified only for good cause and with the judge's consent." See *Young v. Danielson*, 229 Fed. Appx. 550, 551 (9th Cir 2007) ("the district court did not abuse its discretion by modifying the pre-trial scheduling order to permit defendants to file a motion for summary judgment, because the request to modify the schedule was made following defendants' counsel's surgery and review of Young's pretrial statement, and the court noted that modification was in the interest of judicial economy.") To the extent the Court believes this request should properly be styled as a request for reconsideration, Rule 60(b)(2) and 60(b)(6) permit reconsideration of orders on the basis of newly-discovered information and in the interests of justice, respectively, both of which apply here.